

IRELL & MANELLA LLP
Alexander F. Wiles (CA 73596) awiles@irell.com
Brian Hennigan (CA 86955) bheningan@irell.com
Stephanie Kaufman (CA 162644) skaufman@irell.com
Trevor V. Stockinger (CA 226359) tstockinger@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:    (310) 277-1010
Facsimile:    (310) 203-7199

ARNOLD & PORTER LLP
Kenneth A. Letzler (Pro Hac Vice) Kenneth_Letzler@aporter.com
555 Twelfth Street, NW
Washington, DC  20004-1206
Telephone:    (202) 942-5000
Facsimile:    (202) 942-5999

Attorneys for Plaintiff
GlaxoSmithKline

WINSTON & STRAWN LLP
James F. Hurst (Admitted Pro Hac Vice) jhurst@winston.com
David J. Doyle (Admitted Pro Hac Vice) ddoyle@winston.com
Samuel S. Park (Admitted Pro Hac Vice) spark@winston.com
Nicole M. Norris (CA 222785) nnorris@winston.com
101 California Street, Suite 3900
San Francisco, California 94111-5894
Telephone:    (415) 591-1000
Facsimile:    (415) 591-1400

Attorneys for Defendant
Abbott Laboratories

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

SMITHKLINE BEECHAM CORPORATION, )
d/b/a GLAXOSMITHKLINE,                         )
                                                                )    Case No. C 07-5702 CW
                    Plaintiff,                                )
                                                                )    **STIPULATED PROTECTIVE ORDER**
         vs.                                                  )
                                                                )
ABBOTT LABORATORIES,                       )
                                                                )
                    Defendant.                            )
_____)

1.    **PURPOSES**

WHEREAS, disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted;

WHEREAS, such confidential information must be protected in order to preserve the legitimate business or privacy interests of the parties or other persons;

WHEREAS, the parties, through counsel, have stipulated to the entry of this Protective Order for the purpose of advancing the progress of this case and to prevent unnecessary dissemination or disclosure of such confidential information;

WHEREAS, the parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection that it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential;

WHEREAS, the parties have established good cause for entry of this Order;

IT IS HEREBY ORDERED that:

2.    **DEFINITIONS**

2.1    This Stipulation and Order do not extend to documents and/or information voluntarily provided by third parties who were not under the compulsions of a subpoena at the time they provided such documents and/or information.

2.2    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.3    <u>Disclosure or Discovery Material</u>:   all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

//

//

2.4    "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.5    "Highly Confidential – Attorneys' Eyes Only" Information or Items:  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious or competitive injury that could not be avoided by less restrictive means.

2.6    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.7    Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.8    Designating Party:  a Party or non-party that designates as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information or item that it produces in disclosures or in responses to discovery.

2.9    Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.10    Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.11    House Counsel:  attorneys who are employees of a Party.

2.12    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.13    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a  Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

//

2.14   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.  This Stipulation and Order do not extend to documents and/or information voluntarily provided by third parties who were not under the compulsion of a subpoena at the time they provided such documents and/or information.

**4.    DURATION**

The confidentiality obligations imposed by this Order shall remain in effect after the termination of this litigation until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

//

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party, to the extent practicable, affix the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the top or bottom of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party, to the extent practicable, shall identify only the protected portion(s) (e.g.., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential – Attorneys' Eyes Only").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only."  After the inspecting Party has identified the documents it wants copies and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential – Attorneys' Eyes Only") at the top or bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party, to the extent practicable, shall identify only the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential – Attorneys' Eyes Only").

