Nicole M. Norris (SBN 222785)
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA 94111-5894
Telephone:   415-591-1000
Facsimile:   415-591-1400
Email: nnorris@winston.com

James F. Hurst (*Admitted Pro Hac Vice*)
David J. Doyle (*Admitted Pro Hac Vice*)
Samuel S. Park (*Admitted Pro Hac Vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone:   312-558-5600
Facsimile:   312-558-5700
Email: jhurst@winston.com; ddoyle@winston.com; spark@winston.com

Charles B. Klein (*Pro Hac Vice Pending*)
WINSTON & STRAWN
1700 K. Street, N.W.
Washington, D.C., 20006-3817
Telephone:   202-282-5000
Facsimile:   202-282-5100
Email: cklein@winston.com

Attorneys for Defendant
ABBOTT LABORATORIES

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| SMITHKLINE BEECHEM CORPORATION, d/b/a GLAXOSMITHKLINE,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>ABBOTT LABORATORIES,<br><br>　　　　　　　Defendant. | Case No. C 07-5702 CW<br><br>*Related per November 19, 2007 Order to*<br><br>Case No. C-04-1511 CW<br><br>**ABBOTT LABORATORIES' MISCELLANEOUS ADMINISTRATIVE MOTION TO EXHIBIT UNDER SEAL**<br><br>**Date:         March 6, 2008**<br>**Time:        2:00 p.m.**<br>**Courtroom: 2 (4th Floor)**<br>**Judge:       Hon. Claudia Wilken** |

ABBOTT LABORATORIES' MISCELLANEOUS ADMINISTRATIVE MOTION TO
FILE EXHIBIT UNDER SEAL - C-07-5702 CW

## I. NOTICE OF MOTION

TO PLAINTIFFS AND HIS ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN Defendant Abbott Laboratories ("Abbott") will and hereby does move the Court for Miscellaneous Administrative Relief to file Exhibit A to the Declaration of Nicole M. Norris In Support of Abbott's Motion to Dismiss Plaintiff Smith Kline Beechem's d/b/a GlaxoSmithKline ("GSK") Claims Pursuant to Fed. R. Civ. P. 12(b)(6) ("Exhibit A"). In additional, out of an abundance of caution, Abbott also is filing its Motion to Dismiss GSK's Claims Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss") under seal because that motion quotes portions of the Highly Confidential Exhibit A. Abbott does not object to public disclosure of the Motion to Dismiss, but it wants to give GSK an opportunity to raise such an objection.

Abbott's Motion for Miscellaneous Administrative relief is based on this Notice of Motion and Motion, the Declaration of Charles B. Klein filed herewith, and any further material and argument presented to the Court related to Abbott's Motion to Dismiss.

## II. INTRODUCTION

Abbott is a global, broad-based health care company devoted to the discovery, development, manufacture and marketing of pharmaceuticals and medical products, including nutritionals, devices and diagnostics. Abbott licenses its patented AIDS drug, Norvir®, to pharmaceutical companies selling in all 50 states and in many countries around the world.

The market for HIV/AIDS drugs is very competitive. As a result, information regarding Abbott's compensation and royalties paid to Abbott by licensees, including GSK, regarding the Norvir® patent is information that could be beneficial for other competitors to obtain. Accordingly, Abbott seeks to have Exhibit A to the Declaration of Nicole M. Norris protected from public disclosure to preserve the confidentiality of competitively sensitive financial information contained in the License Agreement. In addition, out of an abundance of caution, Abbott also files under seal its Motion to Dismiss, which quotes language from Exhibit A, until such time as GSK can review the language in the Motion to Dismiss and express its views on whether portions of the Motion to Dismiss should remain under seal.

### III. DISCUSSION

The right to inspect and copy judicial records is not absolute. *See Hagestad v. Tragesser*, 49 F. 3d 1430, 1433 (9th Cir. 1995) (*citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* Federal Rules of Civil Procedure 26(c) provides, that for good cause shown, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, undue burden or expense." Specifically, the court has the authority to withhold information from the public so "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7). This is consistent with the requirements of the Trade Secrets Act (18 U.S.C. § 1905).

Further, documents associated with dispositive motions such as Abbott's Motion to Dismiss may be filed under seal if compelling reasons so warrant. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

In this case, Abbott seeks to file under seal Exhibit A as well as Abbott's Motion to Dismiss, which references portions of Exhibit A. Exhibit A is the confidential license agreement between Abbott and GSK relating Abbott's patented AIDS drug Norvir®. Exhibit A, which is subject to a confidentiality provision, contains competitively sensitive financial information related to compensation and royalties paid by GSK to Abbott in return for the right to use, market and promote Norvir® in combination with other products indicated for the treatment of HIV. The availability of such confidential financial information to the public in general as well as Abbott's competitors would be severely damaging because competitors would gain an window into the amount of compensation Abbott is willing to accept for a license concerning Norvir®. Thus, the contents are considered highly confidential and proprietary to Abbott and should be protected from disclosure under the Federal Rule of Civil Procedure 26(c)(7) and Civil Local Rule 79-5.

After contacting counsel for GSK regarding the confidentiality of Exhibit A, GSK agrees that filing Exhibit A under seal is appropriate. Once GSK has the opportunity to review Abbott's Motion to Dismiss, GSK can make its own determination as to whether portions of that

WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894

motion should remain under seal. Abbott does not argue that any portion of the Motion to Dismiss should be filed under seal, but that motion is being filed under seal out of an abundance of caution to give GSK an opportunity to express any objections it may have to filing that motion in the public domain.

**IV. CONCLUSION**

To protect the confidential pricing strategies and other sensitive competitive information contained in Exhibit A, Abbott respectfully requests this Court grant Abbott's request to place under seal Exhibit A to the Declaration of Nicole M. Norris in support of Abbott's Motion to Dismiss.

Dated: January 24, 2008                    WINSTON & STRAWN LLP

                                           By:    /s/ Nicole M. Norris
                                                  Nicole M. Norris
                                                  Attorneys for Defendant
                                                  ABBOTT LABORATORIES