# EXHIBIT A

<S>

PAGES 1 - 58

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE CLAUDIA WILKEN, JUDGE

**CERTIFIED COPY**

| | |
|---|---|
| IN RE ABBOTT LABORATORIES NORVIR ANTITRUST LITITGATION LITIGATION, | C-04-1511 CW |
| | TUESDAY, DECEMBER 11, 2007 |
| SAFEWAY, PLAINTIFF, | OAKLAND, CALIFORNIA |
| VS. | |
| ABBOTT LABORATORIES, DEFENDANT. | C-07-5470 CW |
| SMITHKLINE BEECHMAN, PLAINTIFF, | |
| VS. | C-07-5702 CW |
| ABBOTT LABORATORIES, DEFENDANT. | |
| MEIJER, INCORPORATED, PLAINTIFF, | |
| VS. | C-07-5985 CW |
| ABBOTT LABORATORIES, DEFENDANT. | |

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

(CAPTION AND APPEARANCES CONTINUED ON NEXT PAGE)

REPORTED BY:        DIANE E. SKILLMAN, CSR #4909, RPR, FCRR
                    OFFICIAL COURT REPORTER

DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930
</S>

```
ROCHESTER DRUG,              )
CO-OPERATIVE,                )
                             )
                             )
          PLAINTIFF,         )
                             )
  VS.                        )    C-07-6010 CW
                             )
ABBOTT LABORATORIES,         )
                             )
          DEFENDANT.         )
                             )
_____)
                             )
RITE-AID CORPORATION,        )
                             )
          PLAINTIFF,         )
                             )
                             )
  VS.                        )    C-07-6120 CW
                             )
ABBOTT LABORATORIES,         )
                             )
          DEFENDANT.         )
                             )
_____)
                             )
LOUISIANNA WHOLESALE         )
DRUG COMPANY,                )
                             )
          PLAINTIFF,         )
                             )
                             )
  VS.                        )    C-07-6118 CW
                             )
ABBOTT LABORATORIES,         )
                             )
          DEFENDANT.         )
                             )
_____)
```

