# EXHIBIT D

```
                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

          BEFORE THE HONORABLE CLAUDIA WILKEN, JUDGE

JOHN DOE 1 AND JOHN DOE 2,    )
ON BEHALF OF THEMSELVES       )
AND ALL OTHER PERSONS         )
SIMILARLY SITUATED,           )       PAGES 1 - 67
                              )
          PLAINTIFFS,          )
                              )
  VS.                         )       NO. C 04-1511 CW
                              )
ABBOTT LABORATORIES,          )
                              )
          DEFENDANT.           )       OAKLAND, CALIFORNIA
_____)       FRIDAY, APRIL 7, 2006
```

**TRANSCRIPT OF PROCEEDINGS**

```
APPEARANCES:

FOR PLAINTIFFS:            BERMAN DEVALERIO PEASE TABACCO BURT &
                           PUCILLO
                           425 CALIFORNIA STREET, 21ST FLOOR
                           SAN FRANCISCO, CALIFORNIA  94104
                    BY:    CHRISTOPHER T. HEFFELFINGER
                           ATTORNEY AT LAW

                           LABATRON SUCHAROW & RUDOFF LLP
                           100 PARK AVENUE
                           NEW YORK, NEW YORK  10017
                    BY:    MICHAEL W. STOCKER, ATTORNEY AT LAW

PLAINTIFF SEIU HEALTH      LAW OFFICE OF RICHARD R. WIEBE
AND WELFARE FUND:          425 CALIFORNIA STREET, SUITE 2025
                           SAN FRANCISCO, CA  94104
                    BY:    RICHARD R. WIEBE, ATTORNEY AT LAW

               (APPEARANCES CONT'D. NEXT PAGE)


REPORTED BY:          RAYNEE H. MERCADO, CSR NO. 8258
```

**RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-8404**

## APPEARANCES (CONT'D.)

```
FOR DEFENDANT:          WINSTON & STRAWN
                        101 CALIFORNIA STREET, SUITE 3900
                        SAN FRANCISCO, CALIFORNIA  94111
                   BY:  JAMES F. HURST, ATTORNEY AT LAW
```

--oOo--

1   PRESUMPTIVELY A VALID PATENT.  ALTHOUGH VALIDITY, WE DO NOT
2   THINK, IS RELEVANT TO ANTITRUST IMMUNITY FOR THE REASONS WE
3   BRIEFED.
4           **THE COURT:**  WELL, I THINK IT WOULD BE RELEVANT TO THE
5   INJUNCTION, IF NOT TO DAMAGES.
6           **MR. HURST:**  IN -- I DON'T THINK IT COULD BE RELEVANT
7   TO THE INJUNCTION, YOUR HONOR, BECAUSE, REMEMBER, THE QUESTION
8   IS -- IN DECEMBER OF '03, WHETHER WE DID SOMETHING THAT WAS
9   IMPROPER OR NOT WHEN WE RAISED THE PRICE FROM 1.50 -- 1.71 A DAY
10  TO 8.57 A DAY.  THE PATENTS WOULD NOT HAVE BEEN DECLARED INVALID
11  AT THAT POINT IN TIME.  SO I DON'T THINK THAT THERE'S ANY LOGIC
12  UNDER THE LAW TO ALLOW PATENT VALIDITY TO BE RELEVANT TO THE
13  ANTITRUST IMMUNITY ISSUE.
14          YES, IN -- TAKE A LOOK, PLEASE, AT PAGE 10 OF OUR
15  BRIEF, OUR OPENING BRIEF.  WE START, IN FACT, WITH THE '036
16  PATENT.  WE SAY THE '157 --
17          **THE COURT:**  I SEE IT.
18          **MR. HURST:**  -- AND YET SPECIFICALLY COVER THE USE OF
19  NORVIR TO BOOST A --
20          **THE COURT:**  YOU CAN'T READ THAT FAST.  THE COURT
21  REPORTER CAN'T GET IT DOWN.
22          **MR. HURST:**  I'M SORRY.  WE SAY THAT --
23          **THE COURT:**  JUST GIVE ME THE PAGE AND LINE.  I CAN
24  READ IT MYSELF.
25          **MR. HURST:**  OKAY.  IT'S PAGE 10, STARTING AT LINE 3,

