Nicole M. Norris (SBN 222785)
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400
Email: nnorris@winston.com

James F. Hurst (*Admitted Pro Hac Vice*)
David J. Doyle (*Admitted Pro Hac Vice*)
Samuel S. Park (*Admitted Pro Hac Vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: 312-558-5600
Facsimile: 312-558-5700
Email: jhurst@winston.com; ddoyle@winston.com; spark@winston.com

Charles B. Klein (*Pro Hac Vice Pending*)
WINSTON & STRAWN
1700 K. Street, N.W.
Washington, D.C., 20006-3817
Telephone: 202-282-5000
Facsimile: 202-282-5100
Email: cklein@winston.com

Attorneys for Defendant
ABBOTT LABORATORIES

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SMITHKLINE BEECHEM CORPORATION, d/b/a GLAXOSMITHKLINE,<br><br>Plaintiff,<br><br>vs.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | Case No. C 07-5702 CW<br><br>*Related per November 19, 2007 Order to*<br><br>Case No. C-04-1511 CW<br><br>**ABBOTT LABORATORIES' MISCELLANEOUS ADMINISTRATIVE MOTION TO FILE REDACTED BRIEF**<br><br>**Date:** March 6, 2008<br>**Time:** 2:00 p.m.<br>**Courtroom:** 2 (4th Floor)<br>**Judge:** Hon. Claudia Wilken |

## I.  NOTICE OF MOTION

TO PLAINTIFFS AND HIS ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN Defendant Abbott Laboratories ("Abbott") will and hereby does move the Court for Miscellaneous Administrative Relief to file a redacted version of Abbott's Reply Brief In Support of Its Motion to Dismiss Plaintiff GlaxoSmithKline's ("GSK") Complaint Pursuant to Rule 12(b)(6) ("Reply Brief").  Abbott does not object to public disclosure of the redacted information, but it wants to give GSK an opportunity to raise such an objection.

Abbott's Motion for Miscellaneous Administrative relief is based on this Notice of Motion and Motion, the Declaration of Nicole M. Norris In Support of Filing Abbott's Redacted Brief Re its Motion to Dismiss Plaintiffs' Complaint Pursuant to Rule 12(b)(6), and any further material and argument presented to the Court related to Abbott's Motion to Dismiss.

## II.  INTRODUCTION

Abbott is a global, broad-based health care company devoted to the discovery, development, manufacture and marketing of pharmaceuticals and medical products, including nutritionals, devices and diagnostics.  Abbott licenses its patented AIDS drug, Norvir®, to pharmaceutical companies selling in all 50 states and in many countries around the world.

The market for HIV/AIDS drugs is very competitive.  As a result, information regarding Abbott's compensation and royalties paid to Abbott by licensees, including GSK, regarding the Norvir® patent is information that could be beneficial for other competitors to obtain. Accordingly, to the extent Abbott's Reply Brief cited relevant portions of the license agreement entered into between GSK and Abbott for the HIV/AIDS drug Norvir®, an agreement which was previously ordered filed under seal by this court (see Docket No. 45), Abbott seeks to file a redacted version of its Reply Brief.  Abbott agrees the License Agreement contains competitively sensitive financial information and should be treated as Highly Confidential, however, Abbott does not object to the public disclosure of those portions of the License Agreement cited in Abbott's Reply Brief. Out of an abundance of caution, Abbott seeks to file a redacted version of the Reply Brief until such time as GSK can review the language in the Reply Brief and express its views on whether those redacted portions should remain under seal.

## III.  DISCUSSION

The right to inspect and copy judicial records is not absolute. *See Hagestad v. Tragesser*, 49 F. 3d 1430, 1433 (9th Cir. 1995) (*citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)).  "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* Federal Rules of Civil Procedure 26(c) provides, that for good cause shown, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, undue burden or expense."  Specifically, the court has the authority to withhold information from the public so "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7).  This is consistent with the requirements of the Trade Secrets Act (18 U.S.C. § 1905).

In this case, Abbott seeks to file under seal portions of its Reply Brief which references the previously sealed License Agreement (attached as Exhibit A to Abbott's opening brief).  The Exhibit A is the confidential license agreement between Abbott and GSK relating Abbott's patented AIDS drug Norvir®.  Exhibit A, which is subject to a confidentiality provision, contains competitively sensitive financial information related to compensation and royalties paid by GSK to Abbott in return for the right to use, market and promote Norvir® in combination with other products indicated for the treatment of HIV.  The availability of such confidential financial information to the public in general as well as Abbott's competitors would be severely damaging because competitors would gain an window into the amount of compensation Abbott is willing to accept for a license concerning Norvir®.  Thus, the contents are generally considered highly confidential and proprietary to Abbott and should be protected from disclosure under the Federal Rule of Civil Procedure 26(c)(7) and Civil Local Rule 79-5.

Once GSK has the opportunity to review Abbott's Reply Brief, GSK can make its own determination as to whether the redacted portions of that brief should remain under seal. Abbott does not argue that any portion of the Reply Brief should be filed under seal, but that brief is being filed under seal out of an abundance of caution to give GSK an opportunity to express any objections it may have to filing in the public domain.

WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894

## IV. CONCLUSION

To protect GSK's interest in having the confidential information contained in the License Agreement cited in Abbott's Reply Brief filed under seal, Abbott respectfully requests this Court grant Abbott's request to temporarily file certain portions of its Reply Brief under seal until such time as GSK can review the language in the Reply Brief and express its views on whether those redacted portions should remain under seal..

Dated: February 22, 2008       WINSTON & STRAWN LLP


By:    /s/ Nicole M. Norris
      Nicole M. Norris
      Attorneys for Defendant
      ABBOTT LABORATORIES