**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                        No. C 07-5702 CW

SMITHKLINE BEECHAM CORPORATION,

11                                        ORDER DENYING
        Plaintiff,                        PLAINTIFF'S MOTION
12                                        FOR LEAVE TO FILE
    v.                                    UNDER SEAL (DOCKET
13                                        NO. 52)

ABBOTT LABORATORIES,

14

        Defendant.

15 _____/

16

17

18     Plaintiff GlaxoSmithKline (GSK) has moved for leave to file

19 under seal the following material: 1) portions of its brief in

20 opposition to Defendant Abbott Laboratories' motion to transfer

21 this case to Illinois; 2) portions of the Declaration of Sara Bason

22 in support of its opposition; and 3) Exhibit C to the Declaration

23 of Trevor Stockinger in support of its opposition.  Because the

24 public interest favors filing all court documents in the public

25 record, any party seeking to file a document under seal must

26 demonstrate good cause to do so.[1]  This cannot be established

27 _____

     [1]A "compelling interest" standard applies to documents filed
28 in support of or opposition to a dispositive motion.  <u>Pintos v.</u>
<u>Pac. Creditors Ass'n</u>, 504 F.3d 792, 801-03 (9th Cir. 2007).

simply by showing that the document is subject to a protective order, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal.  See Local Rule 79-5(a).  If good cause exists only to file portions of a particular document under seal, a redacted version of the document must be filed in the public record.  Local Rule 79-5(c).

Exhibit C to the Stockinger Declaration was designated as confidential by Abbott.  Abbott, however, has not filed a declaration establishing good cause to file this document under seal, as it was required to do within five days of GSK's request. See Local Rule 79-5(d).  Nor does the fact that Abbott has designated the material as subject to the stipulated protective order in the related 04-1511 case establish good cause to file it under seal.  See Local Rule 79-5(a).

The relevant portion of the Bason Declaration contains information regarding the relative sales of GSK's protease inhibitors in California and Illinois.  While good cause may exist to file some of GSK's sensitive financial information under seal, the Court finds that GSK would not be harmed by filing the particular information in the Bason Declaration in the public record.  Accordingly, this document may not be filed under seal.

GSK seeks to file its opposition brief under seal because the brief refers to information in the other exhibits discussed above. Because neither of those exhibits may be filed under seal, the brief may not be filed under seal, either.

For these reasons, GSK's motion for leave to file under seal

2

**United States District Court**
For the Northern District of California

is DENIED.  Because Abbott has not filed the declaration required by Local Rule 79-5(d), pursuant to that rule, GSK shall file in the public record Exhibit C to the Stockinger Declaration.  Pursuant to Local Rule 79-5(e), GSK may file the unredacted versions of its opposition brief and the Bason Declaration in the public record within three days or, if it wishes, it may rely on the already-filed redacted versions of these documents, in which case the redacted information will not be part of the record and will not be considered by the Court in connection with Abbott's motion to transfer.  The clerk shall hold the lodged documents for three days for GSK to retrieve them, and, thereafter, if they are not retrieved, dispose of them.

        IT IS SO ORDERED.

Dated: 3/24/08

_____
CLAUDIA WILKEN
United States District Judge