# EXHIBIT 4

WINSTON & STRAWN LLP
Nicole M. Norris (SBN 222785)
James F. Hurst (*Admitted Pro Hac Vice*)
David J. Doyle (*Admitted Pro Hac Vice*)
Samuel S. Park (*Admitted Pro Hac Vice*)
101 California Street, Suite 3900
San Francisco, CA 94111
Telephone Number:   415.591.1000
Facsimile Number:   415.591.1400
Email: nnorris@winston.com; jhurst@winston.com
ddoyle@winston.com; spark@winston.com

Attorneys for Defendant
ABBOTT LABORATORIES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SMITHKLINE BEECHAM CORPORATION, d/b/a GLAXOSMITHKLINE,<br><br>Plaintiff,<br><br>vs.<br><br>ABBOTT LABORATORIES<br><br>Defendant. | Case No. C 07-5702 CW<br><br>**DEFENDANT ABBOTT LABORATORIES' AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR INSPECTION AND PRODCUTION OF DOCUMENTS AND TANGIBLE THINGS (Nos. 1-37)** |

RESPONDING PARTY:        ABBOTT LABORATORIES

PROPOUNDING PARTY:    SMITHKLINE BEECHAM CORPORATION, d/b/a GLAXOSMITHKLINE

SET NO.:                             ONE (1)

## RESPONSES TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1**: All documents produced, filed or served in *In re Abbott Laboratories Norvir Anti-Trust Litigation*, No. C 04-1511 CW (Consolidated Case No. C 04-4203), filed in the United States District Court for the Northern District of California, including pleadings, motions, discovery responses, expert reports and exhibits, documents produced in response to requests for production, and deposition transcripts and exhibits.

**RESPONSE**: In addition to its general objections, Abbott objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Many documents falling into this category are public documents already in GSK's possession and/or easily accessible to GSK. Abbott also objects to the extent that this request seeks information protected by the attorney-client privilege and/or the work product doctrine. Without waiving its objections and subject to them, Abbott agrees to produce non-privileged, responsive documents, to the extent they exist and can be located after a reasonable search.

**DOCUMENT REQUEST NO. 2**: All documents produced, filed, or served in *Schor v. Abbott Laboratories*, No. C 05-1592, filed in the United States District Court for the Northern District of Illinois, including pleadings, motions, discovery responses, expert reports and exhibits, documents produced in response to requests for production, and deposition transcripts and exhibits.

**RESPONSE**: Subject to its general objections, Abbott responds that the *Schor* case was dismissed at the motion to dismiss stage, so there are no discovery responses, expert reports and exhibits, documents produced in response to requests for production, or deposition transcripts and exhibits. Without waiving its objections and subject to them, Abbott agrees to produce all pleadings, motions and other documents filed or served in *Schor*, to the extent that they exist and can be located after a reasonable search.

**DOCUMENT REQUEST NO. 3**: All documents responsive to requests for production served upon you in *In re Abbott Laboratories Norvir Anti-Trust Litigation*, No. C 04-1511 CW (Consolidated Case No. C 04-4203), filed in the United States District Court for the Northern District of California, whether or not you produced those documents.

Defendant Abbott Laboratories' Amended Responses to Plaintiff's First Requests
for Inspection and Production of Documents and Tangible Things, C 07-5702 CW
Page 4 of 18

1     **RESPONSE:** In addition to its general objections, Abbott objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Abbott also incorporates each and every general and specific objection Abbott raised in response to all applicable requests for production served upon it in *In re Abbott Laboratories Norvir Anti-Trust Litigation*, No. C 04-1511 CW (Consolidated Case No. C 04-4203). Abbott further objects to the extent that this request seeks information protected by the attorney-client privilege and/or the work product doctrine. Without waiving its objections and subject to them, Abbott agrees to produce non-privileged, responsive documents that it produced in *In re Abbott Laboratories Norvir Anti-Trust Litigation*, No. C 04-1511 CW (Consolidated Case No. C 04-4203), including all responses in which Abbott raised any objections to those requests for production, any motions or court orders concerning those objections, and any non-privileged correspondence between the parties addressing those objections, to the extent they exist and can be located after a reasonable search.

    **DOCUMENT REQUEST NO. 4:** **All documents responsive to requests for production served upon you in *Schor v. Abbott Laboratories*, No. C 05-1592, filed in the United States District Court for the Northern District of Illinois, whether or not you produced those documents.**

    **RESPONSE:** Abbott incorporates its objections and responses to Request No. 2.

    **DOCUMENT REQUEST NO. 5:** **All documents relating to the Illinois Attorney General's investigation regarding your price increase of Norvir on or around December 2003, including documents produced to the Attorney General's office, communications with the Attorney General's office, and transcripts of testimony taken.**

    **RESPONSE:** In addition to its general objections, Abbott objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Abbott also objects to the extent that this request seeks information protected by the attorney-client privilege and/or the work product doctrine. Without waiving its objections and subject to them, Abbott agrees to produce non-privileged, responsive documents, to the extent that they exist and can be located after a reasonable search.

Defendant Abbott Laboratories' Amended Responses to Plaintiff's First Requests
for Inspection and Production of Documents and Tangible Things, C 07-5702 CW
Page 5 of 18

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

have retained, but who will not present opinions at trial, is privileged, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Any request for information or documents related to or relied upon by consultants or experts whom Abbott has retained to potentially present opinions at trial is premature because, among other things, it seeks disclosure of information relating to expert witnesses and related materials before the time for such information and materials to be disclosed and prior to any determination by Abbott as to which expert witnesses, if any, will present opinions at trial. Without waiving its objections and subject to them, Abbott answers that it will produce responsive, non-privileged expert material at the appropriate stage pursuant to the court's scheduling order, the Federal Rules, and the terms of the Stipulation entered into between the parties on March 26, 2008.

**DOCUMENT REQUEST NO. 37**: All documents relating to GSK or GSK's protease inhibitors, including Lexiva.

**RESPONSE**: In addition to its general objections, Abbott objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Abbott also objects to the extent that this request seeks information protected by the attorney-client privilege and/or the work product doctrine. Without waiving its objections and subject to them, Abbott agrees to produce non-privileged, responsive documents to the extent they exist and can be located after a reasonable search.

Dated: April 15, 2008                                WINSTON & STRAWN LLP

By: /s/ Nicole M. Norris
Nicole M. Norris
Attorney for Defendant
ABBOTT LABORATORIES

Defendant Abbott Laboratories' Amended Responses to Plaintiff's First Requests
for Inspection and Production of Documents and Tangible Things, C 07-5702 CW
Page 17 of 18