# EXHIBIT 5

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7567
FACSIMILE (310) 203-7199
tstockinger@irell.com

February 18, 2008

**VIA E-MAIL AND U.S. MAIL**

Charles B. Klein
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C., District of Columbia
20006-3817

    Re:    <u>SmithKline Beecham Corpoation, d/b/a GlaxoSmithKline v. Abbott Laboratories, No. 07-5702 CW (N.D. Cal.)</u>

Dear Chuck:

    This letter addresses Abbott's Responses to GSK's First Set of Requests for Inspection and Production of Documents and Tangible Things, many of which are deficient.

    As an initial matter, this letter will not respond to your letter of February 12, 2008 regarding GSK's discovery responses. We believe it most efficient however to discuss the parties' respective RFP responses at the same time. For example, you accuse that GSK's responses are "littered with canned objections" and "multiple cross-references." I note that the same can be said of Abbott's responses. For example, in nearly all of Abbott's responses, Abbott objects that GSK's requests are "overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." Abbott then however appears to agree to produce documents responsive to the requests. We seek confirmation that Abbott is only preserving its rights and will not withhold documents based on these boilerplate objections. If Abbott is withholding documents based on these objections, we request that Abbott inform GSK of the category of documents it intends to withhold.

    Further, Abbott agrees to produce documents only "to the extent they exist." Please let GSK know whether there are any categories of documents for which Abbott has no existing responsive documents.

    The following details specific deficiencies in Abbott's responses.

1819306

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Charles B. Klein
February 18, 2008
Page 2

General Objection No. 4

Abbott objects that it will not prepare a privilege log for any documents generated after April 19, 2004, the date the complaint in *Doe v. Abbott Laboratories*, Case No. 04-1511, was filed. The *GSK* action, though related to *Doe*, is a separate lawsuit. Abbott therefore has an obligation to log all privileged communications relating to this lawsuit. Nonetheless, we will agree that Abbott need not log privileged communications created subsequent to the filing of *GSK*'s lawsuit on November 9, 2007. Please confirm that Abbott will log all privileged communications and protected materials related to GSK's lawsuit created before November 9, 2007.

General Objection No. 8

Abbott objects that "Abbott will assume that the relevant time period [for producing responsive documents] is in and around December 2003." This is an improper limitation on production.

This suit involves Abbott's anticompetitive pricing of Norvir, which harmed competition and damaged GSK's ability to sell Lexiva and Agenerase. Documents from well before December 2003, as well as those well after December 2003, are therefore relevant to, among other things, the nature and timing of Abbott's decision to raise the price of Norvir in December 2003, the efficacy of Norvir and Kaletra, the reaction of Abbott after its price increase, and the damages to which GSK is entitled.

Indeed, Abbott admits in this objection that "Norvir was first introduced in 1996 and Kaletra was first introduced in 2000." GSK understands that Abbott would consider pricing and efficacy issues from before the date of introduction of these two products. GSK therefore requests Abbott produce documents responsive to GSK's requests created from the earlier of the time when Abbott decided to file an NDA for Norvir or Kaletra to the present.

Request for Production No. 2 and No. 4

Request for Production No. 2 seeks all documents "produced, filed or served" in *Schor v. Abbott Laboratories*, No. 05-1592 (N.D. Ill.). Request for Production No. 4 seeks all documents responsive to requests for production served upon Abbott in *Schor*.

Abbott responds to each of these requests by stating that there are "no discovery responses, expert reports and exhibits, documents produced in response to requests for production, and deposition transcripts and exhibits," but then agrees to provide "non-privileged, responsive documents." This response is confusing and ambiguous. As we understand the response, Abbott is agreeing to produce motions and pleadings from the *Schor* action, as well as any other non-privileged documents "produced, filed or served" in the that action. Please confirm this is the case.

1819306

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Charles B. Klein
February 18, 2008
Page 3

Request for Production No. 3

This request seeks all documents responsive to requests for production served upon it in *In re Abbott Laboratories Norvir Anti-Trust Litigation*, No. 04-1511.

Abbott incorporates into its response all objections it raised to the requests for production in *In re Abbott*. Abbott, however, has not identified where those objections can be located. Nor has it identified whether those objections were ruled improper in any proceedings in the *In re Abbott Norvir Litigation*, or whether other agreements regarding production of these documents were reached between the parties in the *Norvir* litigation. Please provide this information so that GSK can fully evaluate Abbott's response.

Request for Production No. 9

This request seeks all documents "relating to any communications received from the Food and Drug Administration ('FDA') concerning Norvir, Kaletra and other protease inhibitors." Abbott responds that it will only produce "non-privileged, responsive FDA warning letters regarding Norvir or Kaletra." This response is grossly deficient.

First, GSK is entitled to production of not only the FDA warning letters, but also all non-privileged communications within Abbott regarding these warning letters, as well as any external communications with the FDA, the public or any other third-party concerning these letters.

