# EXHIBIT 7



1  WINSTON & STRAWN LLP
   Michael A. Sweet (SBN 184345)
2  George C. Lombardi (*Admitted Pro Hac Vice*)
   James F. Hurst (*Admitted Pro Hac Vice*)
3  David J. Doyle (*Admitted Pro Hac Vice*)
   Samuel S. Park (*Admitted Pro Hac Vice*)
4  101 California Street, Suite 3900
   San Francisco, CA 94111
5  Telephone Number:   415.591.1000
   Facsimile Number:   415.591.1400
6
7  Attorneys for Defendant
   ABBOTT LABORATORIES
8
9                UNITED STATES DISTRICT COURT

10      FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                   OAKLAND DIVISION

12

13                                    )
                                      )
14  IN RE ABBOTT LABORATORIES NORVIR  )   Case No. 04-1511
    ANTITRUST LITIGATION              )
15                                    )   **ABBOTT LABORATORIES'**
                                      )   **RESPONSES TO PLAINTIFFS' SECOND**
16                                    )   **REQUEST FOR PRODUCTION OF**
                                      )   **DOCUMENTS**
17                                    )
                                      )
18                                    )   **Honorable Claudia Wilken**
                                      )
19                                    )
                                      )
20                                    )

21

22

23

24

25

26

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Defendant Abbott Laboratories' Responses to Plaintiffs' First Request For Production Of Documents, C-04-1511 CW

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  **DOCUMENT REQUEST NO. 43**

2       All documents evidencing, referring, or relating to the number, proportion, or market

3  share of patients who use Ritonavir as a stand-alone protease inhibitor as compared to those who use

Ritonavir Co-administered with other Protease Inhibitors.

4  **RESPONSE:** Abbott incorporates its General Objections as if fully set forth herein. Further

5  answering, Abbott specifically objects to this request because it is over broad, vague unduly

6  
7  burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject

8  to the foregoing, Abbott will produce, to the extent they exist, documents containing information

9  regarding the number or percentage of patients who use ritonavir as a stand-alone protease inhibitor

10  as opposed to as a booster.

11  **DOCUMENT REQUEST NO. 44**

12       All documents evidencing, referring, or relating to Abbott's decision to market

13  Ritonavir in 100 mg. (sic) doses.

14  **RESPONSE:** Abbott incorporates its General Objections as if fully set forth herein. Further

15  answering, Abbott specifically objects to this request because it irrelevant, over broad, vague, unduly

16  burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Relevant

17  documents relating to the marketing of Norvir already have been produced.

18  
19  **DOCUMENT REQUEST NO. 45**

20       All documents evidencing, referring, or relating to Abbott's decision not to market

Ritonavir in doses larger than 100 mg.

21  **RESPONSE:** Abbott incorporates its General Objections as if fully set forth herein. Further

22  answering, Abbott specifically objects to this request because it irrelevant, over broad, vague, unduly

23  
24  burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Relevant

25  documents relating to the marketing of Norvir already have been produced.

26  **DOCUMENT REQUEST NO. 46**

27       All documents evidencing, referring, or relating to the marketing or promotion of

28  Ritonavir as a drug that Boosts other Protease Inhibitors.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  **RESPONSE:** Abbott incorporates its General Objections as if fully set forth herein. Further

2  answering, Abbott specifically objects to this request because it is irrelevant, over broad, vague,

3  unduly unduly burdensome and not reasonably calculated to lead to the discovery of admissible

4  evidence. In addition, the terms "marketing" or "promotion" are vague and undefined. Relevant

5  documents related to the marketing of ritonavir have already been produced.

6

7  **DOCUMENT REQUEST NO. 47**

8         All documents evidencing, referring, or relating to the sale of Ritonavir before 1996.

9  **RESPONSE:** Abbott incorporates its General Objections as if fully set forth herein. Further

10  answering, Abbott specifically objects to this request because it is over broad, unduly burdensome

11  and not reasonably calculated to lead to the discovery of admissible evidence. Abbott also objects to

12  the extent that this request seeks information protected by any applicable privilege, including but not

13  limited to the attorney-client privilege or work product privilege. Finally, Abbott objects to this

14  request because it seeks information that does not relate to any claim or defense at issue in this

15  litigation. Specifically, this request appears to go to the validity of Abbott's patents, which the Court

16  has indicated is not a proper subject of discovery. Indeed, the Court denied Plaintiffs' Rule 56(f)

17  request for further discovery relating to "the patents' validity and enforceability." (9/12/05 Order at

18  6). As Judge Wilken explained "Plaintiffs have not identified any facts that they hope to obtain from

19  discovery relating to the Norvir patents' validity, nor have they alleged in this litigation that

20  Defendants' patents are invalid." (*Id.*). Accordingly, this request is improper.

21

22

23  **DOCUMENT REQUEST NO. 48**

24         All documents evidencing, referring, or relating to the use of Ritonavir in any
mammal before 1996.

25

26  **RESPONSE:** Abbott incorporates its General Objections as if fully set forth herein. Further

27  answering, Abbott specifically objects to this request because it is over broad, unduly burdensome

28  and not reasonably calculated to lead to the discovery of admissible evidence. Abbott also objects to

1  discovery relating to the Norvir patents' validity, nor have they alleged in this litigation that

2  Defendants' patents are invalid." (*Id.*).  Accordingly, this request is improper.

3

4

5  Dated:  January 3, 2006                    WINSTON & STRAWN LLP

6

7

8                          By:    _Samuel S. Park_____

9                                 Samuel S. Park
                                  Attorney for Defendant
10                                 ABBOTT LABORATORIES

11

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28