# EXHIBIT 9

Case 4:07-cv-05702-CW   Document 89-10   Filed 07/03/2008   Page 1 of 5

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7567
FACSIMILE (310) 203-7199
tstockinger@irell.com

June 12, 2008

<u>VIA E-MAIL</u>

Matthew A. Campbell
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C., 20006-3817

   Re: GlaxoSmithKline v. Abbott Laboratories, Case No. 07-CV-5702-CW (N.D. Cal.)

Dear Matt:

  This letter memorializes the parties' current positions as discussed on today's call regarding Abbott's Responses to GSK's First Set of Requests for Production. Please let us know by June 13 if you disagree with any of the characterizations in this letter.

  **A. Production Timeframe**

  Abbott has agreed to produce non-privileged documents from at least 1997 to 2004 that are responsive to all of GSK's document requests, except for RFP Nos. 3, 9, 21 and 24. Abbott agrees to produce documents between 2002 and 2004 in response to GSK RFP Nos. 21 and 24, as reflected in its responses. Regarding RFP No. 9, as reflected in its responses, Abbott will produce communications with the FDA from 2002 to present. Abbott will then produce specific additional documents reflecting internal discussions or discussions with third parties relating to specific FDA communications that GSK identifies. Finally, GSK has integrated the requests for production served by plaintiffs in *In re Norvir* into GSK's requests through GSK's RFP No. 3. Abbott has agreed to supplement its production responses to the *In re Norvir* RFPs to produce documents from at least 1997 to 2004 for the following *In re Norvir* RFPs: First Request Nos. 7-9, 12-15, 28, 39, 45 & 59, Sixth Request Nos. 2, 3, 6 & 7, Seventh Request Nos. 6, 9, 11-13, 15, 17-20 & 30, and Eighth Request Nos. 1-3, 6 & 7.

  Further, Abbott will produce a broader timeframe of documents – from 1997 to present – responsive to GSK RFP Nos. 17-20 and 25-32.

  If, after reviewing documents, Abbott determines that in a particular instance Abbott believes it would be too burdensome to produce the agreed upon timeframe of documents, Abbott will inform GSK how it is limiting its production and with respect to which request.

1881244.1 09

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Matthew A. Campbell
June 12, 2008
Page 2

### B. Norvir and Kaletra Costs

You confirmed that Abbott has not changed its position on this issue; Abbott will not produce documents responsive to requests that ask for the costs incurred by you for the sale of Norvir and Kaletra, but it may reconsider its position after the Court rules on the *Cascade* interlocutory appeal. As we discussed, GSK believes these documents are relevant and intends to move promptly to compel production of these materials.

### C. Meltrex Documents

You confirmed that Abbott will supplement its production of Meltrex documents so that it fully responds to the Meltrex request in *In re Norvir*. *See In re Norvir* Sixth Requests for Production No. 3. If in the process of collecting these documents, Abbott determines that production, in its view, is too burdensome, Abbott will inform GSK specifically how it is limiting production.

You also confirmed that you will forward GSK a website and video presentation on Norvir Meltrex by next Wednesday, June 18.

### D. Additional Issues Concerning Abbott's Responses to *In re Norvir* RFPs

<u>Responses to First Document Requests Nos. 16 & 17</u>: You confirmed that Abbott did not and will not produce all documents that refer or relate to the marketing of Norvir and Kaletra. You stated that in *In re Norvir* these document requests were narrowed through correspondence and oral communications. You could not, however, tell us how the requests were narrowed and what categories of marketing documents were produced. As we explained, it is Abbott's obligation to either produce documents as requested or inform GSK how it is limiting its production so that GSK can evaluate Abbott's position. Abbott has done neither, and its request that GSK provide a list of specific marketing materials is improper. It is not GSK's burden to guess what materials Abbott may have in its possession or what documents were or were not produced – especially where you admit that many of the communications limiting production in *In re Norvir* were done orally. GSK believes that, as stated, Document Request Nos. 16 & 17 are proper and production of all responsive documents must be made. GSK intends promptly to seek relief from the Court.

<u>Responses to First Document Requests No. 22</u>: You confirmed that Abbott will produce documents responsive to this request as part of its response to GSK RFP No. 17 – which Abbott reads as requesting the same scope of documents.

<u>Response to Second Document Requests Nos. 1-51, 62-64, 68-70, and Fourth Document Requests Nos. 1-8</u>: You told us that the Court issued an order commanding production of certain categories of documents responsive to these requests, that Abbott complied with this Order in *In re Norvir*, and that Abbott re-produced these materials to

1881244.1 09

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Matthew A. Campbell
June 12, 2008
Page 3

GSK.  You agreed that you would provide us with the court order if there was one, or a transcript of the hearing at which the order was communicated to the parties.

<u>Response to Seventh Document Requests Nos. 5 & 6</u>: You confirmed that Abbott is not withholding documents responsive to these requests based on its reference to "employees' documents."

<u>Response to Seventh Document Requests No. 16 and Response to Eighth Document Requests No. 8</u>: You confirmed that Abbott will produce documents responsive to these requests as part of its response to GSK RFP No. 32 – which Abbott reads as requesting the same scope of documents.

<u>Response to Eighth Document Requests No. 9</u>: You agreed that Abbott will produce scripts and sales presentations to physicians relating to the Norvir price hike.

<u>Response to Eighth Document Requests No. 16</u>: You agreed that Abbott will produce all records of communications with physicians and other health care providers relating to Norvir's price increase, including notes, memoranda and call logs memorializing such communications.

<u>Response to Eighth Document Requests No. 13</u>: We tentatively proposed that Abbott will produce final Norvir and Kaletra marketing materials from 1997 to 2004, and drafts and revisions of Norvir and Kaletra marketing materials from 2002 to 2004.  We will each confer with our respective clients to confirm that this is acceptable.

**E.  Bates Ranges for Documents Produced in State and Federal Investigations of the Norvir Price Hike**

You will endeavor to provide us with the requested chart by next Wednesday, June 18.  As we explained, GSK has provided similar information for its production, and this information is relevant to evaluating the outcome of the investigations, as well as understanding the depositions and written discovery responses in context.

**F.  Bates Ranges for Depositions Taken in State and Federal Investigations**

You confirmed that Abbott produced all transcripts from the state and federal investigations of the Norvir price increase, and that Laureen Cassidy; Elizabeth Pfau; Joseph Serio, Jr.; and Jeffrey Leiden were not deposed in those investigations.

1881244.1 09

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Matthew A. Campbell
June 12, 2008
Page 4

### G.  Missing Attachments and Missing Call Logs

You confirmed that Abbott is still looking into this and that you will produce anything missing that is responsive to GSK's document requests.  You will endeavor to identify the missing attachments and call logs by next Wednesday, June 18.

### H.  Production Dates

You stated that Abbott will continue making rolling productions and will be substantially complete with its production by the end of July.

We intend to request that the Court set a production deadline of August 1, 2008 for the productions of each party to be substantially completed.  Please let us know whether Abbott will join in this request.

Sincerely,

*[signature: Trevor V. Stockinger]*

Trevor V. Stockinger

TVS

1881244.1 09