# EXHIBIT 10

Case 4:07-cv-05702-CW    Document 89-11    Filed 07/03/2008    Page 1 of 6

WINSTON & STRAWN LLP
Nicole M. Norris (SBN 222785)
James F. Hurst (Admitted *Pro Hac Vice*)
David J. Doyle (Admitted *Pro Hac Vice*)
Samuel S. Park (Admitted *Pro Hac Vice*)
101 California Street, Suite 3900
San Francisco, CA 94111
Telephone Number:   415.591.1000
Facsimile Number:   415.591.1400

Attorneys for Defendant
ABBOTT LABORATORIES

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE ABBOTT LABS NORVIR ANTITRUST LITIGATION | Case No. C-04-1511 CW<br><br>**DEFENDANT ABBOTT LABORATORIES' RESPONSES TO PLAINTIFFS' EIGHTH DOCUMENT REQUESTS**<br><br>**The Honorable Judge Wilken** |

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

prepare a privilege log for any documents generated after April 19, 2004, the filing date for the original Complaint, because doing so would be unduly burdensome given the active and ongoing involvement of attorneys subsequent to that date.

6. Abbott objects to Plaintiffs' Document Requests on the grounds that they seek documents that are unreasonably cumulative of other requests, or are obtainable from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(i).

7. Abbott objects to Plaintiffs' Document Requests to the extent that they are ambiguous or overly broad.

8. Abbott objects to Plaintiffs' Document Requests to the extent that they seek documents and information for which the burden or expense of production outweighs its likely benefit in resolving the issues of this action. Fed. R. Civ. P. 26(b)(2)(iii).

## RESPONSES TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

**All documents or communications showing all revenues, costs, and profits for Norvir, Kaletra, and Lopinavir.**

**RESPONSE:** In addition to its general objections, Abbott specifically objects to this request because it is overly broad, irrelevant and seeks duplicative information. Abbott further objects to this request because Plaintiffs do not define "revenues," "costs," and "profits," and, as such, this request is ambiguous and vague. Without waiving its objections and subject to them, Abbott agrees to produce documents sufficient to show "revenues," "costs," and "profits" for Norvir and Kaletra to the extent they exist and have not already been produced.

**DOCUMENT REQUEST NO. 2:**

**All documents or communications referring to the projected and actual overhead for Norvir, Kaletra, and Lopinavir.**

**RESPONSE:** In addition to its general objections, Abbott specifically objects to this request because it is overly broad, irrelevant and seeks duplicative information. Abbott further objects to this request because Plaintiffs do not define "overhead," and, as such, this request is ambiguous and vague. Without waiving its objections and subject to them, Abbott agrees to produce documents

3

sufficient to show the "overhead" for Norvir and Kaletra to the extent they exist and have not already been produced.

**DOCUMENT REQUEST NO. 3:**

**All documents or communications referring to either the capital costs or capital invested for Norvir, Kaletra, and Lopinavir.**

**RESPONSE:** In addition to its general objections, Abbott specifically objects to this request because it is overly broad, irrelevant and seeks duplicative information. Abbott further objects to this request because Plaintiffs do not define "capital costs" or "capital invested" and, as such, this request is ambiguous and vague. Without waiving its objections and subject to them, Abbott agrees to produce documents sufficient to show the "capital costs" or "capital invested" for Norvir and Kaletra to the extent they exist and have not already been produced.

**DOCUMENT REQUEST NO. 4:**

**All documents or communications reflecting the pass-through of wholesale acquisition price to consumers for Norvir.**

**RESPONSE:** In addition to its general objections, Abbott specifically objects to this request because it is overly broad, irrelevant, seeks duplicative information, and seeks documents not in Abbott's possession or control. Plaintiffs also have not defined "pass-through of wholesale acquisition price," and, as such, this request is ambiguous and vague. Without waiving its objections and subject to them, Abbott agrees to produce documents sufficient to show the "pass-through" price for Norvir to consumers to the extent they exist and have not already been produced.

**DOCUMENT REQUEST NO. 5:**

**All documents or communications referring to any efforts by Abbott to advertise, publicize, and/or promote or publicize its Patient Assistance Program relating to Norvir.**

**RESPONSE:** In addition to its general objections, Abbott specifically objects to this request because it is overly broad, irrelevant and seeks duplicative information. Abbott already has produced documents and communications relating to its PAP around the time of the price increase and documents showing the number of Norvir and Kaletra consumers enrolled in its PAP. Abbott's efforts to "advertise, publicize, and/or promote or publicize" its PAP is irrelevant to any claim or

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

**DOCUMENT REQUEST NO. 19:**

**All documents or communications referring to or reflecting any effect the price increase on Norvir would have on the market share of HIV drugs other than protease inhibitors.**

**RESPONSE:** In addition to its general objections, Abbott specifically objects to this request because it is overly broad, irrelevant and seeks duplicative information. Plaintiffs also have not defined "market share," so this request is ambiguous and vague. Without waiving its objections and subject to them, Abbott agrees to produce such documents to the extent they exist and have not already been produced.

**DOCUMENT REQUEST NO. 20:**

**All documents or communications sufficient to show what Abbott expected or assumed about sales substitution between Kaletra, Norvir, and other PIs on the one hand and any non-PI HIV medications on the other hand (including in the latter group nucleoside reverse transcriptase inhibitors, non-nucleoside reverse transcriptase inhibitors, and fusion inhibitors) as a consequence of any increase in the price of Norvir, Kaletra, or any other PI or group of PIs.**

**RESPONSE:** In addition to its general objections, Abbott specifically objects to this request because it is overly broad, irrelevant and seeks duplicative information. This request is also argumentative, confusing, and vague. Plaintiffs for example have not defined "sales substitution." Without waiving its objections and subject to them, Abbott agrees to produce such documents to the extent they exist and have not already been produced.

Dated: May 25, 2007    WINSTON & STRAWN LLP

By:   /s/ Samuel S. Park
Nicole M. Norris (SBN 222785)
James F. Hurst (Admitted *Pro Hac Vice*)
David J. Doyle (Admitted *Pro Hac Vice*)
Samuel S. Park (Admitted *Pro Hac Vice*)
101 California Street, Suite 3900
San Francisco, California 94111-5584
Telephone: 415.591.1000
Facsimile: 415. 591.1400
ATTORNEYS FOR DEFENDANT

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

ABBOTT LABORATORIES

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703