# EXHIBIT 13

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7567
FACSIMILE (310) 203-7199
tstockinger@irell.com

June 10, 2008

Matthew A. Campbell, Esq.
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817

   Re: GlaxoSmithKline v. Abbott Laboratories, Case No. 07-CV-5702-CW (N.D. Cal.)

Dear Matt:

  Your letter of yesterday again failed to address a single specific issue that GSK has raised over the last several months with Abbott regarding its discovery responses. Rather than resolving outstanding issues, it appears Abbott is intent on delay. In an effort to conclude the meet and confer process, this letter consolidates and summarizes the issues GSK has with Abbott's discovery responses. We expect a complete and straightforward response to each issue outlined below on tomorrow's call.

  **A.** **Production Timeframe**

  Our understanding based on our May 13, 2008 call is that Abbott will produce responsive, non-privileged documents from 1997 to 2004 for all GSK document requests, including those requests served by plaintiffs in *In re Norvir*, that are integrated in GSK's requests through RFP No. 3. Abbott, however, has agreed to not limit production by time frame for documents relating to Abbott's decision to demand that its competitors take licenses to the Norvir patents and the ensuing licensing negotiations with GSK and others. *See* GSK's RFP Nos. 25-32 and similar RFPs served in Doe. Abbott also has agreed to produce documents from 1997 to present pertaining to a possible price increase on Norvir, to the possible removal or partial removal of Norvir from the market, to the impact of any of those strategies on Abbott or competing sellers of PIs, and to the forecasting of sales of Kaletra. *See* GSK RFP Nos. 17-20.

  Nonetheless, Abbott has refused to produce documents from the full 1997 to 2004 time frame for the following RFPs: GSK RFP Nos. 9, 21 and 24, but instead limited the time frame for production as stated in its responses. In addition, if Abbott limits production of any other category of documents, for whatever reason, it will promptly inform GSK.

1880481

Case 4:07-cv-05702-CW   Document 89-14   Filed 07/03/2008   Page 3 of 5

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Matthew A. Campbell
June 10, 2008
Page 2

### B. Norvir and Kaletra Costs

In our previous discussions, Abbott has not agreed to produce documents responsive to requests that ask for the costs incurred by you for the sale of Norvir or Kaletra. *See, e.g., In re Norvir* Response to First Document Requests Nos. 3 & 4. Instead, Abbott has taken the position that while it does not plan to produce these documents, it may reconsider its position after the Court rules on the *Cascade* interlocutory appeal. Please let us know if Abbott's position has changed.

### C. Meltrex Documents

On our May 13 call, you agreed to produce all categories of Kaletra Meltrex documents requested in the *In re Norvir* litigation. *See In re Norvir* Sixth Requests for Production No. 3. You did not agree to produce documents relevant to the Meltrex formulation of Norvir. Instead, you stated that, as a preliminary matter, you would forward GSK a website and video presentation on Norvir Meltrex. While we were willing to review these materials to determine whether they resolved the dispute, nearly a month has passed, and we have not received them. GSK can delay no longer. It is entitled to the full production of Norvir Meltrex documents as requested in the *In re Norvir* case. Please confirm that Abbott will produce these documents.

### D. Additional Issues Concerning Abbott's Responses to *In re Norvir* RFPs

<u>Responses to First Document Requests Nos. 16 & 17</u>: These documents seek all documents that refer or relate to the marketing of Norvir or Kaletra. Please confirm that Abbott will produce all marketing documents for Norvir and Kaletra created in the years 1997 to 2004.

<u>Response to First Document Requests No. 22</u>: This request seeks "all documents that refer or relate to the December 2003 increase in the price of Norvir." Instead of agreeing to produce all documents in this category, however, Abbott responds that it will only produce documents "that discuss the reasoning behind, and/or the impact of, the December 2003 increase in the price of Norvir." Please confirm that Abbott has produced all documents referring or relating to the Norvir price increase, rather than those as limited by its response.

<u>Response to Second Document Requests Nos. 1-51, 62-64, 68-70, and Fourth Document Requests Nos. 1-8</u>: These requests seek documents relating to claim construction, patent infringement, and patent validity issues. It is our understanding that Abbott initially objected to producing documents in response to these RFPs, but that discovery subsequently proceeded on these RFPs and other related discovery pertaining to Abbott's patents. Please confirm that Abbott is not withholding documents responsive to these requests.

