# EXHIBIT 14

# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON EC4N 8NH

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

(202) 282-5000

FACSIMILE (202) 282-5100

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

WRITER'S DIRECT DIAL NUMBER
(202) 282-5848

June 9, 2008

**VIA ELECTRONIC MAIL**
Mr. Trevor Stockinger
IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276

Re:   *GSK v. Abbott Labs.*, Case No. C 07-5702 CW

Dear Trevor:

This letter provides a brief response to your various inquiries about the scope of Abbott's prior production of documents in *In re Abbott Laboratories Norvir Anti-Trust Litigation*, No. C 04-1511 CW (Consolidated Case No. 04-4203) (the "Doe/SEIU litigation").

Abbott has repeatedly objected to the exceedingly broad and burdensome nature of GSK's Document Request No. 3. That document request seeks all documents responsive to any request for production served upon Abbott in the Doe/SEIU litigation, regardless of whether Abbott lodged any objections to the request or whether the parties to that litigation agreed to narrow the scope of the request.

Abbott does not believe that such a broad, open-ended and burdensome request is proper under the Federal Rules. In any event, Abbott has agreed to produce—and has produced—all non-privileged, responsive documents that it produced in the Doe/SEIU litigation. *See, e.g.*, Abbott's Amended Resp. to Doc. Req. No. 3. In addition, Abbott has agreed to produce—and has produced—all discovery responses in which Abbott raised any objections to those requests for production, any motions or court orders concerning those objections, and any non-privileged correspondence between the parties addressing those objections. *Id.*

We have also attempted to accommodate GSK's many demands for information concerning Abbott's prior production, but are concerned that GSK continues to use Document Request No. 3 as a vehicle for re-litigating many of the discovery issues in the Doe/SEIU litigation. As I have previously noted, Abbott's production in that case is the result of years of discussions and negotiations with opposing counsel, and in many cases, it is now impossible to recreate those discussions and negotiations. In a further effort to assist GSK in understanding

**WINSTON & STRAWN** LLP

Mr. Trevor Stockinger
June 9, 2008
Page 2

Abbott's positions in the prior litigation and the scope of its production, Abbott has agreed to produce—and now has produced—all discovery correspondence between counsel.

Nevertheless, as a courtesy and without prejudice to our objections here and in the Doe/SEIU litigation, we are prepared to provide answers to many of your questions concerning Abbott's production in that case on an informal basis during our next call this Wednesday. We stress, however, that locating answers to each of your questions has proven to be extremely time-consuming, and we will not continue to do so if GSK continues to use Document Request No. 3 as a means to re-litigate discovery in the Doe/SEIU case.

I look forward to speaking with you this Wednesday to attempt to answer your questions and to address Abbott's concerns about GSK's own discovery responses, which we have identified in a prior letter.

Sincerely,

*Matthew A. Campbell*

Matthew A. Campbell

cc:   Charles B. Klein
      Samuel S. Park