# EXHIBIT 18

IRELL & MANELLA LLP
Alexander F. Wiles (CA 73596)
Brian Hennigan (CA 86955)
Stephanie Kaufman (CA 162644)
Trevor V. Stockinger (CA 226359)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:    (310) 203-7199

ARNOLD & PORTER LLP
Kenneth A. Letzler (*Pro Hac Vice*)
555 Twelfth Street, NW
Washington, DC  20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Attorneys for Plaintiff
GlaxoSmithKline

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SMITHKLINE BEECHAM CORPORATION, d/b/a GLAXOSMITHKLINE,<br><br>  Plaintiff,<br><br>vs.<br><br>ABBOTT LABORATORIES,<br><br>  Defendant. | Case No. C 07-5702 CW<br><br>*Related by Order to:*<br><br>Case No. C 04-1511 CW<br><br>**SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO PLAINTIFF**<br><br>The Honorable Judge Claudia Wilken |

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

GSK incorporates by reference its General Objections. GSK further specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive. GSK further objects to this request as vague and ambiguous. GSK further objects to this request to the extent that this request calls for production of documents and information that are protected by the attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other applicable privilege or immunity. GSK further objects to this request to the extent it seeks the disclosure of information that is readily available from public sources, is equally available to Abbott, or is already in Abbott's possession. GSK further objects to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or confidentiality obligations or agreements with third parties. Subject to the foregoing Specific and General Objections, GSK will produce nonprivileged documents located after a reasonable search concerning marketing, pricing and forecasting for GSK's protease inhibitors.

**REQUEST FOR PRODUCTION NO. 12**:

All documents that discuss Lexiva's performance in the marketplace and any factors impacting Lexiva's performance, including, but not limited to: (i) the timing of Lexiva's launch and, particularly, the fact that it post-dated the launch of Reyataz; (ii) the performance of Agenerase; and (iii) the proximity of the Lexiva launch to the holiday season.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

GSK incorporates by reference its General Objections. GSK further specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive. GSK further objects to this request as vague and ambiguous, particularly as to the term "performance." GSK further objects to this request to the extent that this request calls for production of documents and information that are protected by the attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other applicable privilege or immunity. GSK further objects to this request to the extent it seeks the disclosure of information that is readily available from public sources, is equally available to Abbott, or is already in Abbott's possession. GSK further objects to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

**REQUEST FOR PRODUCTION NO. 28**:

All marketing materials relating to your ARV Drugs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

GSK incorporates by reference its General Objections. GSK further objects to the extent this request seeks documents not reasonably calculated to lead to the discovery of admissible evidence. GSK further specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, particularly to as relates to the term "ARV Drugs." GSK further objects to this request as vague and ambiguous. GSK further objects to this request to the extent that this request calls for production of documents and information that are protected by the attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other applicable privilege or immunity. GSK further objects to this request to the extent it seeks the disclosure of information that is readily available from public sources, is equally available to Abbott, or is already in Abbott's possession. GSK further objects to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or confidentiality obligations or agreements with third parties. Subject to the foregoing Specific and General Objections, GSK will produce nonprivileged documents located after a reasonable search concerning marketing, pricing and forecasting for GSK's protease inhibitors, which GSK believes will include the requested documents to the extent these documents concern GSK's protease inhibitors when used to treat HIV/AIDS.

**REQUEST FOR PRODUCTION NO. 29**:

All market research materials related to Lexiva, including all internal and third party (e.g., TVG and EIDETICS) marketing research and analysis materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

GSK incorporates by reference its General Objections. GSK further specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive. GSK further objects to this request as vague and ambiguous. GSK further objects to this request to the extent that this request calls for production of documents and information that are protected by the attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138**:

GSK incorporates by reference its General Objections. GSK further specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive. GSK further objects to this request as vague and ambiguous, particularly as to the term "reviewed and relied upon." GSK further objects to this request to the extent that this request calls for production of documents and information that are protected by the attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other applicable privilege or immunity. GSK further objects to this request to the extent it seeks the disclosure of information that is readily available from public sources, is equally available to Abbott, or is already in Abbott's possession. GSK further objects to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or confidentiality obligations or agreements with third parties.

Dated: April 15, 2008

IRELL & MANELLA LLP
ARNOLD & PORTER LLP

By: _____
Trevor V. Stockinger
Attorney for GlaxoSmithKline