(b)     <u>for testimony given in depositions or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of

the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  When it is impractical to identify separately each portion of the testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("Confidential" or "Highly Confidential – Attorneys' Eyes Only").  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.  Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "Highly Confidential - Attorney's Eyes Only" information.  If no designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or

"Highly Confidential - Attorneys' Eyes Only" after the material was initially produced, the Receiving Party on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1      <u>Timing of Challenges</u>.   Unless a prompt challenge to a Designating Party, confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      <u>Meet and Confer</u>.   A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue) with counsel for the Designating Party.   In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the confidentiality designation.   Unless otherwise agreed to in writing, or the urgency of the case requires a shorter period of time, the Designating Party must respond within fourteen (14) days.   In the absence of a timely written response from the Designating Party addressing each challenge, a Challenging Party shall be deemed to have satisfied its meet and confer obligations.   A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.   The Designating Party has the burden to demonstrate to the Court the appropriateness of the confidentiality designation.

6.3      <u>Judicial Intervention</u>.   A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.   Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets

forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "Confidential" Information or Items</u>.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as their associated attorneys, paralegals, clerical staff, and professional vendors;

(b)    the Receiving Party's House Counsel to whom disclosure is reasonably necessary for this litigation, and who have agreed to be bound by the Protective Order;

(c)    Experts, as defined in this Order, and including their employees and support personnel, to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(d)    the Parties, for the sole purpose of assisting in, or consulting with respect to, the prosecution or defense of this litigation, and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(e)    the Court and its personnel;

(f)    Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have agreed to be bound by the Protective Order;'

(g)    the author or original source of the document or information, and the recipients of the document or information;

(h)    Deponents, trial or hearing witnesses, and their counsel, in preparation for and/or during depositions, trial or pretrial hearings in this Proceeding, provided that counsel for the party intending to disclose Confidential Information has a good-faith and reasonable basis for believing that such Confidential Information is relevant to specific events, transactions, discussion, communications or data about which the deponent or witness is expected to testify, and the deponent or witness has signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

7.3    <u>Disclosure of "Highly Confidential - Attorneys' Eyes Only" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designed "Highly Confidential-Attorneys' Eyes Only" only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as their associated attorneys, paralegals, clerical staff, and professional vendors;

(b)    the Receiving Party's House Counsel to whom disclosure is reasonably necessary for this litigation, and who have agreed to be bound by the Protective Order;

(c)    Experts, as defined in this Order, and including their employees and support personnel, (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(d)    the Court and its personnel;

(e)    Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have agreed to be bound by the Protective Order; and

(f)    the author of the document or original source of the information.

1    7.4    Procedures for Approving Disclosure of "Highly Confidential-Attorneys' Eyes

2 Only" Information or Items to "Experts"

3    (a)    Unless otherwise ordered by the Court or agreed in writing by the Designating

4 Party, a Party that seeks to disclose to an "Expert" (as defined by this Order) any information or

5 item that has been designated "Highly Confidential - Attorneys' Eyes Only" first must make a

6 written request via email or facsimile to the Designating party that identifies the expert and

7 encloses a copy of the Expert's curriculum vitae (which includes at least the full name of the

8 Expert, the city and state of his or her primary residence, the Expert's current or former employers

9 during the preceding five years, and any litigation in connection with which the Expert has

10 provided any professional services during the preceding five years).

11    (b)    A Party that makes a request and provides the information specified in the

12 preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

13 within five court days of delivering the request, the Party receives a written objection from the

14 Designating Party.  Any such objection must set forth the grounds on which it is based.

15    (c)    A Party that receives a timely written objection must meet and confer with the

16 Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

17 agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may

18 file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

19 applicable) seeking permission from the Court to do so.  Any such motion must describe the

20 circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert

21 is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any

22 additional means that might be used to reduce the risk.  In addition, any such motion must be

23 accompanied by a competent declaration in which the movant describes the parties' efforts to

24 resolve the matter by agreement (i.e., the extent and the content of the meet and confer

25 discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve

26 the disclosure.

27 //

28 //

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards provided) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential-Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party, in writing (by email or facsimile, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

1   this Order, and (d) request such person or persons to execute the "Acknowledgment and
2   Agreement to Be Bound" that is attached hereto as Exhibit A.