**APPEARANCES:**

FOR DOE & SEIU           BERMAN, DEVALERIO, PEASE,
PLAINTIFFS:              TABACCO, BURT & PUCILLO
                         425 CALIFORNIA STREET, STE. 2025
                         SAN FRANCISCO, CALIFORNIA 94104
                    BY:  JOSEPH J. TABACCO, ESQUIRE
                         JAMES C. MAGID, ESQUIRE

```
 1                              LABATON SUCHAROW
                                140 BROADWAY
 2                              NEW YORK, NEW YORK 10005
                         BY:    HOLLIS L. SALZMAN, ESQUIRE
 3

 4                              LAW OFFICE OF RICHARD R. WIEBE
                                425 CALIFORNIA STREET, SUITE 2025
 5                              SAN FRANCISCO, CALIFORNIA 94104
                         BY:    RICHARD R. WIEBE, ESQUIRE
 6

 7     FOR PLAINTIFF             KENNY NACHWALTER
       SAFEWAY:                  1100 MIAMI CENTER,
 8                               201 S. BISCAYNE BLVD.
                                 MIAMI, FLORIDA 33131
 9                       BY:     SCOTT E. PERWIN, ESQUIRE

10

       FOR PLAINTIFF             IRELL & MANELLA
11     SMITHKLINE BEECHMAN:      1800 AVENUE OF THE STARS, STE. 900
                                 LOS ANGELES, CALIFORNIA 90067
12                       BY:     ALEXANDER F. WILES, ESQUIRE

13                               ARNOLD & PORTER
                                 555 TWELFTH STREET, NW
14                               WASHINGTON, DC 20004
                         BY:     KENNETH A. LETZLER, ESQUIRE
15

16                               GLAXOSMITHKLINE
                                 FIVE MOORE DRIVE
17                               BIDE C4156.4B
                                 RESEARCH TRIANGLE PARK
18                               NORTH CAROLINA 27709
                         BY:     TIMOTHY A. THELEN
19                               ASSISTANT GENERAL COUNSEL

20
       FOR PLAINTIFF             KAPLAN FOX
21     MEIJER:                   850 THIRD AVENUE
                                 NEW YORK, NEW YORK 10022
22                       BY:     LINDA N. NUSSBAUM, ESQUIRE

23

24

25
```

```
 1   FOR ROCHESTER DRUG        LIEFF, CABRASER, HEIMANN &
     CO-OPERATIVE, INC.:       BERNSTEIN
 2                             275 BATTERY STREET, 30TH FL.
                               SAN FRANCISCO, CA  94111
 3                         BY: JOSEPH R. SAVERI, ESQUIRE

 4                             BERGER & MONTAGUE
                               1622 LOCUST STREET
 5                             PHILADELPHIA, PENNSYLVANIA 19103
                           BY: ERIC L. CRAMER, ESQUIRE
 6

 7   FOR PLAINTIFF             HANGLEY, ARONCHICK, SEGAL & PUDLIN
     RITE-AID:                 30 NORTH THIRD STREET, STE. 700
 8                             HARRISBURG, PENNSYLVANIA 17101
                           BY: MONICA L. REBUCK, ESQUIRE
 9

10   FOR PLAINTIFF             SPIEGEL LIAO & KAGAY
     LOUISIANA                 388 MARKET STREET, STE. 900
11   WHOLESALE DRUG:           SAN FRANCISCO, CALIFORNIA 94111
                           BY: WAYNE M. LIAO, ESQUIRE
12

13                             GARWIN GERSTEIN & FISHER
                               1501 BROADWAY
14                             NEW YORK, NEW YORK 10036
                           BY: NOAH H. SILVERMAN, ESQUIRE
15

16                             AUBERTINE DRAPER ROSE
                               1211 SW 6TH AVENUE
17                             PORTLAND, OREGON 97204
                           BY: ANDREW E. AUBERTINE, ESQUIRE
18

19   FOR SAFEWAY               DILLINGHAM & MURPHY
     AND RITE-AID:             225 BUSH STREET
20   (LOCAL COUNSEL)           SAN FRANCISCO, CALIFORNIA 94104
                           BY: WILLIAM F. MURPHY, ESQUIRE
21                             BARBARA HARRIS-CHIANG, ESQUIRE

22
     FOR DEFENDANT             WINSTON & STRAWN
23   ABBOTT LABORATORY:        101 CALIFORNIA STREET
                               SAN FRANCISCO, CALIFORNIA 94111
24                         BY: JAMES F. HURST, ESQUIRE
                               NICOLE M. NORRIS, ESQUIRE
25
```

```
 1  CATEGORY.
 2          THE COURT:  YOU ARE NOT TRYING TO BE A CLASS OF
 3  ANYBODY?
 4          MR. WILES:  CORRECT.  I COULD GIVE IT SOME THOUGHT,
 5  BUT --
 6          THE COURT:  CAN'T FIND ANYONE TO BE IN A CLASS WITH?
 7          IS THAT EVERYBODY?
 8          MS. SALZMAN:  YES, YOUR HONOR.
 9          THE COURT:  WHAT ALL DO YOU KNOW ABOUT WHETHER
10  ANYBODY ELSE IS GOING TO BE COMING FORWARD?
11          WE ALREADY HAVE -- DID WE GET THE TWO NEWEST ONES TO
12  COME IN?
13          THE CLERK:  YES.
14          THE COURT:  SO EVERYONE WE HAVE SO FAR IS HERE.
15          WHAT DO YOU ALL KNOW THROUGH THE GRAPEVINE OR ANY
16  OTHER SOURCE AS TO HOW MANY MORE OF THESE CASES ARE COMING DOWN
17  THE PIKE IF ANY?
18          MR. PERWIN:  WE DON'T EXPECT ANY MORE, YOUR HONOR.
19          MS. SALZMAN:  I CONCUR WITH THAT.
20          THE COURT:  BUT YOU DON'T KNOW.  ANYBODY COULD COME
21  FORWARD AT ANY MOMENT THAT HASN'T BEEN IN TOUCH WITH YOU.  SO
22  YOU ARE SAYING NO ONE HAS BEEN IN TOUCH WITH YOU AT LEAST.
23          WHAT ABOUT YOU, DO YOU KNOW ABOUT ANYBODY?
24          MR. HURST:  NO, WE DON'T EXPECT ANYBODY BECAUSE THE
25  FOUR-YEAR STATUTE OF LIMITATIONS IN THE SHERMAN ACT WOULD HAVE
```

```
 1   EXPIRED ON DECEMBER 4TH.
 2           THE COURT:   OH, THAT'S WHY EVERYBODY --
 3           MR. HURST:   THAT'S WHY EVERYONE IS RUSHING IN.
 4           THE COURT:   CAME IN AT THAT MOMENT.  I WONDERED.
 5           MR. HURST:   THAT'S RIGHT.
 6           THE COURT:   DIDN'T HAVE ANYTHING TO DO WITH THE
 7   CASCADE HEALTH CASE.
 8           MR. HURST:   I DON'T IMAGINE THAT PROMPTED ANYBODY TO
 9   FILE A LAWSUIT, YOUR HONOR.
10           THE COURT:   THAT CAME BEFORE THE STATUTE STARTED TO
11   RUN.
12           MR. HURST:   THAT CAME DOWN IN SEPTEMBER.
13           THE COURT:   OKAY.
14           I DON'T KNOW WHAT TO DO WITH YOU ALL.  I DON'T WANT
15   TO TRY ANYTHING TWICE THAT I DON'T HAVE TO, BUT ON THE OTHER
16   HAND I DON'T WANT TO PENALIZE PEOPLE WHO HAVE BEEN STRUGGLING
17   ALONG FOR YEARS AND THEN DELAY THEM WHILE WAITING FOR OTHER
18   PEOPLE.
19           SO I AM OPEN TO SUGGESTIONS AS TO HOW WE COULD MOST
20   EFFICIENTLY DEAL WITH THIS WITHOUT DOING ANY TRIALS TWICE
21   CONSIDERING ISSUES OF COLLATERAL ESTOPPEL, RES JUDICATA,
22   BIFURCATION, TRYING CERTAIN THINGS, BUT NOT OTHERS.  THERE'S AN
23   INHERENT PROBLEM WITH THE DIRECTS VERSUS THE INDIRECTS ANYWAY I
24   SUPPOSE, BUT ONLY AS TO DAMAGES NOT AS TO LIABILITY.
25           SO LET ME START WITH THE DOE PEOPLE.  IF YOU CAN
```