1   ENDING AT LINE 11.
2           **THE COURT:** RIGHT.
3           **MR. HURST:** AND ADDITIONALLY, YOUR HONOR, FIVE OF OUR
4   COMPETITORS ARE TAKING LICENSES TO THESE PATENTS IN ORDER TO
5   GIVE THEMSELVES A RIGHT TO PROMOTE THE COMBINATION OF USING
6   THEIR PI PLUS NORVIR, SO THERE'S REALLY NO DOUBT THAT THESE
7   PATENTS COVER THE BOOSTED MARKET.
8           THE ONLY RESPONSE IN THE FOOTNOTE TO '036, YOUR
9   HONOR -- DO YOU HAPPEN TO HAVE THE '036 PATENT HANDY?
10          **THE COURT:** NOT UP HERE, NO.
11          **MR. HURST:** THE FOOTNOTE ARGUED THIS:  CLAIM 1 OF THE
12  '036 PATENT, WHICH OUR COMPETITORS ARE TAKING A LICENSE TO SO
13  THAT THEY CAN --
14          **THE COURT:** OKAY.  PEOPLE TAKE LICENSES TO THINGS
15  THAT THEY DON'T NEED TO SOMETIMES, SO I DON'T FIND THAT TERRIBLY
16  PROBATIVE.
17          **MR. HURST:** OKAY.  CLAIM 1 READS A COMBINATION
18  PHARMACEUTICAL AGENT FOR THE TREATMENT OF AN H.I.V. INVENTION --
19  H.I.V. INFECTION COMPRISING, AND THEN THERE'S THE CHEMICAL NAME
20  FOR RITONAVIR AND ANOTHER H.I.V. PROTEASE-INHIBITING COMPOUND,
21  SO THE COMBINATION OF THE TWO IS COVERED BY CLAIM 1.
22          PLAINTIFFS SAID, WELL, THE REFERENCE TO A COMBINATION
23  PHARMACEUTICAL AGENT REQUIRES A SINGLE PILL, SO IT WOULD COVER
24  KALETRA BUT IT WOULDN'T COVER A COMPETITOR'S PILL WITH A
25  SEPARATE NORVIR PILL, BUT THAT'S NOT -- THAT'S NOT POSSIBLE

1  BECAUSE CLAIM 4, WHICH IS --
2          **THE COURT:**  OH, RIGHT.  I REMEMBER THAT.
3          **MR. HURST:**  -- WHICH IS DEPENDENT ON CLAIM 1 SAYS --
4          **THE COURT:**  OKAY.  ALL RIGHT.
5          **MR. HURST:**  -- SEPARATE COMPOSITIONS.
6          **THE COURT:**  RIGHT.
7          **MR. HURST:**  SO -- SO WE HAVE A VALID -- WE HAVE A
8  PATENT OVER WHICH THERE'S NO CHALLENGE TO VALIDITY, AND ON ITS
9  FACE, IT COVERS THE BOOSTED MARKET.
10         IT'S BEEN BRIEFED BEFORE, YOUR HONOR.  IT'S A LEGAL
11 ISSUE AS TO WHETHER OR NOT IT COVERS THE BOOSTED MARKET.
12 PLAINLY DOES.  AND UNDER THE LAW, PLAINTIFFS HAVE TO ALLEGE THAT
13 WE'RE OPERATING OUTSIDE THE SCOPE OF OUR PATENTS IN SOME
14 IMPROPER WAY IN ORDER TO MAKE OUT AN ANTITRUST CLAIM.
15         BUT THE '036 PATENT PLAINLY COVERS THEIR DEFINITION
16 OF THE BOOSTED MARKET AND, THEREFORE, THERE IS NO ALLEGATION
17 WE'VE DONE ANYTHING OUTSIDE THE SCOPE OF THE '036 PATENT, YOUR
18 HONOR.
19         **THE COURT:**  OKAY.
20         **MR. HURST:**  AND THERE'S --
21         **THE COURT:**  AND THEN THE -- THAT'S THE SORT OF CLAIM
22 CONSTRUCTION ISSUE.  THEN THERE'S THE INHERENTLY ANTICIPATED
23 ISSUE AND THE OBVIOUSNESS ISSUE, BOTH OF WHICH WOULD SEEM TO BE
24 FACTUAL DISPUTES.
25         **MR. HURST:**  EXCEPT THAT THIS PATENT HAS A 1992

**CERTIFICATE OF REPORTER**

     I, RAYNEE H. MERCADO, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN C04-1511CW, DOE V. ABBOTT, ET AL., WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY ME AT THE TIME OF FILING.

     THE VALIDITY OF THE REPORTER'S CERTIFICATION OF SAID TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL FROM THE COURT FILE.

_____

RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR

FRIDAY, APRIL 14, 2006