Second, Abbott admits that it "corresponds routinely with the FDA regarding various pharmaceutical products, including Norvir and Kaletra." Abbott therefore retains many documents responsive to this request, which it is refusing to produce. GSK is entitled to production of these documents, which are relevant to, among other things, the safety and efficacy of Norvir and Kaletra, and Abbott's pricing policies concerning these products.

Finally, Abbott's objection that this request is "exceedingly broad and burdensome" is not well-taken. GSK has limited this request to only the Abbott products at issue in this case: Kaletra and Norvir. Indeed, Abbott has requested a similar scope of documents from GSK. *See, e.g., Abbott's Requests for Production No. 37 & 79*.

Request for Production No. 10

This request seeks all documents relating to any investigations or contemplated investigations regarding its price increase of Norvir.

Abbott responds by stating that the request requires it to "guess who" contemplated an investigation of Abbott. This is not the case. If Abbott knows that a federal, state or local government agency investigated or considered an investigation of Abbott, GSK is

1819306

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Charles B. Klein
February 18, 2008
Page 4

entitled to production of relevant materials. Please confirm Abbott is not withholding any responsive documents based on this objection.

Request for Production No. 11

This request seeks all documents responsive to any subpoena, civil investigative demand or informal request for production of documents served upon Abbott in any investigation regarding Norvir's price increase, whether or not the document was produced.

First, Abbott again improperly incorporates objections it made in response to subpoenas, civil investigative demands or informal requests that are unknown to GSK. Please confirm that Abbott will inform GSK what these specific objections are and whether any other agreements were reached limiting production of these materials.

Second, Abbott limits its production to only those documents "it has produced" in response to any subpoena, civil investigative demand, or informal request. To the extent Abbott did not produce documents on the basis of privilege or other protection, GSK is entitled to a log of these materials. Please confirm Abbott will include these documents in its privilege log.

Request for Production No. 14

This confirms that this request seeks production of documents relating to the Devlin slide presentation emailed on September 6, 2003, not on September 6, 2007.

Request for Production No. 21

This request for production asks for all documents relating to the pricing of Norvir and Kaletra to Government payers. Abbott responds that it will only produce documents "sufficient to determine the pricing of Norvir and Kaletra to Government payers from December 2003 to December 2007." This response is grossly deficient.

GSK is entitled not only to documents "sufficient to determine" Norvir and Kaletra pricing to Government payers, but also all internal communications regarding those pricing decisions, including, among other things, forecasts and strategy documents. These documents also fit into Request No. 24, which Abbott has agreed to produce. Please confirm that Abbott will produce all documents responsive to this request and Request No. 24. In addition, please confirm that Abbott is not withholding any materials based on its objection that "Government payers" – a term used frequently in the pharmaceutical industry – is vague.

1819306

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Charles B. Klein
February 18, 2008
Page 5

Requests for Production Nos. 25, 26, 27 & 28

These requests seek agreements relating to protease inhibitors, including Norvir and Kaletra, and the technology used in protease inhibitors. In response, Abbott only agrees to produce license agreements related to Norvir and Kaletra. This response is ambiguous.

First, despite objecting that the term "technology used in protease inhibitors" is vague, Abbott acknowledges that it holds more than 50 patents "related to Norvir and Kaletra." GSK is entitled to all agreements with any other entity relating to the licensing of the technology embodied in these patents, or embodied in trade secrets or other non-patent forms, to any other entities. In addition, to the extent Abbott has licensed technology for use in Norvir or Kaletra, GSK is entitled to those agreements.

Please confirm that Abbott will produce the above described documents.

Request for Production No. 33

This request for production asks for documents sufficient to show sales of Kaletra and Norvir by types of payer for each month since each product entered the market. Abbott responds that it will only produce documents reflecting "sales volumes for Norvir since 2003." This response is deficient in several respects.

First, Abbott has not agreed to produce documents showing sales of Kaletra – a product central to GSK's claims in this suit. Second, as discussed above Abbott improperly limits the time period for production of documents – GSK is entitled to documents showing sales volumes of these products from well before and well after 2003. Finally, it is unclear from Abbott's current response whether it will produce documents showing sales by payer type, as requested.

Please confirm that Abbott will remove the improper limitations on its response.

Request for Production No. 36

This request seeks documents regarding, created by or considered by persons expected to be used as expert witnesses in any lawsuit about the Norvir price increase. Abbott responds that "it will produce such documents at the appropriate stage in the litigation pursuant to the court's scheduling order."

Abbott, however, has already submitted expert reports in the related *Doe* litigation. GSK is entitled to production of documents regarding those reports or documents created or considered by Abbott's experts in drafting those reports. Please confirm that Abbott intends to produce those documents.

1819306

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Charles B. Klein
February 18, 2008
Page 6

      As I said, we would like to discuss the deficiencies in Abbott's responses this week. I will call to set up a specific time to discuss these issues. At that time, we would also like to discuss when Abbott expects to produce documents responsive to GSK's requests that were not already produced in the *Doe* litigation.

      Sincerely,

      Trevor V. Stockinger

1819306