1880481

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Matthew A. Campbell
June 10, 2008
Page 3

<u>Response to Seventh Document Requests Nos. 5 & 6</u>: These requests seek all documents in which you have referred to or described the actual or projected impact of Reyataz or Lexiva on your business. Abbott responds that it has "already produced employees' documents relating to the actual or projected impact of Reyataz [and Lexiva] on Abbott's products." Please confirm that Abbott is not withholding documents responsive to these requests based on its reference to "employees' documents."

<u>Response to Seventh Document Requests No. 16 and Response to Eighth Document Requests No. 8</u>: These requests seek documents relating to actual or expected income generated from Abbott's Norvir patents, including royalties and license fees. Outside of actual licenses and negotiation documents, Abbott has refused to produce documents showing the amounts of license fees and royalties from the Norvir patents because they are purportedly "irrelevant to any claim or defenses." Please confirm that Abbott will produce documents responsive to this request.

<u>Response to Eighth Document Requests No. 9</u>: This request seeks documents and communications referring to Abbott's marketing of Norvir or Kaletra to physicians after the price hike, including scripts and sales presentations. Abbott's response appears to limit production to "correspondence and communications with physicians after Norvir's price increase." Please confirm that Abbott has or will produce scripts and sales presentations to physicians after the Norvir price hike.

<u>Response to Eighth Document Requests No. 16</u>: This request seeks records of all communications from any physician or other healthcare provider regarding Norvir or Kaletra. Rather than agreeing to produce records of these communications, Abbott simply responds that it has already produced "communications from physicians and other health care providers relating to Norvir's price increase." Please confirm that Abbott has or will produce all *records* of such communications, including notes, memoranda and call logs memorializing such communications.

<u>Response to Eighth Document Requests Nos. 13</u>: This request seeks Norvir and Kaletra training manuals. Instead of agreeing to produce the requested materials, Abbott simply responds that it has produced training manuals related to the Norvir price hike and claims that any other materials are "irrelevant to any claim or defense in this action." Please confirm that Abbott will fully respond to this request.

E. **Bates Ranges for Documents Produced in State and Federal Investigations of the Norvir Price Hike**

Several weeks ago you agreed to produce a chart correlating the documents produced in this litigation with those produced in each State and Federal Investigation. GSK has not received that chart. On tomorrow's call, please be prepared to provide that information.

1880481

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Matthew A. Campbell
June 10, 2008
Page 4

### F. Bates Ranges for Depositions Taken in State and Federal Investigations

In our May 7, 2008 letter we requested the production of and the Bates ranges for the transcripts of depositions taken in these investigations of Laureen Cassidy; Elizabeth Pfau; Joseph Serio, Jr.; Jeffrey Leiden; and Joseph Fiske. In our May 13, 2008 call you claimed to give us the dates of all these depositions except Pfau's, and stated that you have produced these transcripts. Of the dates you provided, however, only one was from a state or federal investigation: the October 22, 2004 deposition of Joseph Fiske. The rest were dates of the individuals' depositions in *In re Norvir*. Please produce the transcripts for the depositions of Laureen Cassidy; Elizabeth Pfau; Joseph Serio, Jr; and Jeffrey Leiden taken in the State and Federal investigations of the Norvir price increase. If depositions of these individuals were not taken in the investigations, please let us know.

### G. Missing Attachments

In our May 8, 2008 letter we listed, by Bates number, emails and letters whose attachments or enclosures might be missing from Abbott's production. Please be prepared to provide us with responses to each of the items on our list on the call tomorrow.

### H. Missing Call Logs

In our May 8, 2008 letter we listed the Norvir Call Logs that GSK had located in Abbott's production and stated what date ranges we believe are missing from a complete call log production. Please be prepared to provide us with information about these gaps on our call tomorrow.

### I. Production Dates

We understand that Abbott planned to be substantially complete with its production by early June. Please confirm that Abbott's production is now substantially complete after its most recent production, and if not, when you expect the production to be complete.

Sincerely,

Trevor V. Stockinger

TVS

1880481