3   **10.    FILING PROTECTED MATERIAL**

4   Without written permission from the Designating Party or a Court order secured after
5   appropriate notice to all interested persons, a Party may not file in the public record in this action
6   any Protected Material.  A Party that seeks to file under seal any Protected Material must comply
7   with Civil Local Rule 79-5.

8   **11.    FINAL DISPOSITION**

9   Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days
10  after the final termination of this action, including but not limited to a final judgment entered
11  herein, a settlement, or the date when all appeals are resolved, each Receiving Party must return
12  all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material"
13  includes all copies, abstracts, compilations, summaries or any other form of reproducing or
14  capturing any of the Protected Material.  With permission in writing from the Designating Party,
15  the Receiving Party may destroy some or all of the Protected Material instead of returning it.
16  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a
17  written certification to the Producing Party (and, if not the same person or entity, to the
18  Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the
19  Protected Material that was returned or destroyed and that affirms that the Receiving Party has not
20  retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing
21  any of the Protected material.

22  Notwithstanding this provision, counsel are entitled to retain an archival copy of all
23  pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product,
24  even if such materials contain Protected Material.  Any such archival copies that contain or
25  constitute Protected Material remain subject to this Protective Order as set forth in Section 4
26  (DURATION), above.

27  //

28  //

**12.    MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives its right or otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

12.3    <u>Trial Procedures</u>.  Counsel shall attempt in good faith to agree upon procedures to protect the confidentiality of Protected Material at any hearing or trial.  Prior to such hearing or trial, counsel shall submit proposed procedures, including any disputes relating thereto, to the Court for its approval or modification.

12.4    <u>Inadvertent Disclosure of Privileged Information</u>.  The inadvertent production of documents or information subject to the attorney-client privilege, work-product immunity, or other privilege (despite the Parties' reasonable efforts to prescreen such documents and information prior to production) shall be without prejudice to any claim that such material is privileged or protected from discovery.  No Party will be held to have waived any rights by such inadvertent production if, before the close of fact discovery, the Producing Party gives prompt notice to the other side that it is asserting a claim of privilege or other objection with respect to such document or other information upon learning of the inadvertent production.

//
//
//
//
//
//
//
//

1      The undersigned counsel of record for the parties hereby stipulate and consent to entry of

2   the foregoing stipulated Protective Order.

3   Dated: December 19, 2007                    IRELL & MANELLA LLP
                                                ARNOLD & PORTER LLP
4

5                                               By: /s/ Alexander F. Wiles
                                                Alexander F. Wiles
6
                                                One of the Attorneys for Plaintiff
7                                               GlaxoSmithKline

8   Dated: December 19, 2007                    WINSTON & STRAWN LLP
                                                101 California Street, Suite 3900
9                                               San Francisco, California 94111-5894

10

11                                              By: /s/ Samuel S. Park
                                                Samuel S. Park
12
                                                One of the Attorneys for Defendant
13                                              Abbott Laboratories

14
    PURSUANT TO STIPULATION, IT IS SO ORDERED.
15

16  Dated: _____                       _____

17                                              Judge Claudia Wilken
                                                United States District Court
18                                              Northern District of California

19
                        **GENERAL ORDER 45 ATTESTATION**
20

21      I, Samuel S. Park, am the ECF User whose ID and password was used to file this

22  Stipulated Protective Order.  In compliance with General Order 45, X.B., I hereby attest that

23  counsel for Plaintiff GlaxoSmithKline concurred in this filing.

24  Dated:   ___December 19, 2007___
                                                By:  _/s/ Samuel S. Park_____
25                                                   Samuel S. Park
                                                     WINSTON & STRAWN LLP
26                                                   Counsel for Defendant

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **EXHIBIT A**

### **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____[name], of _____

_____[company, full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *SMITHKLINE BEECHAM CORPORATION d/b/a/ GLAXOSMITHKLINE v. ABBOTT LABORATORIES*, Case No.: C 07-5702 CW.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subjection to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to subject to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [name] of _____ [address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Printed Name: _____

Date:_____

City and State where sworn and signed:_____

Signature:_____