1  TELL ME WHAT IDEAS YOU MIGHT HAVE TO AVOID ME HAVING TO TRY
2  THIS TWICE.
3           **MR. TABACCO:**  BY WAY OF BACKGROUND, YOUR HONOR, AS
4  YOU KNOW, THIS CASE BEGAN IN '04, AND OUR FIRM HAS BEEN
5  REPRESENTING THE END USERS AND MS. SALZMAN'S FIRM HAS BEEN
6  REPRESENTING THE THIRD PARTY PAYERS.  YOUR HONOR HAS CERTIFIED
7  THE CASE TO PROCEED AS A CLASS ACTION.  IN FACT, WE HAVE A
8  MOTION FOR APPROVAL OF THE NOTICE PLAN ON THE CALENDAR, I
9  BELIEVE, IN A FEW WEEKS.
10          **MS. SALZMAN:**  THAT'S SET FOR JANUARY 10TH, YOUR
11 HONOR.
12          **THE COURT:**  IS THAT DISPUTED?
13          **MR. HURST:**  WE ARE STILL EVALUATING, YOUR HONOR.  I
14 THINK WE'RE SUPPOSED TO RESPOND ON DECEMBER 20TH.
15          **THE COURT:**  OKAY.  I WOULDN'T THINK THAT WOULD BE
16 DISPUTED IN A BIG WAY.  IF IT WAS, I WOULD THINK YOU CAN WORK
17 SOMETHING OUT.  IF YOU COULDN'T, I WOULD PROBABLY DECIDE IT ON
18 THE PAPERS.
19          **MS. SALZMAN:**  YOUR HONOR, WE HAD GIVEN THE
20 DEFENDANTS THE NOTICE PAPERS BUT AT THE TIME THE EXPERT
21 DISCOVERY WAS UNDERWAY AND I THINK THEY WERE UNABLE TO REALLY
22 TAKE A CLOSE LOOK, SO AS YOU CAN SEE IN OUR MOTION PAPERS, IT
23 SAYS THAT THEY JUST RESERVE THE RIGHT TO FURTHER COMMENT.
24          WE HAVEN'T DISCUSSED IT, SO THERE MAY BE NO PROBLEM.
25          **MR. HURST:**  THERE IS A REASONABLE CHANCE WE WON'T

1       THE COURT: YES.

2       MR. PERWIN: AND I RESPECTFULLY DISAGREE, YOUR

3  HONOR. I THINK THE SCHEDULE --

4       THE COURT: ALL RIGHT. WHAT ABOUT YOU?

5       MS. REBUCK: MONICA REBUCK ON BEHALF OF THE RITE-AID

6  PLAINTIFFS.

7       WE AGREE WITH MR. PERWIN THAT WE SHOULD BE GIVEN AN

8  OPPORTUNITY --

9       THE COURT: WHICH ONE IS PERWIN NOW?

10      MS. REBUCK: THE SAFEWAY PLAINTIFFS.

11      THAT WE SHOULD BE GIVEN AN OPPORTUNITY TO GET

12  OURSELVES IN THE POSITION TO TRY IT IN JUNE.

13      THE COURT: OKAY. WHAT ABOUT YOU?

14      MR. WILES: YOUR HONOR, IN RESPONSE TO YOUR REQUEST,

15  WHAT WE DID FOR GSK WAS TRY TO SEE IF WE COULD COME UP WITH A

16  SCHEDULE THAT WOULD MAKE IT FEASIBLE FOR US TO GO TO TRIAL WITH

17  THE DOE PLAINTIFFS.

18      IT WOULD REQUIRE A DELAY, IN OUR VIEW, OF THREE OR

19  FOUR MONTHS, I THINK IT'S FOUR MONTHS TO THE 20TH OF OCTOBER.

20      WE ARE PREPARED TO ALLOW THEM TO GO FIRST IF THAT'S

21  WHAT YOUR HONOR DECIDES. IF YOUR HONOR FEELS AS WAS OUR

22  IMPRESSION FROM THE ORDERS THAT WE GOT THAT YOU REALLY ONLY

23  WANT TO TRY THIS ONCE, WE COULD LIVE WITH A TRIAL DATE IN THE

24  MIDDLE OF OCTOBER, WHICH IS ONLY A MODEST DELAY.

25      THE COURT: WELL, I THINK WHAT I'LL DO IS TRY THE

1  INDIRECTS IN JUNE AND TRY THE DIRECTS AT SOME LATER DATE, BOTH

2  CLASS AND OPT-OUTS.  AND THEN THE QUESTION IS WHERE -- DO YOU

3  FIT BEST IN JUNE WITH THE INDIRECTS, SOMETIME LATER WITH THE

4  DIRECTS, OR AS A VERY UNDESIRABLE CLEAR CHOICE SEPARATELY?

5        **MR. WILES**:  I WOULD SAY -- BOTH WE AND ABBOTT AT

6  LEAST AGREE ON ONE THING, AND THAT IS THAT JUNE WOULD NOT BE

7  APPROPRIATE FOR TRIAL OF OUR DISPUTE WITH ABBOTT.

8        **THE COURT**:  THAT WOULD MEAN THAT YOU WOULD HAVE TO

9  GO WITH THE DIRECTS.

10        **MR. WILES**:  SO LOGICALLY EITHER WE WOULD GO WITH THE

11  DIRECTS OR CONCEIVABLY ON OUR OWN, BUT I THINK LOGICALLY WE

12  WOULD GO WITH THE DIRECTS.

13        **THE COURT**:  IS THERE ANY BIG OBSTACLES WITH YOU

14  GOING WITH THE DIRECTS?  ANY SORT OF SUBSTANTIVE OBSTACLE?

15        **MR. WILES**:  NOT THAT I CAN THINK OF.

16        **THE COURT**:  DO ANY OF THE DIRECTS SEE ANY

17  SUBSTANTIVE OBSTACLE?

18        **MR. SAVERI**:  NOT AS I STAND HERE TODAY.  WE'VE GOT,

19  OF COURSE, SOME ISSUES THAT HAVE TO DO WITH SORTING THROUGH THE

20  PLEADINGS AND PERHAPS SOME MOTIONS, BUT NOW BASED ON WHAT I

21  KNOW, I THINK THE CASES COULD GO FORWARD TOGETHER.

22        **THE COURT**:  ANYONE DISAGREE?

23        **MR. PERWIN**:  JUDGE, JUST SLIGHTLY.  THERE ARE

24  OBVIOUSLY DIFFERENT DAMAGE THEORIES; THAT'S A LOSS PROFITS

25  THEORY, WE HAVE OVERCHARGE THEORIES.  IT CAN BE CONFUSING TO



1  THE JURY, AND I JUST WANT TO RESERVE THE POSSIBILITY OF ASKING

2  FOR SEPARATE DAMAGE TRIALS.  I DON'T THINK THERE'S ANYTHING

3  ABOUT THE LIABILITY CASE THAT COULDN'T BE TRIED TOGETHER.

4      **MR. SAVERI:**  I AGREE WITH THAT, YOUR HONOR.

5      **THE COURT:**  IS THAT ALL RIGHT WITH YOU?  WE TRY THE

6  COMPETITORS WITH THE DIRECTS?

7      **MR. HURST:**  THERE'S NOTHING THAT OCCURS TO ME AS AN

8  OBSTACLE TO THAT RIGHT NOW.  THE DATE -- I WILL WANT TO TALK

9  ABOUT THAT LATER -- THE DATE WOULD HAVE TO BE FAIRLY EXTENDED

10 BECAUSE THE CASE WITH GSK IS ENTIRELY DIFFERENT BECAUSE IT HAS

11 NEW CAUSES OF ACTION, BREACH OF LICENSE -- BREACH OF THE

12 LICENSE AGREEMENT, NORTH CAROLINA ANTITRUST LAW.

13     **THE COURT:**  OKAY.

14     THE ONLY OTHER OBSTACLES -- YOU KNOW, THIS JUNE

15 TRIAL DATE ALSO DEPENDS ON THE MOTIONS THAT WE ARE HEARING IN

16 LATE MARCH.  THOSE INCLUDE BOTH ANTITRUST MOTIONS AND PATENT

17 MOTIONS AND CLAIM CONSTRUCTION, AND IT GIVES ME ONLY THREE

18 MONTHS BETWEEN THEN AND THE START OF TRIAL.  THAT I JUST CAN'T

19 SWEAR I WILL BE ABLE TO GET IT DONE IN TIME IF IT'S DIFFICULT,

20 PARTICULARLY IN TIME FOR YOU TO DO ALL YOUR PRETRIAL WORK AND

21 ALL THAT.

22     SO, WHILE I WILL TRY TO TRY IT IN JUNE, IF YOU

23 MAKE -- IF THEY MAKE REALLY COMPLICATED MOTIONS, I MAY NOT BE

24 ABLE TO.

25     **MR. TABACCO:**  WE UNDERSTAND.

1          **THE COURT:** I DON'T HAVE ANY COMPETING TRIALS UNLESS
2  A CRIMINAL CASE SHOULD COME ALONG, BUT I HAVE BEEN -- IT HAS
3  BEEN KNOWN TO TAKE THAT LONG TO DECIDE DIFFICULT PATENT
4  MOTIONS.
5          YOU'RE JUNE 30TH. THERE IS NOTHING REALLY
6  DOUBLESET. I HAVE YOU DOWN FOR EIGHT DAYS.
7          **MR. HURST:** I THINK --
8          **THE COURT:** I CAN'T REALLY GIVE YOU ANY MORE THAN
9  THAT.
10         **MR. TABACCO:** THAT'S FINE.
11         **MR. HURST:** I GUESS I WOULD ANTICIPATE THE TRIAL
12 WILL END UP BEING, AS WE'RE SEEING THINGS SHAPE UP, YOUR HONOR,
13 POTENTIALLY IF IT WENT FORWARD ON ALL OF THE ISSUES, INCLUDING
14 THE THREE PATENTS, IT WILL TAKE LONGER THAN EIGHT DAYS.
15         **THE COURT:** DIVIDE THE TIME BY TWO. EIGHT DAYS IS
16 WHAT I HAVE HAD IT FOR ALL ALONG. I HAVE SOMETHING RIGHT AFTER
17 IT THAT I CAN'T CHANGE.
18         OKAY. SO THAT'S THAT.
19         SO WE DON'T NEED TO DO ANYTHING WITH DOE'S BECAUSE
20 YOU HAVE ALL YOUR DATES.
21         **MS. SALZMAN:** GREAT. THANK YOU.
22         **THE COURT:** WHAT WE THEN NEED TO DO IS COME UP WITH
23 DATES FOR EVERYBODY ELSE. AND I WILL LOOK AT THESE CASE
24 MANAGEMENT SCHEDULES.
25         **MR. TABACCO:** WE WILL GET OUT OF THE WAY, YOUR

### CERTIFICATE OF REPORTER

I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN IN RE ABBOTT LABORATORIES NORVIR ANTITRUST LITIGATION, C-04-1511 CW, SAFEWAY V. ABBOTT LABORATORIES, C-07-5470 CW, SMITHKLINE BEECHMAN V. ABBOTT LABORATORIES, C-07-5702 CW, MEIJER V. ABBOTT LABORATORIES, C-07-5985 CW, ROCHESTER DRUG CO-OPERATIVE V. ABBOTT LABORATORIES C-07-6010 CW, RITE-AID V. ABBOTT LABORATORIES, C-07-6120 CW, LOUISIANA WHOLESALE DRUG COMPANY V. ABBOTT LABORATORIES, C-07-6118 CW, PAGES NUMBERED 1 THROUGH 59, WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY ME AT THE TIME OF FILING.

THE INTEGRITY OF THE REPORTER'S CERTIFICATION OF SAID TRANSCRIPT MAY BE VOID UPON REMOVAL FROM THE COURT FILE.

*Diane E. Skillman*

DIANE E. SKILLMAN, CSR 4909, RPR, FCRR