1   IRELL & MANELLA LLP
    Alexander F. Wiles (CA 73596)
2   Brian Hennigan (CA 86955)
    Stephanie Kaufman (CA 162644)
3   Trevor V. Stockinger (CA 226359)
    1800 Avenue of the Stars, Suite 900
4   Los Angeles, California 90067-4276
    Telephone:   (310) 277-1010
5   Facsimile:    (310) 203-7199

6   ARNOLD & PORTER LLP
    Kenneth A. Letzler (*Pro Hac Vice*)
7   555 Twelfth Street, NW
    Washington, DC  20004-1206
8   Telephone: (202) 942-5000
    Facsimile: (202) 942-5999

9
    Attorneys for Plaintiff
10  GlaxoSmithKline

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                          OAKLAND DIVISION

14
    SMITHKLINE BEECHAM              )    Case No. C 07-5702 CW
15  CORPORATION, d/b/a              )
    GLAXOSMITHKLINE,                )    *Related by Order to:*
16                                  )
              Plaintiff,            )    Case No. C 04-1511 CW
17                                  )
         vs.                        )    **SUPPLEMENTAL RESPONSE TO**
18                                  )    **ABBOTT LABORATORIES' FIRST SET**
    ABBOTT LABORATORIES,            )    **OF REQUESTS FOR DOCUMENTS AND**
19                                  )    **THINGS TO PLAINTIFF**
              Defendant.            )
20  _____)    The Honorable Judge Claudia Wilken

21

22

23

24

25

26

27

28

1836872

1    Pursuant to Federal Rule of Civil Procedure 34, plaintiff SmithKline Beecham Corporation

2   d/b/a GlaxoSmithKline ("GSK") responds to Defendant Abbott Laboratories' ("Abbott") First Set

3   of Requests for Production of Documents And Things ("Requests").

4                          **GENERAL STATEMENT AND OBJECTIONS**

5        1.      This response is made solely for the purpose of this action, and documents

6   identified and produced in response to the Requests are produced solely for purposes of this

7   action.  This response is subject to all objections as to competence, relevance, materiality,

8   propriety and admissibility, and to any and all other objections on any grounds for exclusion of

9   evidence, all of which are expressly reserved and may be interposed at the time of trial.  The

10  assertion of any objection to the Requests below is neither intended as, nor shall in any way be

11  deemed, a waiver of GSK's right to assert that or any other objection at a later date.  Specific

12  objections to each Request are made on an individual basis in GSK's responses below.  In addition

13  to these specific objections, GSK makes certain general objections to the Requests.  These general

14  objections are hereby incorporated into the responses made with respect to each separate Request

15  as though set forth in full therein.  For particular emphasis, GSK has, from time to time, expressly

16  included one or more of the general objections in the specific responses below.  GSK's responses

17  to each individual Request are submitted without prejudice to, and without in any respect limiting

18  or waiving, any general objections not set forth in that response.  In addition, the failure to include

19  at this time any general objection or specific objection to a specific Request is neither intended as,

20  nor shall be in any way deemed, a limitation or waiver of GSK's right to assert that or any other

21  objection at a later date.  No incidental or implied admissions are intended by the responses below.

22  For example, an agreement by GSK to produce a category of documents is not intended as an

23  admission that any responsive documents were created or exist.

24       2.      GSK objects to the Requests to the extent they call for the production of documents

25  that fall within the protection of the attorney-client privilege, the attorney work-product doctrine,

26  informer privilege, joint defense privilege, settlement privilege or any other applicable privilege or

27  doctrine.  GSK also specifically objects to the requests to the extent they purport to place a burden

28  upon GSK to log privileged communications with outside litigation counsel of record or

SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION
REQUESTS

1    documents created after the present suit was filed.  To the extent any privileged document is

2    inadvertently produced, GSK reserves all its rights under Federal Rule of Civil Procedure 26.

3    GSK will identify the documents or information created before November 9, 2007, the date the

4    Complaint in this action was filed, for which it asserts a claim of privilege.

5         3.    GSK objects to the Requests to the extent they seek the disclosure of information

6    that is not relevant to the subject matter of this action or that is not reasonably calculated to lead to

7    the discovery of admissible evidence.

8         4.    GSK objects to the Requests to the extent they seek the disclosure of information

9    that is readily available from public sources, is equally available to Abbott, or is already in

10   Abbott's possession.  By these responses, GSK undertakes no obligation to collect or produce any

11   public documents available to Abbott.

12        5.    GSK objects to the Requests to the extent they seek to impose upon GSK greater

13   burdens than are established by the rules governing responses to requests for production.

14        6.    GSK objects to the Requests as overbroad, oppressive, and unduly burdensome.

15   GSK particularly objects to Abbott's definition of "Plaintiff" and "you" as vague, overbroad,

16   oppressive, and unduly burdensome.  GSK will treat these terms as referring to plaintiff GSK.

17   GSK also particularly objects to Abbott's definition of "Defendant" and "Abbott" as vague,

18   overbroad, oppressive, and unduly burdensome.  GSK will treat these terms as referring to Abbott.

19   GSK further particularly objects to the definition of "License Agreement" as vague, ambiguous

20   and overbroad.  GSK further objects to the definitions of the terms "Abbott Competitors," "Non-

21   Nucleoside Reverse Transcriptase Inhibitors," "NNRTIs," "Nucleotide/Nucleoside Reverse

22   Transcriptase Inhibitors," "NRTIs," "Protease Inhibitors," "PIs," "Entry Inhibitors," "Antiretroviral

23   Drugs," "ARV Drugs," and "Lexiva," as vague, ambiguous, unduly burdensome, harassing,

24   oppressive, and overbroad, particularly to the extent that these definitions purport to impose duties

25   beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules.

26        7.    GSK objects to the Requests as overbroad, oppressive, and unduly burdensome to

27   the extent they request documents without any time limitation.  GSK will produce documents

28   created from January 1, 1999 to December 31, 2004, unless otherwise specified.

- 3 -

SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION
REQUESTS

8.      GSK objects to the Requests as a whole based on their duplicative and redundant nature.  GSK's response to any particular Request does not in any way imply or express that such Request is unique or covers subject matter different in scope from that of prior or succeeding requests.

9.      GSK objects to the Requests to the extent they purport to require GSK to search for documents and files that are not within GSK's possession, custody or control.  GSK will use reasonable diligence to locate documents in facilities directly under its control based upon an examination of those files reasonably expected to yield responsive documents.

10.     GSK objects to the Requests to the extent they seek documents that GSK is not permitted to disclose pursuant to protective orders or confidentiality obligations or agreements with third parties.

11.     GSK's responses, while based on diligent exploration by GSK and its counsel, reflect the current state of GSK's knowledge, understanding, and belief with regard to matters about which inquiry has been made.  Discovery in this case is not complete, and consequently, GSK continues to investigate the facts relating to this action.  GSK anticipates that, as this action proceeds, further facts or documents may be discovered, or their significance better understood, and GSK reserves the right to modify or supplement its responses with such pertinent documents.  Furthermore, these responses are given without prejudice to GSK's right to use or rely on at any time, including trial, any subsequently discovered documents, or any documents omitted from this production by inadvertence, oversight, or otherwise.

12.     GSK objects to the Definitions and Instructions of the Requests to the extent they purport to impose duties beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules.  GSK will comply with the Federal Rules of Civil Procedure and the Local Rules.

Subject to the foregoing General Objections, all of which are incorporated by reference below in each separate response, GSK responds to Abbott's Requests as follows:

1

## REQUESTS FOR PRODUCTION

2 **REQUEST FOR PRODUCTION NO. 1**:

3       All documents relating to the price difference between boosted Lexiva and unboosted

4 Lexiva, including documents discussing GSK's concerns relating to the "glaring price differences"

5 between the two regimens, as noted in the internal GSK document titled "908 Financial

6 Environment."

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

8       GSK incorporates by reference its General Objections.  GSK objects to this request to the

9 extent it seeks documents not reasonably calculated to lead to the discovery of admissible

10 evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

11 unduly burdensome and oppressive.  GSK further objects to this request as vague and ambiguous,

12 particularly in that the request takes out of context the term "glaring price differences," it

13 presumes facts, and it does not clearly specify to which document it is referring.  GSK further

14 objects to this request to the extent that this request calls for production of documents and

15 information that are protected by the attorney-client privilege, the informer privilege, the attorney

16 work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

17 request to the extent it seeks the disclosure of information that is readily available from public

18 sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

19 to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

20 protective orders and/or confidentiality obligations or agreements with third parties.  Subject to the

21 foregoing Specific and General Objections, GSK will produce nonprivileged documents located

22 after a reasonable search concerning marketing, pricing and forecasting for GSK's protease

23 inhibitors, which GSK believes will include the requested documents.

24 **REQUEST FOR PRODUCTION NO. 2**:

25       All documents relating to Kaletra's potency, including those explaining Kaletra's "potency

26 advantage," as noted in the internal GSK document titled "908 Competitive Position."

27

28

1836872

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

2       GSK incorporates by reference its General Objections.  GSK further specifically objects to

3  this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

4  objects to this request as vague and ambiguous, particularly as to the term "potency."  The request

5  is also vague and ambiguous because it takes out of context the term "potency advantage," it

6  presumes facts, and it does not clearly specify to which document it is referring.  GSK further

7  objects to this request to the extent that this request calls for production of documents and

8  information that are protected by the attorney-client privilege, the informer privilege, the attorney

9  work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

10 request to the extent it seeks the disclosure of information that is readily available from public

11 sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

12 to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

13 protective orders and/or confidentiality obligations or agreements with third parties.  Subject to the

14 foregoing Specific and General Objections, GSK will produce nonprivileged documents

15 concerning the therapeutic performance, safety or efficacy of GSK's protease inhibitors located

16 after a reasonable search and Kaletra when used to treat HIV/AIDS.  GSK also refers Abbott to its

17 response to Request No. 18.

18 **REQUEST FOR PRODUCTION NO. 3**:

19       All documents relating to the reason or reasons GSK has "consistently assumed Kaletra

20 remains market leader," as noted in the internal GSK document titled "908 Competitive Position."

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

22       GSK incorporates by reference its General Objections.  GSK further specifically objects to

23 this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

24 objects to this request as vague and ambiguous, particularly in that the request takes out of context

25 the phrase "consistently assumed Kaletra remains market leader," it presumes facts, and it does not

26 clearly specify to which document it is referring.  GSK further objects to this request as based on

27 statements subject to proof.  GSK further objects to this request to the extent that it calls for

28 production of documents and information that are protected by the attorney-client privilege, the

1  informer privilege, the attorney work-product doctrine or any other applicable privilege or

2  immunity.  GSK further objects to this request to the extent it seeks the disclosure of information

3  that is readily available from public sources, is equally available to Abbott, or is already in

4  Abbott's possession.  GSK further objects to this request to the extent it seeks documents that GSK

5  is not permitted to disclose pursuant to protective orders and/or confidentiality obligations or

6  agreements with third parties.

7  **REQUEST FOR PRODUCTION NO. 4**:

8       All documents relating to or discussing the "PR risk" of Lexiva's pricing structure, as

9  noted in the internal GSK document titled "908 Overview."

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

11       GSK incorporates by reference its General Objections.  GSK further specifically objects to

12  this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

13  objects to this request as vague and ambiguous, particularly in that the request takes out of context

14  the term "PR risk," it presumes facts, and it does not clearly specify to which document it is

15  referring.  GSK further objects to this request as based on statements subject to proof.  GSK

16  further objects to this request to the extent that this request calls for production of documents and

17  information that are protected by the attorney-client privilege, the informer privilege, the attorney

18  work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

19  request to the extent it seeks the disclosure of information that is readily available from public

20  sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

21  to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

22  protective orders and/or confidentiality obligations or agreements with third parties.  Subject to the

23  foregoing Specific and General Objections, GSK will produce nonprivileged documents located

24  after a reasonable search concerning marketing, pricing and forecasting for GSK's protease

25  inhibitors, which GSK believes will include the requested documents.

26  **REQUEST FOR PRODUCTION NO. 5**:

27       All documents relating to or discussing GSK's concern that ritonavir boosting "cuts

28  revenue per patient by half!!" as noted in the internal GSK document titled "908 Overview."

- 7 -

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

2        GSK incorporates by reference its General Objections.  GSK further specifically objects to

3    this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

4    objects to this request as vague and ambiguous, particularly in that the request takes out of context

5    the phrase "cuts revenue per patient by half!!" it presumes facts, and it does not clearly specify to

6    which document it is referring.  GSK objects to this request as based on statements subject to

7    proof.  GSK further objects to this request to the extent that this request calls for production of

8    documents and information that are protected by the attorney-client privilege, the informer

9    privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

10   further objects to this request to the extent it seeks the disclosure of information that is readily

11   available from public sources, is equally available to Abbott, or is already in Abbott's possession.

12   GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

13   disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

14   parties.  Subject to the foregoing Specific and General Objections, GSK will produce

15   nonprivileged documents located after a reasonable search concerning marketing, pricing and

16   forecasting for GSK's protease inhibitors, which GSK believes will include the requested

17   documents.

18   **REQUEST FOR PRODUCTION NO. 6**:

19       All documents relating to any perception that Agenerase is or was an inferior drug,

20   including those that discuss the "AGN [Agenerase] baggage" on Lexiva's performance, as noted

21   in the internal GSK document titled "908 Positioning."

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

23       GSK incorporates by reference its General Objections.  GSK further specifically objects to

24   this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

25   objects to this request as vague and ambiguous, particularly in that the request takes out of context

26   the phrase "AGN [Agenerase] baggage," it presumes facts, and it does not clearly specify to which

27   document it is referring.  GSK further objects to this request as based on statements subject to

28   proof.  GSK further objects to this request to the extent that this request calls for production of

SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION
REQUESTS

1  documents and information that are protected by the attorney-client privilege, the attorney work-

2  product doctrine or any other applicable privilege or immunity.  GSK further objects to this

3  request to the extent it seeks the disclosure of information that is readily available from public

4  sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

5  to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

6  protective orders and/or confidentiality obligations or agreements with third parties.  Subject to the

7  foregoing Specific and General Objections, GSK will produce nonprivileged documents located

8  after a reasonable search relating to the therapeutic performance, safety or efficacy of Lexiva and

9  Agenerase when used to treat HIV/AIDS.  GSK also refers Abbott to its response to Request No.

10 18.

11 **REQUEST FOR PRODUCTION NO. 7**:

12       All documents related to Pete Hare's (VP, HIV Business Unit, HIV Division) presentation

13 to investors on September 17, 2007 in Philadelphia, PA, including: (i) documents supporting his

14 presentation; and (ii) any transcript or recording of his presentation.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

16       GSK incorporates by reference its General Objections.  GSK objects to this request to the

17 extent it seeks documents not reasonably calculated to lead to the discovery of admissible

18 evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

19 unduly burdensome and oppressive.  GSK further objects to this request as vague and ambiguous.

20 GSK further objects to this request to the extent that this request calls for production of documents

21 and information that are protected by the attorney-client privilege, the informer privilege, the

22 attorney work-product doctrine or any other applicable privilege or immunity.  GSK further

23 objects to this request to the extent it seeks the disclosure of information that is readily available

24 from public sources, is equally available to Abbott, or is already in Abbott's possession.  GSK

25 further objects to this request to the extent it seeks documents that GSK is not permitted to

26 disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

27 parties.  Subject to the foregoing Specific and General Objections, GSK will produce

28 nonprivileged documents responsive to this request that are located after a reasonable search.

- 9 -

1  **REQUEST FOR PRODUCTION NO. 8**:

2      All press releases related to Lexiva.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

4      GSK incorporates by reference its General Objections.  GSK further specifically objects to

5  this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

6  objects to this request as vague and ambiguous.  GSK further objects to this request to the extent

7  that this request calls for production of documents and information that are protected by the

8  attorney-client privilege, the attorney work-product doctrine or any other applicable privilege or

9  immunity.  GSK further objects to this request to the extent it seeks the disclosure of information

10  that is readily available from public sources, is equally available to Abbott, or is already in

11  Abbott's possession.  GSK further objects to this request to the extent it seeks documents that GSK

12  is not permitted to disclose pursuant to protective orders and/or confidentiality obligations or

13  agreements with third parties.  Subject to the foregoing Specific and General Objections, GSK will

14  produce nonprivileged documents responsive to this request that are located after a reasonable

15  search.

16  **REQUEST FOR PRODUCTION NO. 9**:

17      All copies of "HIV Strategy Updates."

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

19      GSK incorporates by reference its General Objections.  GSK objects to this request to the

20  extent it seeks documents not reasonably calculated to lead to the discovery of admissible

21  evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

22  unduly burdensome and oppressive, particularly to the extent this request seeks documents

23  unbounded by a relevant time period or subject matter.  GSK further objects to this request as

24  vague and ambiguous, particularly as to the term "HIV Strategy Updates."  GSK further objects to

25  this request to the extent that this request calls for production of documents and information that

26  are protected by the attorney-client privilege, the informer privilege, the attorney work-product

27  doctrine or any other applicable privilege or immunity.  GSK further objects to this request to the

28  extent it seeks the disclosure of information that is readily available from public sources, is

SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION REQUESTS

1  equally available to Abbott, or is already in Abbott's possession.  GSK further objects to this

2  request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

3  protective orders and/or confidentiality obligations or agreements with third parties.  Subject to the

4  foregoing Specific and General Objections, GSK will produce nonprivileged documents located

5  after a reasonable search concerning marketing, pricing and forecasting for GSK's protease

6  inhibitors, which GSK believes will include the requested documents.

7  **REQUEST FOR PRODUCTION NO. 10**:

8      All copies of the "Strategic Brand Plan" for Lexiva.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

10      GSK incorporates by reference its General Objections.  GSK further specifically objects to

11  this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

12  objects to this request as vague and ambiguous, particularly as to the term "Strategic Brand Plan."

13  GSK further objects to this request to the extent that this request calls for production of documents

14  and information that are protected by the attorney-client privilege, the informer privilege, the

15  attorney work-product doctrine or any other applicable privilege or immunity.  GSK further

16  objects to this request to the extent it seeks the disclosure of information that is readily available

17  from public sources, is equally available to Abbott, or is already in Abbott's possession.  GSK

18  further objects to this request to the extent it seeks documents that GSK is not permitted to

19  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

20  parties.  Subject to the foregoing Specific and General Objections, GSK will produce

21  nonprivileged documents located after a reasonable search concerning marketing, pricing and

22  forecasting for GSK's protease inhibitors, which GSK believes will include the requested

23  documents.

24  **REQUEST FOR PRODUCTION NO. 11**:

25      All documents relating to and discussing each of your price increases on Lexiva, including

26  your price increases on or about January 2004, January 2005, January 2006, December 2006, and

27  August 2007.

28

- 11 -

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

2      GSK incorporates by reference its General Objections.  GSK further specifically objects to

3 this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

4 objects to this request as vague and ambiguous.  GSK further objects to this request to the extent

5 that this request calls for production of documents and information that are protected by the

6 attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other

7 applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the

8 disclosure of information that is readily available from public sources, is equally available to

9 Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

10 seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

11 confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and

12 General Objections, GSK will produce nonprivileged documents located after a reasonable search

13 concerning marketing, pricing and forecasting for GSK's protease inhibitors.

14   **REQUEST FOR PRODUCTION NO. 12**:

15      All documents that discuss Lexiva's performance in the marketplace and any factors

16 impacting Lexiva's performance, including, but not limited to: (i) the timing of Lexiva's launch

17 and, particularly, the fact that it post-dated the launch of Reyataz; (ii) the performance of

18 Agenerase; and (iii) the proximity of the Lexiva launch to the holiday season.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

20      GSK incorporates by reference its General Objections.  GSK further specifically objects to

21 this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

22 objects to this request as vague and ambiguous, particularly as to the term "performance."  GSK

23 further objects to this request to the extent that this request calls for production of documents and

24 information that are protected by the attorney-client privilege, the informer privilege, the attorney

25 work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

26 request to the extent it seeks the disclosure of information that is readily available from public

27 sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

28 to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

1  protective orders and/or confidentiality obligations or agreements with third parties. Subject to the

2  foregoing Specific and General Objections, GSK will produce nonprivileged documents located

3  after a reasonable search concerning marketing, pricing and forecasting for GSK's protease

4  inhibitors, which GSK believes will include the requested documents.

5  **REQUEST FOR PRODUCTION NO. 13**:

6      All documents relating to your plan or strategy, at any time, to convert patients from

7  Agenerase to Lexiva.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

9      GSK incorporates by reference its General Objections. GSK objects to this request to the

10  extent it seeks documents not reasonably calculated to lead to the discovery of admissible

11  evidence. GSK further specifically objects to this request on the grounds that it is overbroad,

12  unduly burdensome and oppressive. GSK further objects to this request as vague and ambiguous.

13  GSK further objects to this request to the extent that this request calls for production of documents

14  and information that are protected by the attorney-client privilege, the informer privilege, the

15  attorney work-product doctrine or any other applicable privilege or immunity. GSK further

16  objects to this request to the extent it seeks the disclosure of information that is readily available

17  from public sources, is equally available to Abbott, or is already in Abbott's possession. GSK

18  further objects to this request to the extent it seeks documents that GSK is not permitted to

19  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

20  parties. Subject to the foregoing Specific and General Objections, GSK will produce

21  nonprivileged documents located after a reasonable search concerning marketing, pricing and

22  forecasting for GSK's protease inhibitors, which GSK believes will include the requested

23  documents.

24  **REQUEST FOR PRODUCTION NO. 14**:

25      All documents relating to clinical studies of Lexiva, including all documents relating to the

26  KLEAN, ALERT, and CONTEXT studies.

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

2       GSK incorporates by reference its General Objections.  GSK objects to this request to the

3  extent it seeks documents not reasonably calculated to lead to the discovery of admissible

4  evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

5  unduly burdensome and oppressive.  GSK further objects to this request as vague and ambiguous.

6  GSK further objects to this request to the extent that this request calls for production of documents

7  and information that are protected by the attorney-client privilege, the attorney work-product

8  doctrine or any other applicable privilege or immunity.  GSK further objects to this request to the

9  extent it seeks the disclosure of information that is readily available from public sources, is

10  equally available to Abbott, or is already in Abbott's possession.  GSK further objects to this

11  request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

12  protective orders and/or confidentiality obligations or agreements with third parties.  Subject to the

13  foregoing Specific and General Objections, GSK will produce nonprivileged documents located

14  after a reasonable search relating to the therapeutic performance, safety or efficacy of Lexiva and

15  Agenerase when used to treat HIV/AIDS.  GSK also refers Abbott to its response to Request No.

16  18.

17  **REQUEST FOR PRODUCTION NO. 15**:

18       All documents relating to your decision to proceed with the KLEAN, ALERT, CONTEXT

19  and any other clinical studies on Lexiva.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**:

21       GSK incorporates by reference its General Objections.  GSK objects to this request to the

22  extent it seeks documents not reasonably calculated to lead to the discovery of admissible

23  evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

24  unduly burdensome and oppressive.  GSK further objects to this request as vague and ambiguous,

25  particularly as to the term "decision to proceed."  GSK further objects to this request to the extent

26  that this request calls for production of documents and information that are protected by the

27  attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other

28  applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the

- 14 -

1  disclosure of information that is readily available from public sources, is equally available to

2  Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

3  seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

4  confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and

5  General Objections, GSK will produce nonprivileged documents located after a reasonable search

6  relating to the therapeutic performance, safety or efficacy of Lexiva and Agenerase when used to

7  treat HIV/AIDS.  GSK also refers Abbott to its response to Request No. 18.

8  **REQUEST FOR PRODUCTION NO. 16**:

9       All publications resulting from the KLEAN, ALERT, and CONTEXT studies.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

11      GSK incorporates by reference its General Objections.  GSK objects to this request to the

12 extent it seeks documents not reasonably calculated to lead to the discovery of admissible

13 evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

14 unduly burdensome and oppressive.  GSK further objects to this request as vague and ambiguous.

15 GSK further objects to this request to the extent that this request calls for production of documents

16 and information that are protected by the attorney-client privilege, the informer privilege, the

17 attorney work-product doctrine or any other applicable privilege or immunity.  GSK further

18 objects to this request to the extent it seeks the disclosure of information that is readily available

19 from public sources, is equally available to Abbott, or is already in Abbott's possession.  GSK

20 further objects to this request to the extent it seeks documents that GSK is not permitted to

21 disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

22 parties.  Subject to the foregoing Specific and General Objections, GSK will produce

23 nonprivileged documents located after a reasonable search relating to the therapeutic performance,

24 safety or efficacy of Lexiva and Agenerase when used to treat HIV/AIDS.  GSK also refers Abbott

25 to its response to Request No. 18.

26 **REQUEST FOR PRODUCTION NO. 17**:

27      All adverse event reports relating to Lexiva.

28

- 15 -

1836872

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

2      GSK incorporates by reference its General Objections.  GSK objects to this request to the

3  extent it seeks documents not reasonably calculated to lead to the discovery of admissible

4  evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

5  unduly burdensome and oppressive.  GSK further objects to this request as vague and ambiguous,

6  particularly as to the term "adverse event reports."  GSK further objects to this request to the

7  extent that this request calls for production of documents and information that are protected by the

8  attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other

9  applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the

10  disclosure of information that is readily available from public sources, is equally available to

11  Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

12  seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

13  confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and

14  General Objections, GSK will produce nonprivileged documents located after a reasonable search

15  relating to the therapeutic performance, safety or efficacy of Lexiva and Agenerase when used to

16  treat HIV/AIDS.  GSK also refers Abbott to its response to Request No. 18.

17  **REQUEST FOR PRODUCTION NO. 18**:

18      New Drug Application ("NDA") No. 21-548.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

20      GSK incorporates by reference its General Objections.  GSK objects to this request to the

21  extent it seeks documents not reasonably calculated to lead to the discovery of admissible

22  evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

23  unduly burdensome and oppressive.  GSK further objects to this request to the extent it seeks the

24  disclosure of information that is readily available from public sources, is equally available to

25  Abbott, or is already in Abbott's possession.  Subject to and without waiving the foregoing

26  General and Specific Objections, GSK will produce the requested document for inspection.

27

28

1836872

1  **REQUEST FOR PRODUCTION NO. 19**:

2          All documents concerning the allegations in your Complaint, including: (i) documents you

3  used, relied upon or referenced in drafting your Complaint; and (ii) documents that support the

4  allegations in your Complaint.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

6          GSK incorporates by reference its General Objections.  GSK further specifically objects to

7  this request on the grounds that it is overbroad, unduly burdensome and oppressive because this

8  request, if read literally, encompasses every document relating to GSK's business in designing,

9  developing, manufacturing, selling and distributing protease inhibitors.  Further, GSK objects

10  because documents supporting GSK's claims, including those referenced in the Complaint at

11  Exhibits A and B, are in the possession, custody and control of Abbott.  GSK further objects to

12  this request as vague and ambiguous because this request fails to describe the requested documents

13  with any particularity, let alone "reasonable particularity" as required under Federal Rule of Civil

14  Procedure 34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for

15  production of documents and information that are protected by the attorney-client privilege, the

16  informer privilege, the attorney work-product doctrine or any other applicable privilege or

17  immunity.  GSK further objects to this request to the extent it seeks the disclosure of information

18  that is readily available from public sources, is equally available to Abbott, or is already in

19  Abbott's possession.  GSK further objects to this request to the extent it seeks documents that GSK

20  is not permitted to disclose pursuant to protective orders and/or confidentiality obligations or

21  agreements with third parties.  Subject to the foregoing Specific and General Objections, GSK

22  believes that the documents it will be producing in response to other document requests will

23  include all non-privileged documents from its files used, relied upon or referenced in filing its

24  Complaint.

25  **REQUEST FOR PRODUCTION NO. 20**:

26          All documents you intend to introduce or rely upon at trial.

27

28

- 17 -

1836872

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

2          GSK incorporates by reference its General Objections.  GSK further specifically objects to

3  this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

4  objects to this request as vague and ambiguous.  GSK objects to this request as premature.  GSK

5  further objects to this request to the extent that this request calls for production of documents and

6  information that are protected by the attorney-client privilege, the informer privilege, the attorney

7  work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

8  request to the extent it seeks the disclosure of information that is readily available from public

9  sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

10  to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

11  protective orders and/or confidentiality obligations or agreements with third parties.  GSK will

12  identify documents it may introduce as evidence at trial at the time and in the manner specified in

13  the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, and any

14  other applicable Orders or rules.

15  **REQUEST FOR PRODUCTION NO. 21**:

16          All documents received or obtained from Abbott Competitors during the course of this

17  litigation that relate in any way to the subject matter, underlying facts or claims set forth in your

18  Complaint, including all documents obtained pursuant to subpoena.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

20          GSK incorporates by reference its General Objections.  GSK further specifically objects to

21  this request on the grounds that it is overbroad, unduly burdensome and oppressive, particularly as

22  relates to the term "Abbott Competitors."  GSK objects to this request as vague and ambiguous

23  and failing to describe with reasonable particularity the documents requested for production.  GSK

24  further objects to this request to the extent that this request calls for production of documents and

25  information that are protected by the attorney-client privilege, the informer privilege, the attorney

26  work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

27  request to the extent it seeks the disclosure of information that is readily available from public

28  sources, is equally available to Abbott, is already in Abbott's possession, or has been produced by

- 18 -

1836872

1   Abbott to GSK or plaintiffs in the related cases.  GSK further objects to this request to the extent it

2   seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

3   confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and

4   General Objections, GSK believes that the documents it will be producing in response to other

5   document requests will include all non-privileged documents from its files used, relied upon or

6   referenced in filing its Complaint.

7   **REQUEST FOR PRODUCTION NO. 22**:

8        All documents identified in your responses to Abbott's interrogatories, or referred to or

9   relied upon in preparing such responses.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

11       GSK incorporates by reference its General Objections.  GSK further specifically objects to

12  this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

13  objects to this request as vague and ambiguous.  GSK further objects to this request to the extent

14  that this request calls for production of documents and information that are protected by the

15  attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other

16  applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the

17  disclosure of information that is readily available from public sources, is equally available to

18  Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

19  seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

20  confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and

21  General Objections, GSK will produce nonprivileged documents identified in its responses to

22  Abbott's interrogatories.

23  **REQUEST FOR PRODUCTION NO. 23**:

24       All documents relating to the pricing of your ARV Drugs and the factors that determine

25  how you set the prices for such drugs.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

27       GSK incorporates by reference its General Objections.  GSK objects to this request to the

28  extent it seeks documents not reasonably calculated to lead to the discovery of admissible

1836872

1  evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

2  unduly burdensome and oppressive, particularly as relates to the term "ARV Drugs."  GSK further

3  objects to this request as vague and ambiguous.  GSK further objects to this request to the extent

4  that this request calls for production of documents and information that are protected by the

5  attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other

6  applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the

7  disclosure of information that is readily available from public sources, is equally available to

8  Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

9  seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

10  confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and

11  General Objections, GSK will produce nonprivileged documents located after a reasonable search

12  concerning marketing, pricing, and forecasting for GSK's protease inhibitors, which GSK believes

13  will include the requested documents to the extent these documents concern GSK's protease

14  inhibitors when used to treat HIV/AIDS.

15  **REQUEST FOR PRODUCTION NO. 24**:

16       All documents and communications relating to any discussions with Abbott concerning the

17  License Agreement.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

19       GSK incorporates by reference its General Objections.  GSK further specifically objects to

20  this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

21  objects to this request as vague and ambiguous, particularly as to the term "License Agreement."

22  GSK further objects to this request to the extent that this request calls for production of documents

23  and information that are protected by the attorney-client privilege, the informer privilege, the

24  attorney work-product doctrine or any other applicable privilege or immunity.  GSK further

25  objects to this request to the extent it seeks the disclosure of information that is readily available

26  from public sources, is equally available to Abbott, or is already in Abbott's possession. Subject to

27  the foregoing Specific and General Objections, GSK will produce nonprivileged documents

28  located after a reasonable search relating to any discussions with Abbott concerning the agreement

SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION
REQUESTS

1  between Abbott and GSK dated December 13, 2002 concerning coprescription and

2  coadministration rights to ritonavir.

3  **REQUEST FOR PRODUCTION NO. 25**:

4      All documents relating to your pricing and profit strategies for your ARV drugs.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

6      GSK incorporates by reference its General Objections.  GSK objects to this request to the

7  extent it seeks documents not reasonably calculated to lead to the discovery of admissible

8  evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

9  unduly burdensome and oppressive, particularly as relates to the term "ARV Drugs."  GSK further

10  objects to this request as vague and ambiguous.  GSK further objects to this request to the extent

11  that this request calls for production of documents and information that are protected by the

12  attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other

13  applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the

14  disclosure of information that is readily available from public sources, is equally available to

15  Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

16  seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

17  confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and

18  General Objections, GSK will produce nonprivileged documents as set forth in its response to

19  Request Nos. 23 and 26.

20  **REQUEST FOR PRODUCTION NO. 26**:

21      All price-related analysis relating to Lexiva.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:

23      GSK incorporates by reference its General Objections.  GSK further specifically objects to

24  this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

25  objects to this request as vague and ambiguous, particularly as to the term "price-related."  GSK

26  further objects to this request to the extent that this request calls for production of documents and

27  information that are protected by the attorney-client privilege, the informer privilege, the attorney

28  work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

1 request to the extent it seeks the disclosure of information that is readily available from public

2 sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

3 to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

4 protective orders and/or confidentiality obligations or agreements with third parties.  Subject to the

5 foregoing Specific and General Objections, GSK will produce nonprivileged documents located

6 after a reasonable search concerning marketing, pricing and forecasting for GSK's protease

7 inhibitors, which GSK believes will include the requested documents.

8 **REQUEST FOR PRODUCTION NO. 27**:

9        All communications relating to the price of your ARV Drugs, including all complaints and

10 concerns that your ARV Drugs are priced too high.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

12        GSK incorporates by reference its General Objections.  GSK further objects to the extent

13 this request seeks documents not reasonably calculated to lead to the discovery of admissible

14 evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

15 unduly burdensome and oppressive.  GSK further objects to this request as vague and ambiguous,

16 particularly as relates to the term "ARV Drugs."  GSK further objects to this request to the extent

17 that this request calls for production of documents and information that are protected by the

18 attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other

19 applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the

20 disclosure of information that is readily available from public sources, is equally available to

21 Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

22 seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

23 confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and

24 General Objections, GSK will produce nonprivileged documents located after a reasonable search

25 concerning marketing, pricing and forecasting for GSK's protease inhibitors, which GSK believes

26 will include the requested documents to the extent these documents concern GSK's protease

27 inhibitors when used to treat HIV/AIDS.

28

1836872

1  **REQUEST FOR PRODUCTION NO. 28**:

2      All marketing materials relating to your ARV Drugs.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

4      GSK incorporates by reference its General Objections.  GSK further objects to the extent

5  this request seeks documents not reasonably calculated to lead to the discovery of admissible

6  evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

7  unduly burdensome and oppressive, particularly to as relates to the term "ARV Drugs."  GSK

8  further objects to this request as vague and ambiguous.  GSK further objects to this request to the

9  extent that this request calls for production of documents and information that are protected by the

10  attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other

11  applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the

12  disclosure of information that is readily available from public sources, is equally available to

13  Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

14  seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

15  confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and

16  General Objections, GSK will produce nonprivileged documents located after a reasonable search

17  concerning marketing, pricing and forecasting for GSK's protease inhibitors, which GSK believes

18  will include the requested documents to the extent these documents concern GSK's protease

19  inhibitors when used to treat HIV/AIDS.

20  **REQUEST FOR PRODUCTION NO. 29**:

21      All market research materials related to Lexiva, including all internal and third party (e.g.,

22  TVG and EIDETICS) marketing research and analysis materials.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

24      GSK incorporates by reference its General Objections.  GSK further specifically objects to

25  this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

26  objects to this request as vague and ambiguous.  GSK further objects to this request to the extent

27  that this request calls for production of documents and information that are protected by the

28  attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other

1   applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the

2   disclosure of information that is readily available from public sources, is equally available to

3   Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

4   seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

5   confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and

6   General Objections, GSK will produce nonprivileged documents located after a reasonable search

7   concerning marketing of GSK's protease inhibitors.

8   **REQUEST FOR PRODUCTION NO. 30**:

9          All Board of Director Minutes and materials related to Lexiva.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30**:

11         GSK incorporates by reference its General Objections.  GSK further objects to the extent

12  this request seeks documents not reasonably calculated to lead to the discovery of admissible

13  evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

14  unduly burdensome and oppressive.  GSK further objects to this request as vague and ambiguous,

15  particularly as to the term "Board of Directors … materials."  GSK further objects to this request

16  to the extent that this request calls for production of documents and information that are protected

17  by the attorney-client privilege, the informer privilege, the attorney work-product doctrine or any

18  other applicable privilege or immunity.  GSK further objects to this request to the extent it seeks

19  the disclosure of information that is readily available from public sources, is equally available to

20  Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

21  seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

22  confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and

23  General Objections, GSK will produce nonprivileged Board of Directors Minutes and

24  presentations relating to the marketing, pricing, and forecasting for Lexiva located after a

25  reasonable search.

26  **REQUEST FOR PRODUCTION NO. 31**:

27         All documents discussing your strategy or strategies for marketing your ARV Drugs.

28

- 24 -

SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION
REQUESTS

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 31**:

2          GSK incorporates by reference its General Objections.  GSK further specifically objects to

3    this request on the grounds that it is overbroad, unduly burdensome and oppressive, particularly as

4    relates to the term "ARV Drugs."  GSK further objects to this request as vague and ambiguous.

5    GSK further objects to this request to the extent that this request calls for production of documents

6    and information that are protected by the attorney-client privilege, the informer privilege, the

7    attorney work-product doctrine or any other applicable privilege or immunity.  GSK further

8    objects to this request to the extent it seeks the disclosure of information that is readily available

9    from public sources, is equally available to Abbott, or is already in Abbott's possession.  GSK

10   further objects to this request to the extent it seeks documents that GSK is not permitted to

11   disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

12   parties.  Subject to the foregoing Specific and General Objections, GSK will produce

13   nonprivileged documents located after a reasonable search concerning marketing of GSK's

14   protease inhibitors, which GSK believes will include the requested documents to the extent these

15   documents concern GSK's protease inhibitors when used to treat HIV/AIDS.

16   **REQUEST FOR PRODUCTION NO. 32**:

17         All documents sufficient to calculate the total research and development costs of each of

18   your ARV Drugs.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32**:

20         GSK incorporates by reference its General Objections.  GSK further specifically objects to

21   this request on the grounds that it is overbroad, unduly burdensome and oppressive, particularly as

22   relates to the term "ARV Drugs."  GSK further objects to this request as vague and ambiguous,

23   particularly as to the terms "research and development" and "costs."  GSK further objects to this

24   request to the extent it seeks the disclosure of information that is readily available from public

25   sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

26   to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

27   protective orders and/or confidentiality obligations or agreements with third parties.  Subject to the

28   foregoing Specific and General Objections, GSK will produce nonprivileged documents, created

1  from January 1, 1999 to the present, located after a reasonable search sufficient to calculate the

2  total research and development costs for Lexiva and Agenerase.

3  **REQUEST FOR PRODUCTION NO. 33**:

4      All licensing agreements related to your ARV Drugs, including all licenses related to

5  Lexiva (fosamprenavir).

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33**:

7      GSK incorporates by reference its General Objections.  GSK further specifically objects to

8  this request on the grounds that it is overbroad, unduly burdensome and oppressive, particularly as

9  relates to the term "ARV Drugs."  GSK further objects to this request as vague and ambiguous,

10  particularly as to the term "related to."  GSK further objects to this request to the extent it seeks

11  the disclosure of information that is readily available from public sources, is equally available to

12  Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

13  seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

14  confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and

15  General Objections, GSK will produce license agreements entered into from January 1, 1999 to

16  the present concerning the intellectual property embodied in Agenerase (amprenavir) and/or

17  Lexiva (fosamprenavir) or concerning the ability of GSK to promote Agenerase and/or Lexiva to

18  be coadministered and copromoted with ritonavir that are located after a reasonable search.

19  **REQUEST FOR PRODUCTION NO. 34**:

20      All documents relating to or discussing Norvir (ritonavir, RTV).

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34**:

22      GSK incorporates by reference its General Objections.  GSK further objects to the extent

23  this request seeks documents not reasonably calculated to lead to the discovery of admissible

24  evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

25  unduly burdensome and oppressive.  GSK further objects to this request as vague and ambiguous.

26  GSK further objects to this request to the extent that this request calls for production of documents

27  and information that are protected by the attorney-client privilege, the informer privilege, the

28  attorney work-product doctrine or any other applicable privilege or immunity.  GSK further

- 26 -

1  objects to this request to the extent it seeks the disclosure of information that is readily available

2  from public sources, is equally available to Abbott, or is already in Abbott's possession.  GSK

3  further objects to this request to the extent it seeks documents that GSK is not permitted to

4  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

5  parties.  Subject to the foregoing Specific and General Objections, GSK will produce

6  nonprivileged documents located after a reasonable search relating to the use of Norvir to treat

7  HIV/AIDS.

8  **REQUEST FOR PRODUCTION NO. 35**:

9      All documents relating to or discussing Kaletra (lopinavir/ritonavir).

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35**:

11      GSK incorporates by reference its General Objections.  GSK further objects to the extent

12  this request seeks documents not reasonably calculated to lead to the discovery of admissible

13  evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

14  unduly burdensome and oppressive.  GSK further objects to this request as vague and ambiguous.

15  GSK further objects to this request to the extent that this request calls for production of documents

16  and information that are protected by the attorney-client privilege, the informer privilege, the

17  attorney work-product doctrine or any other applicable privilege or immunity.  GSK further

18  objects to this request to the extent it seeks the disclosure of information that is readily available

19  from public sources, is equally available to Abbott, or is already in Abbott's possession.  GSK

20  further objects to this request to the extent it seeks documents that GSK is not permitted to

21  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

22  parties.  Subject to the foregoing Specific and General Objections, GSK will produce

23  nonprivileged documents located after a reasonable search relating to the use of Kaletra to treat

24  HIV/AIDS.

25  **REQUEST FOR PRODUCTION NO. 36**:

26      All documents relating to the life cycle strategy of amprenavir and fosamprenavir.

27

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 36**:

2          GSK incorporates by reference its General Objections.  GSK further specifically objects to

3    this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

4    objects to this request as vague and ambiguous, particularly as to the term "life cycle strategy."

5    GSK further objects to this request to the extent that this request calls for production of documents

6    and information that are protected by the attorney-client privilege, the informer privilege, the

7    attorney work-product doctrine or any other applicable privilege or immunity.  GSK further

8    objects to this request to the extent it seeks the disclosure of information that is readily available

9    from public sources, is equally available to Abbott, or is already in Abbott's possession.  GSK

10   further objects to this request to the extent it seeks documents that GSK is not permitted to

11   disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

12   parties.  Subject to the foregoing Specific and General Objections, GSK will produce

13   nonprivileged documents located after a reasonable search concerning marketing, pricing and

14   forecasting for GSK's protease inhibitors, which GSK believes will include the requested

15   documents.

16   **REQUEST FOR PRODUCTION NO. 37**:

17         All communications, including all letters and e-mails, relating to Norvir's price increase.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37**:

19         GSK incorporates by reference its General Objections.  GSK further specifically objects to

20   this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

21   objects to this request as vague and ambiguous.  GSK further objects to this request to the extent

22   that this request calls for production of documents and information that are protected by the

23   attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other

24   applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the

25   disclosure of information that is readily available from public sources, is equally available to

26   Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

27   seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

28   confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and

1  General Objections, GSK will produce nonprivileged documents responsive to this request located

2  after a reasonable search.

3  **REQUEST FOR PRODUCTION NO. 38**:

4      All communications, including all letters and e-mails, with any television or newspaper

5  reporters (or their employees or staff) related to Norvir, Kaletra and/or Norvir's price increase.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38**:

7      See GSK's Response to Request No. 37.

8  **REQUEST FOR PRODUCTION NO. 39**:

9      All documents discussing your (or any of your ARV Drugs') share of the ARV Drug

10 market.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 39**:

12     GSK incorporates by reference its General Objections.  GSK further objects to the extent

13 this request seeks documents not reasonably calculated to lead to the discovery of admissible

14 evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

15 unduly burdensome and oppressive, particularly as relates to the term "ARV Drugs."  GSK further

16 objects to this request as vague and ambiguous, particularly as to the term "ARV Drug market."

17 GSK further objects to this request to the extent that this request calls for production of documents

18 and information that are protected by the attorney-client privilege, the informer privilege, the

19 attorney work-product doctrine or any other applicable privilege or immunity.  GSK further

20 objects to this request to the extent it seeks the disclosure of information that is readily available

21 from public sources, is equally available to Abbott, or is already in Abbott's possession.  GSK

22 further objects to this request to the extent it seeks documents that GSK is not permitted to

23 disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

24 parties.  Subject to the foregoing Specific and General Objections, GSK will produce

25 nonprivileged documents located after a reasonable search that GSK believes will be sufficient to

26 show market share from January 1, 1999 to the present to the extent these documents concern

27 GSK's protease inhibitors when used to treat HIV/AIDS.

28

- 29 -

1836872

1    **REQUEST FOR PRODUCTION NO. 40**:

2    　　　All documents discussing your (or any of your ARV Drugs') share of the "market for PI

3    boosters" as that term is used in your Complaint.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 40**:

5    　　　GSK incorporates by reference its General Objections.  GSK further objects to the extent

6    this request seeks documents not reasonably calculated to lead to the discovery of admissible

7    evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

8    unduly burdensome and oppressive, particularly as relates to the term "ARV Drugs."  GSK further

9    objects to this request as vague and ambiguous.  GSK further objects to this request to the extent

10   that this request calls for production of documents and information that are protected by the

11   attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other

12   applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the

13   disclosure of information that is readily available from public sources, is equally available to

14   Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

15   seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

16   confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and

17   General Objections, GSK will produce nonprivileged documents located after a reasonable search

18   that GSK believes will be sufficient to show market share from January 1, 1999 to the present to

19   the extent these documents concern GSK's protease inhibitors when used to treat HIV/AIDS.

20   **REQUEST FOR PRODUCTION NO. 41**:

21   　　　All documents used in calculating the respective market shares of Lexiva and/or Kaletra in

22   the "market for PI boosters," as that term is used in your Complaint.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 41**:

24   　　　GSK incorporates by reference its General Objections.  GSK further specifically objects to

25   this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

26   objects to this request as vague and ambiguous, particularly as to the term "used in calculating."

27   GSK further objects to this request to the extent that this request calls for production of documents

28   and information that are protected by the attorney-client privilege, the informer privilege, the

1836872

1  attorney work-product doctrine or any other applicable privilege or immunity.  GSK further

2  objects to this request to the extent it seeks the disclosure of information that is readily available

3  from public sources, is equally available to Abbott, or is already in Abbott's possession.  GSK

4  further objects to this request to the extent it seeks documents that GSK is not permitted to

5  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

6  parties.  Subject to the foregoing Specific and General Objections, GSK will produce

7  nonprivileged documents located after a reasonable search concerning marketing, pricing and

8  forecasting for GSK's protease inhibitors, which GSK believes will include the requested

9  documents.

10 **REQUEST FOR PRODUCTION NO. 42**:

11      All documents relating to your forecasting or projections concerning the ARV Drug

12 market.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 42**:

14      GSK incorporates by reference its General Objections.  GSK further objects to this request

15 as seeking documents not reasonably calculated to lead to admissible evidence.  GSK further

16 specifically objects to this request on the grounds that it is overbroad, unduly burdensome and

17 oppressive, particularly as relates to the term "ARV Drug."  GSK further objects to this request as

18 vague and ambiguous, as to the term "ARV Drug market."  GSK further objects to this request to

19 the extent that this request calls for production of documents and information that are protected by

20 the attorney-client privilege, the informer privilege, the attorney work-product doctrine or any

21 other applicable privilege or immunity.  GSK further objects to this request to the extent it seeks

22 the disclosure of information that is readily available from public sources, is equally available to

23 Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

24 seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

25 confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and

26 General Objections, GSK will produce nonprivileged documents that constitute forecasts for

27 GSK's protease inhibitors that are located after a reasonable search.

28

1    **REQUEST FOR PRODUCTION NO. 43**:

2         All documents relating to your forecasting or projections concerning the "market for PI

3    boosters," as that term is used in your Complaint.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 43**:

5         See GSK's Response to Request No. 42.

6    **REQUEST FOR PRODUCTION NO. 44**:

7         All documents relating to your forecasting or projections concerning revenue and/or sales

8    of Kaletra, Norvir, Reyataz and/or Lexiva.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 44**:

10        GSK incorporates by reference its General Objections.  GSK further specifically objects to

11   this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

12   objects to this request as vague and ambiguous.  GSK further objects to this request to the extent

13   that this request calls for production of documents and information that are protected by the

14   attorney-client privilege, the informer privilege the attorney work-product doctrine or any other

15   applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the

16   disclosure of information that is readily available from public sources, is equally available to

17   Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

18   seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

19   confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and

20   General Objections, GSK will produce nonprivileged documents located after a reasonable search

21   concerning marketing, pricing and forecasting for GSK's protease inhibitors, which GSK believes

22   will include the requested documents.

23   **REQUEST FOR PRODUCTION NO. 45**:

24        All documents relating to the different factors that influence physician prescribing

25   practices or preferences for ARV Drugs, including any research revealing physician prescribing

26   preferences and the factors influencing ARV Drug prescriptions.

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45**:

2       GSK incorporates by reference its General Objections.  GSK objects to this request as

3  seeking documents not reasonably calculated to lead to admissible evidence.  GSK further

4  specifically objects to this request on the grounds that it is overbroad, unduly burdensome and

5  oppressive, particularly as relates to the term "ARV Drugs."  GSK further objects to this request

6  as vague and ambiguous.  GSK further objects to this request to the extent that this request calls

7  for production of documents and information that are protected by the attorney-client privilege, the

8  informer privilege, the attorney work-product doctrine or any other applicable privilege or

9  immunity.  GSK further objects to this request to the extent it seeks the disclosure of information

10  that is readily available from public sources, is equally available to Abbott, or is already in

11  Abbott's possession.  GSK further objects to this request to the extent it seeks documents that GSK

12  is not permitted to disclose pursuant to protective orders and/or confidentiality obligations or

13  agreements with third parties.  Subject to the foregoing Specific and General Objections, GSK will

14  produce such nonprivileged documents relating to physician prescribing practices and preferences

15  for GSK's protease inhibitors that are located after a reasonable search.

16  **REQUEST FOR PRODUCTION NO. 46**:

17       All documents relating to the different factors that influence patient preferences for ARV

18  Drugs, including any research revealing patient preferences and the factors influencing ARV Drug

19  prescriptions or adherence.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46**:

21       GSK incorporates by reference its General Objections.  GSK futher objects to this request

22  as seeking documents not reasonably calculated to lead to admissible evidence.  GSK further

23  specifically objects to this request on the grounds that it is overbroad, unduly burdensome and

24  oppressive, particularly as to the term "ARV Drugs."  GSK further objects to this request as vague

25  and ambiguous.  GSK further objects to this request to the extent that this request calls for

26  production of documents and information that are protected by the attorney-client privilege, the

27  informer privilege, the attorney work-product doctrine or any other applicable privilege or

28  immunity.  GSK further objects to this request to the extent it seeks the disclosure of information

- 33 -

1  that is readily available from public sources, is equally available to Abbott, or is already in

2  Abbott's possession.  GSK further objects to this request to the extent it seeks documents that GSK

3  is not permitted to disclose pursuant to protective orders and/or confidentiality obligations or

4  agreements with third parties.  Subject to the foregoing Specific and General Objections, GSK will

5  produce nonprivileged documents located after a reasonable search relating to patient preferences

6  for GSK's protease inhibitors.

7  **REQUEST FOR PRODUCTION NO. 47**:

8       All documents that relate to or discuss the validity and/or enforceability of the Abbott

9  Patents.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 47**:

11      GSK incorporates by reference its General Objections.  GSK further objects to this request

12 as seeking documents that are not reasonably calculated to lead to the discovery of admissible

13 evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

14 unduly burdensome and oppressive.  GSK further objects to this request as vague and ambiguous.

15 GSK further objects to this request to the extent that this request calls for production of documents

16 and information that are protected by the attorney-client privilege, the informer privilege, the

17 attorney work-product doctrine or any other applicable privilege or immunity.  GSK further

18 objects to this request to the extent it seeks the disclosure of information that is readily available

19 from public sources, is equally available to Abbott, or is already in Abbott's possession.  GSK

20 further objects to this request to the extent it seeks documents that GSK is not permitted to

21 disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

22 parties.

23 **REQUEST FOR PRODUCTION NO. 48**:

24      All other documents relating to the Abbott Patents, including but not limited to documents

25 that discuss the scope, meaning, and/or interpretation of such patents or any claims therein.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 48**:

27      GSK incorporates by reference its General Objections.  GSK further objects to this request

28 as seeking documents that are not reasonably calculated to lead to the discovery of admissible

1  evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

2  unduly burdensome and oppressive.  GSK further objects to this request as vague and ambiguous.

3  GSK further objects to this request to the extent that this request calls for production of documents

4  and information that are protected by the attorney-client privilege, the informer privilege, the

5  attorney work-product doctrine or any other applicable privilege or immunity.  GSK further

6  objects to this request to the extent it seeks the disclosure of information that is readily available

7  from public sources, is equally available to Abbott, or is already in Abbott's possession.  GSK

8  further objects to this request to the extent it seeks documents that GSK is not permitted to

9  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

10 parties.

11 **REQUEST FOR PRODUCTION NO. 49**:

12      All prior art documents to the Abbott Patents.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 49**:

14      GSK incorporates by reference its General Objections.  GSK further objects to this request

15 as seeking documents that are not reasonably calculated to lead to the discovery of admissible

16 evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

17 unduly burdensome and oppressive.  GSK further objects to this request as vague and ambiguous.

18 GSK further objects to this request to the extent that this request calls for production of documents

19 and information that are protected by the attorney-client privilege, the informer privilege, the

20 attorney work-product doctrine or any other applicable privilege or immunity.  GSK further

21 objects to this request to the extent it seeks the disclosure of information that is readily available

22 from public sources, is equally available to Abbott, or is already in Abbott's possession.  GSK

23 further objects to this request to the extent it seeks documents that GSK is not permitted to

24 disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

25 parties.

26 **REQUEST FOR PRODUCTION NO. 50**:

27      All documents relating to any government investigation into or concerning one or more of

28 your ARV Drugs.

SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION
REQUESTS

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 50**:

2        GSK incorporates by reference its General Objections.  GSK further objects to this request

3    as seeking documents not reasonably calculated to lead to the discovery of admissible evidence.

4    GSK further specifically objects to this request on the grounds that it is overbroad, unduly

5    burdensome and oppressive, particularly as relates to the term "your ARV Drugs."  GSK further

6    objects to this request as vague and ambiguous.  GSK further objects to this request to the extent

7    that this request calls for production of documents and information that are protected by the

8    attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other

9    applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the

10   disclosure of information that is readily available from public sources, is equally available to

11   Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

12   seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

13   confidentiality obligations or agreements with third parties.

14   **REQUEST FOR PRODUCTION NO. 51**:

15       All documents relating to any government investigation into or concerning the pricing of

16   one or more of your ARV Drugs.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51**:

18       GSK incorporates by reference its General Objections.  GSK further objects to this request

19   as seeking documents not reasonably calculated to lead to the discovery of admissible evidence.

20   GSK further specifically objects to this request on the grounds that it is overbroad, unduly

21   burdensome and oppressive, particularly as relates to the term "ARV Drugs."  GSK further objects

22   to this request as vague and ambiguous.  GSK further objects to this request to the extent that this

23   request calls for production of documents and information that are protected by the attorney-client

24   privilege, the informer privilege, the attorney work-product doctrine or any other applicable

25   privilege or immunity.  GSK further objects to this request to the extent it seeks the disclosure of

26   information that is readily available from public sources, is equally available to Abbott, or is

27   already in Abbott's possession.

28

1836872

SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION
REQUESTS

1 | **REQUEST FOR PRODUCTION NO. 52**:

2 |     All FDA warning letters in the last ten years that relate in any way to one or more of your

3 | ARV drugs.

4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 52**:

5 |     GSK incorporates by reference its General Objections.  GSK further objects to this request

6 | as seeking documents not reasonably calculated to lead to the discovery of admissible evidence.

7 | GSK further specifically objects to this request on the grounds that it is overbroad, unduly

8 | burdensome and oppressive, particularly as relates to the term "ARV Drugs" and to the overly

9 | broad time period.  GSK further objects to this request as vague and ambiguous.  GSK further

10 | objects to this request to the extent that this request calls for production of documents and

11 | information that are protected by the attorney-client privilege, the informer privilege, the attorney

12 | work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

13 | request to the extent it seeks the disclosure of information that is readily available from public

14 | sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

15 | to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

16 | protective orders and/or confidentiality obligations or agreements with third parties.

17 | **REQUEST FOR PRODUCTION NO. 53**:

18 |     All documents comparing the characteristics or performance of Lexiva against the

19 | characteristics or performance of any other ARV Drug.

20 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 53**:

21 |     GSK incorporates by reference its General Objections.  GSK further objects to this request

22 | to the extent it seeks documents not reasonably calculated to lead to the discovery of admissible

23 | evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

24 | unduly burdensome and oppressive, particularly as relates to the term "ARV Drug."  GSK further

25 | objects to this request as vague and ambiguous, particularly as to the term "performance."  GSK

26 | further objects to this request to the extent that this request calls for production of documents and

27 | information that are protected by the attorney-client privilege, the informer privilege, the attorney

28 | work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

1836872

request to the extent it seeks the disclosure of information that is readily available from public sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and General Objections, GSK will produce nonprivileged documents located after a reasonable search relating to the therapeutic performance, safety or efficacy of Lexiva and Agenerase when used to treat HIV/AIDS.  GSK also refers Abbott to its response to Request No. 18.

**REQUEST FOR PRODUCTION NO. 54**:

  All documents that discuss or relate to the safety, performance and/or efficacy of Lexiva, Agenerase and/or any other protease inhibitor developed, marketed or sold by GSK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**:

  GSK incorporates by reference its General Objections.  GSK further specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further objects to this request as vague and ambiguous, particularly as to the term "performance."  GSK further objects to this request to the extent that this request calls for production of documents and information that are protected by the attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the disclosure of information that is readily available from public sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and General Objections, GSK will produce nonprivileged documents located after a reasonable search relating to the therapeutic performance, safety or efficacy of Lexiva and Agenerase when used to treat HIV/AIDS.  GSK also refers Abbott to its response to Request No. 18.

**REQUEST FOR PRODUCTION NO. 55**:

  All documents that discuss or relate to the safety, performance and/or efficacy of Norvir.

- 38 -

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 55**:

2    GSK incorporates by reference its General Objections.  GSK further specifically objects to

3 this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

4 objects to this request as vague and ambiguous, particularly as to the term "performance."  GSK

5 further objects to this request to the extent that this request calls for production of documents and

6 information that are protected by the attorney-client privilege, the informer privilege, the attorney

7 work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

8 request to the extent it seeks the disclosure of information that is readily available from public

9 sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

10 to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

11 protective orders and/or confidentiality obligations or agreements with third parties.  Subject to the

12 foregoing Specific and General Objections, GSK will produce nonprivileged documents located

13 after a reasonable search relating to the therapeutic performance, safety or efficacy of Norvir when

14 used to treat HIV/AIDS.

15 **REQUEST FOR PRODUCTION NO. 56**:

16    All documents that discuss or relate to the safety, performance and/or efficacy of Kaletra.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 56**:

18    GSK incorporates by reference its General Objections.  GSK further specifically objects to

19 this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

20 objects to this request as vague and ambiguous, particularly as to the term "performance."  GSK

21 further objects to this request to the extent that this request calls for production of documents and

22 information that are protected by the attorney-client privilege, the informer privilege, the attorney

23 work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

24 request to the extent it seeks the disclosure of information that is readily available from public

25 sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

26 to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

27 protective orders and/or confidentiality obligations or agreements with third parties.  Subject to the

28 foregoing Specific and General Objections, GSK will produce nonprivileged documents located

SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION
REQUESTS

1  after a reasonable search relating to the therapeutic performance, safety or efficacy of Kaletra

2  when used to treat HIV/AIDS.

3  **REQUEST FOR PRODUCTION NO. 57**:

4      All documents that discuss the comparative safety, performance and/or efficacy of Lexiva

5  and Agenerase.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57**:

7      GSK incorporates by reference its General Objections. GSK further specifically objects to

8  this request on the grounds that it is overbroad, unduly burdensome and oppressive. GSK further

9  objects to this request as vague and ambiguous, particularly as to the term "performance." GSK

10  further objects to this request to the extent that this request calls for production of documents and

11  information that are protected by the attorney-client privilege, the informer privilege, the attorney

12  work-product doctrine or any other applicable privilege or immunity. GSK further objects to this

13  request to the extent it seeks the disclosure of information that is readily available from public

14  sources, is equally available to Abbott, or is already in Abbott's possession. GSK further objects

15  to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

16  protective orders and/or confidentiality obligations or agreements with third parties. Subject to the

17  foregoing Specific and General Objections, GSK will produce nonprivileged documents located

18  after a reasonable search relating to the therapeutic performance, safety or efficacy of Lexiva and

19  Agenerase when used to treat HIV/AIDS. GSK also refers Abbott to its response to Request No.

20  54.

21  **REQUEST FOR PRODUCTION NO. 58**:

22      All documents that discuss the comparative safety, performance and/or efficacy of Lexiva

23  and Kaletra.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58**:

25      GSK incorporates by reference its General Objections. GSK further specifically objects to

26  this request on the grounds that it is overbroad, unduly burdensome and oppressive. GSK further

27  objects to this request as vague and ambiguous, particularly as to the term "performance." GSK

28  further objects to this request to the extent that this request calls for production of documents and

1    information that are protected by the attorney-client privilege, the attorney work-product doctrine

2    or any other applicable privilege or immunity.  GSK further objects to this request to the extent it

3    seeks the disclosure of information that is readily available from public sources, is equally

4    available to Abbott, or is already in Abbott's possession.  GSK further objects to this request to the

5    extent it seeks documents that GSK is not permitted to disclose pursuant to protective orders

6    and/or confidentiality obligations or agreements with third parties.  Subject to the foregoing

7    Specific and General Objections, GSK will produce nonprivileged documents located after a

8    reasonable search relating to the therapeutic performance, safety or efficacy of Lexiva and Kaletra

9    when used to treat HIV/AIDS.  GSK also refers Abbott to its response to Request Nos. 54 and 56.

10   **REQUEST FOR PRODUCTION NO. 59**:

11       All documents relating to physician perception of the safety, performance and/or efficacy

12   of Kaletra, Norvir, Lexiva, Agenerase and/or any other protease inhibitor developed, marketed or

13   sold by GSK.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 59**:

15       GSK incorporates by reference its General Objections.  GSK further specifically objects to

16   this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

17   objects to this request as vague and ambiguous, particularly as to the terms "performance" and

18   "physician perception."  GSK further objects to this request to the extent that this request calls for

19   production of documents and information that are protected by the attorney-client privilege, the

20   informer privilege, the attorney work-product doctrine or any other applicable privilege or

21   immunity.  GSK further objects to this request to the extent it seeks the disclosure of information

22   that is readily available from public sources, is equally available to Abbott, or is already in

23   Abbott's possession.  GSK further objects to this request to the extent it seeks documents that GSK

24   is not permitted to disclose pursuant to protective orders and/or confidentiality obligations or

25   agreements with third parties.  Subject to the foregoing Specific and General Objections, GSK will

26   produce nonprivileged documents located after a reasonable search relating to the therapeutic

27   performance, safety or efficacy of Kalerta, Norvir, Lexiva, and Agenerase when used to treat

28

- 41 -

1  HIV/AIDS.  GSK also refers Abbott to its response to Request No. 18.  GSK also refers Abbott to

2  its response to Request Nos. 54, 55 and 56.

3  **REQUEST FOR PRODUCTION NO. 60**:

4      All documents relating to patient perception of the safety, performance and/or efficacy of

5  Kaletra, Norvir, Lexiva, Agenerase and/or any other protease inhibitor developed, marketed or

6  sold by GSK.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60**:

8      GSK incorporates by reference its General Objections.  GSK further specifically objects to

9  this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

10  objects to this request as vague and ambiguous, particularly as to the term "patient perception" and

11  "performance."  GSK further objects to this request to the extent that this request calls for

12  production of documents and information that are protected by the attorney-client privilege, the

13  informer privilege, the attorney work-product doctrine or any other applicable privilege or

14  immunity.  GSK further objects to this request to the extent it seeks the disclosure of information

15  that is readily available from public sources, is equally available to Abbott, or is already in

16  Abbott's possession.  GSK further objects to this request to the extent it seeks documents that GSK

17  is not permitted to disclose pursuant to protective orders and/or confidentiality obligations or

18  agreements with third parties.  Subject to the foregoing Specific and General Objections, GSK will

19  produce nonprivileged documents located after a reasonable search relating to the therapeutic

20  performance, safety or efficacy of Kaletra, Norvir, Lexiva and Agenerase when used to treat

21  HIV/AIDS.  GSK also refers Abbott to its response to Request No. 18.  GSK also refers Abbott to

22  its response to Request Nos. 54, 55 and 56.

23  **REQUEST FOR PRODUCTION NO. 61**:

24      All documents relating to your actual or contemplated decision to take Agenerase off the

25  market.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61**:

27      GSK incorporates by reference its General Objections.  GSK further specifically objects to

28  this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

1    objects to this request as vague and ambiguous, particularly as to the term "contemplated

2    decision."  GSK further objects to this request to the extent that this request calls for production of

3    documents and information that are protected by the attorney-client privilege, the informer

4    privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

5    further objects to this request to the extent it seeks the disclosure of information that is readily

6    available from public sources, is equally available to Abbott, or is already in Abbott's possession.

7    GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

8    disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

9    parties.  Subject to the foregoing Specific and General Objections, GSK will produce

10   nonprivileged documents located after a reasonable search concerning marketing, pricing and

11   forecasting for GSK's protease inhibitors, which GSK believes will include the requested

12   documents.

13   **REQUEST FOR PRODUCTION NO. 62**:

14        All documents relating to your actual or contemplated decision to take any other

15   pharmaceutical product off the market.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 62**:

17        GSK incorporates by reference its General Objections.  GSK further objects that this

18   request is not seeking documents reasonable calculated to lead to the discovery of admissible

19   evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

20   unduly burdensome and oppressive, particularly as relates to the term "any other pharmaceutical

21   product."  GSK further objects to this request as vague and ambiguous, particularly as relates to

22   the terms "contemplated decision" and "any other pharmaceutical product."  GSK further objects

23   to this request to the extent that this request calls for production of documents and information that

24   are protected by the attorney-client privilege, the attorney work-product doctrine or any other

25   applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the

26   disclosure of information that is readily available from public sources, is equally available to

27   Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

28

- 43 -

1  seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

2  confidentiality obligations or agreements with third parties.

3  **REQUEST FOR PRODUCTION NO. 63**:

4         All documents relating to each and every price increase GSK took on Agenerase between

5  the time of its launch and its removal from the marketplace, including documents discussing the

6  reasons for the increases and the amounts of the increases.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63**:

8         GSK incorporates by reference its General Objections.  GSK further specifically objects to

9  this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

10 objects to this request as vague and ambiguous.  GSK further objects to this request to the extent

11 that this request calls for production of documents and information that are protected by the

12 attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other

13 applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the

14 disclosure of information that is readily available from public sources, is equally available to

15 Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

16 seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

17 confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and

18 General Objections, GSK will produce nonprivileged documents located after a reasonable search

19 concerning marketing, pricing and forecasting for GSK's protease inhibitors, which GSK believes

20 will include the requested documents.

21 **REQUEST FOR PRODUCTION NO. 64**:

22        All documents relating to your price lists, pricing plans, pricing policies, pricing forecasts,

23 pricing strategies, and pricing decisions relating to all of your ARV Drugs.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 64**:

25        GSK incorporates by reference its General Objections.  GSK further objects to this request

26 to the extent it seeks documents not reasonably calculated to lead to the discovery of admissible

27 evidence.  GSK further specifically objects to this request on the grounds that it is overbroad,

28 unduly burdensome and oppressive, particularly as relates to the term "ARV Drugs."  GSK further

- 44 -

SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION
REQUESTS

1  objects to this request as vague and ambiguous.  GSK further objects to this request to the extent

2  that this request calls for production of documents and information that are protected by the

3  attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other

4  applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the

5  disclosure of information that is readily available from public sources, is equally available to

6  Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

7  seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

8  confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and

9  General Objections, GSK will produce nonprivileged documents as set forth in its response to

10  Request Nos. 23.

11  **REQUEST FOR PRODUCTION NO. 65**:

12      All documents sufficient to show total sales of Lexiva by types of payor, such as Medicaid,

13  ADAP, out of pocket, and private insurance for each month since its launch.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65**:

15      GSK incorporates by reference its General Objections.  GSK further specifically objects to

16  this request on the grounds that it is unduly burdensome.  GSK further objects to this request as

17  vague and ambiguous.  GSK further objects to this request to the extent that this request calls for

18  production of documents and information that are protected by the attorney-client privilege, the

19  informer privilege, the attorney work-product doctrine or any other applicable privilege or

20  immunity.  GSK further objects to this request to the extent it seeks the disclosure of information

21  that is readily available from public sources, is equally available to Abbott, or is already in

22  Abbott's possession.  GSK further objects to this request to the extent it seeks documents that GSK

23  is not permitted to disclose pursuant to protective orders and/or confidentiality obligations or

24  agreements with third parties. Subject to the foregoing Specific and General Objections, GSK will

25  produce nonprivileged financial documents, created from January 1, 1999 to the present, sufficient

26  to show total sales of Lexiva by types of payor.

27

28

SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION
REQUESTS

1  **REQUEST FOR PRODUCTION NO. 66**:

2      All documents sufficient to show the costs associated with manufacturing Lexiva for each

3  month since its launch.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66**:

5      GSK incorporates by reference its General Objections.  GSK further specifically objects to

6  this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

7  objects to this request as vague and ambiguous, particularly as to the term "costs associated with

8  manufacturing."  GSK further objects to this request to the extent that this request calls for

9  production of documents and information that are protected by the attorney-client privilege, the

10  informer privilege, the attorney work-product doctrine or any other applicable privilege or

11  immunity.  GSK further objects to this request to the extent it seeks the disclosure of information

12  that is readily available from public sources, is equally available to Abbott, or is already in

13  Abbott's possession.  GSK further objects to this request to the extent it seeks documents that GSK

14  is not permitted to disclose pursuant to protective orders and/or confidentiality obligations or

15  agreements with third parties.  Subject to the foregoing Specific and General Objections, GSK will

16  produce nonprivileged financial documents, created from January 1, 1999 to the present, sufficient

17  to show Lexiva's costs.

18  **REQUEST FOR PRODUCTION NO. 67**:

19      All documents sufficient to show the costs associated with the sale of Lexiva, including

20  any amounts paid as royalties or licensing fees, for each month since its launch.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67**:

22      GSK incorporates by reference its General Objections.  GSK further specifically objects to

23  this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

24  objects to this request as vague and ambiguous, particularly as to the term "costs associated with

25  the sale."  GSK further objects to this request to the extent that this request calls for production of

26  documents and information that are protected by the attorney-client privilege, the informer

27  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

28  further objects to this request to the extent it seeks the disclosure of information that is readily

1  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

2  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

3  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

4  parties.  Subject to the foregoing Specific and General Objections, GSK will produce

5  nonprivileged financial documents, created from January 1, 1999 to the present, sufficient to show

6  Lexiva's costs.

7  **REQUEST FOR PRODUCTION NO. 68**:

8          All documents sufficient to show the amount of profits attributable to sales of Lexiva for

9  each month since its launch.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68**:

11          GSK incorporates by reference its General Objections.  GSK further specifically objects to

12  this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

13  objects to this request as vague and ambiguous, particularly as to the term "profits."  GSK further

14  objects to this request to the extent that this request calls for production of documents and

15  information that are protected by the attorney-client privilege, the informer privilege, the attorney

16  work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

17  request to the extent it seeks the disclosure of information that is readily available from public

18  sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

19  to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

20  protective orders and/or confidentiality obligations or agreements with third parties.  Subject to the

21  foregoing Specific and General Objections, GSK will produce nonprivileged financial documents,

22  created from January 1, 1999 to the present, sufficient to show profits, as GSK calculates them in

23  the ordinary course of business, attributable to Lexiva.

24  **REQUEST FOR PRODUCTION NO. 69**:

25          All documents related to any antitrust case you were involved in, or are currently involved

26  in, in which you took a position on the definition of any relevant market for pharmaceutical

27  products or ARV Drugs.

28

1836872

SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION REQUESTS

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 69**:

2 |       GSK incorporates by reference its General Objections.  GSK further objects to this request

3 | as seeking documents not reasonable calculated to lead to the discovery of admissible evidence.

4 | GSK further specifically objects to this request on the grounds that it is overbroad, unduly

5 | burdensome and oppressive, particularly as relates to the terms "pharmaceutical products or ARV

6 | Drugs."  GSK further objects to this request as vague and ambiguous, particularly as to the term

7 | "pharmaceutical products."  GSK further objects to this request to the extent that this request calls

8 | for production of documents and information that are protected by the attorney-client privilege, the

9 | informer privilege, the attorney work-product doctrine or any other applicable privilege or

10 | immunity.  GSK further objects to this request to the extent it seeks the disclosure of information

11 | that is readily available from public sources, is equally available to Abbott, or is already in

12 | Abbott's possession.  GSK further objects to this request to the extent it seeks documents that GSK

13 | is not permitted to disclose pursuant to protective orders and/or confidentiality obligations or

14 | agreements with third parties.

15 | **REQUEST FOR PRODUCTION NO. 70**:

16 |       All documents you produced, filed, or served in *AIDS Healthcare Foundation v. GSK*,

17 | Case No. 02 -5223 TJH-Ex, filed on July 1, 2002 in the United States District Court for the

18 | Central District of California.

19 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 70**:

20 |       GSK incorporates by reference its General Objections.  GSK further objects to this request

21 | as seeking documents not reasonably calculated to lead to the discovery of admissible evidence.

22 | GSK further specifically objects to this request on the grounds that it is overbroad, unduly

23 | burdensome and oppressive.  GSK further objects to this request to the extent it seeks the

24 | disclosure of information that is readily available from public sources, is equally available to

25 | Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

26 | seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

27 | confidentiality obligations or agreements with third parties.

28 |

1  **REQUEST FOR PRODUCTION NO. 71**:

2      All documents you produced, filed, or served in *Chemi Spa v. GlaxoSmithKline*, 04-4545,

3  2004 U.S. Dist. LEXIS 25335 (E.D. Pa. 2004).

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71**:

5      GSK incorporates by reference its General Objections.  GSK further objects to this request

6  as seeking documents not reasonably calculated to lead to the discovery of admissible evidence.

7  GSK further specifically objects to this request on the grounds that it is overbroad, unduly

8  burdensome and oppressive.  GSK further objects to this request to the extent it seeks the

9  disclosure of information that is readily available from public sources, is equally available to

10 Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

11 seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

12 confidentiality obligations or agreements with third parties.

13 **REQUEST FOR PRODUCTION NO. 72**:

14      All pleadings, depositions transcripts, deposition exhibits, hearing transcripts, and expert

15 reports relating to A*IDS Healthcare Foundation v. GSK*, Case No. 02-5223 TJH-Ex., filed on July

16 1, 2002 in the United States District Court for the Central District of California.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 72**:

18      GSK incorporates by reference its General Objections.  GSK further objects to this request

19 as seeking documents not reasonably calculated to lead to the discovery of admissible evidence.

20 GSK further specifically objects to this request on the grounds that it is overbroad, unduly

21 burdensome and oppressive.  GSK further objects to this request to the extent it seeks the

22 disclosure of information that is readily available from public sources, is equally available to

23 Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

24 seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

25 confidentiality obligations or agreements with third parties.

26

27

28

1836872

1  **REQUEST FOR PRODUCTION NO. 73**:

2      All pleadings, depositions transcripts, deposition exhibits, hearing transcripts, and expert

3  reports relating to *Chemi Spa v. GlaxoSmithKline*, 04-4545, 2004 U.S. Dist. LEXIS 25335 (E.D.

4  Pa. 2004).

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73**:

6      GSK incorporates by reference its General Objections.  GSK further objects to this request

7  as seeking documents not reasonably calculated to lead to the discovery of admissible evidence.

8  GSK further specifically objects to this request on the grounds that it is overbroad, unduly

9  burdensome and oppressive.  GSK further objects to this request to the extent it seeks the

10  disclosure of information that is readily available from public sources, is equally available to

11  Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

12  seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

13  confidentiality obligations or agreements with third parties.

14  **REQUEST FOR PRODUCTION NO. 74**:

15      All documents relating to any position you took in *AIDS Healthcare Foundation v. GSK*,

16  Case No. 02-5223 TJH-Ex, filed on July 1, 2002 in the United States District Court for the Central

17  District of California, regarding the definition of the relevant markets.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74**:

19      GSK incorporates by reference its General Objections.  GSK further objects to this request

20  as seeking documents not reasonably calculated to lead to the discovery of admissible evidence.

21  GSK further specifically objects to this request on the grounds that it is overbroad, unduly

22  burdensome and oppressive.  GSK further objects to this request as vague and ambiguous.  GSK

23  further objects to this request to the extent that this request calls for production of documents and

24  information that are protected by the attorney-client privilege, the informer privilege, the attorney

25  work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

26  request to the extent it seeks the disclosure of information that is readily available from public

27  sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

28

- 50 -

1  to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

2  protective orders and/or confidentiality obligations or agreements with third parties.

3  **REQUEST FOR PRODUCTION NO. 75**:

4      All documents relating to any position you took in *Chemi Spa v. GlaxoSmithKline*, 04-

5  4545, 2004 U.S. Dist. LEXIS 25335 (E.D. Pa. 2004) regarding the definition of the relevant

6  markets.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75**:

8      GSK incorporates by reference its General Objections.  GSK further objects to this request

9  as seeking documents not reasonably calculated to lead to the discovery of admissible evidence.

10  GSK further specifically objects to this request on the grounds that it is overbroad, unduly

11  burdensome and oppressive.  GSK further objects to this request as vague and ambiguous.  GSK

12  further objects to this request to the extent that this request calls for production of documents and

13  information that are protected by the attorney-client privilege, the informer privilege, the attorney

14  work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

15  request to the extent it seeks the disclosure of information that is readily available from public

16  sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

17  to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

18  protective orders and/or confidentiality obligations or agreements with third parties.

19  **REQUEST FOR PRODUCTION NO. 76**:

20      All documents relating to the Competition Commission of South Africa's 2002 conclusion

21  that you "abused [your] dominance and contravened sections 8(a) (excessive pricing), 8(b)

22  (refusing a competitor access to an essential facility) and 8(c) (an exclusionary act)" of the

23  Competition Act.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76**:

25      GSK incorporates by reference its General Objections.  GSK further objects to this request

26  as seeking documents not reasonably calculated to lead to the discovery of admissible evidence.

27  GSK further specifically objects to this request on the grounds that it is overbroad, unduly

28  burdensome and oppressive.  GSK further objects to this request as vague and ambiguous.  GSK

1  further objects to this request to the extent that this request calls for production of documents and

2  information that are protected by the attorney-client privilege, the informer privilege, the attorney

3  work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

4  request to the extent it seeks the disclosure of information that is readily available from public

5  sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

6  to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

7  protective orders and/or confidentiality obligations or agreements with third parties.

8  **REQUEST FOR PRODUCTION NO. 77**:

9      All documents relating to your discussions or negotiations with the Competition

10 Commission of South Africa and others regarding your issuance of four patented licenses of anti-

11 retroviral drugs to generic manufacturers.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 77**:

13     GSK incorporates by reference its General Objections.  GSK further objects to this request

14 as seeking documents not reasonably calculated to lead to the discovery of admissible evidence.

15 GSK further specifically objects to this request on the grounds that it is overbroad, unduly

16 burdensome and oppressive.  GSK further objects to this request as vague and ambiguous.  GSK

17 further objects to this request to the extent that this request calls for production of documents and

18 information that are protected by the attorney-client privilege, the informer privilege, the attorney

19 work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

20 request to the extent it seeks the disclosure of information that is readily available from public

21 sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

22 to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

23 protective orders and/or confidentiality obligations or agreements with third parties.

24 **REQUEST FOR PRODUCTION NO. 78**:

25     All documents relating to any position you took on the definition of the relevant markets in

26 your dealings with the Competition Commission of South Africa.

27

28

1836872

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 78**:

2        GSK incorporates by reference its General Objections.  GSK further objects to this request

3    as seeking documents not reasonably calculated to lead to the discovery of admissible evidence.

4    GSK further specifically objects to this request on the grounds that it is overbroad, unduly

5    burdensome and oppressive.  GSK further objects to this request as vague and ambiguous.  GSK

6    further objects to this request to the extent that this request calls for production of documents and

7    information that are protected by the attorney-client privilege, the informer privilege, the attorney

8    work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

9    request to the extent it seeks the disclosure of information that is readily available from public

10   sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

11   to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

12   protective orders and/or confidentiality obligations or agreements with third parties.

13   **REQUEST FOR PRODUCTION NO. 79**:

14       GSK's communications, including all letters and e-mails, with any federal or state

15   government agencies (e.g., attorneys general's offices, FTC, NIH, FDA, DHHS, DOJ), employees,

16   or elected officials (e.g., members of Congress or state legislature) related to Norvir, Kaletra

17   and/or Norvir's price increase.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 79**:

19       GSK incorporates by reference its General Objections.  GSK further specifically objects to

20   this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

21   objects to this request as vague and ambiguous.  GSK further objects to this request to the extent

22   that this request calls for production of documents and information that are protected by the

23   attorney-client privilege, the attorney work-product doctrine, the informer privilege or any other

24   applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the

25   disclosure of information that is readily available from public sources, is equally available to

26   Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

27   seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

28   confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and

1  General Objections, GSK will produce nonprivileged documents as set forth in its response to

2  Request No. 37.

3  **REQUEST FOR PRODUCTION NO. 80**:

4      All documents concerning or relating to your claim that Abbott violated the Sherman Act,

5  as alleged in Count 1 of your Complaint, including but not limited to: (i) all documents that

6  support your allegations in Count 1; and (ii) all documents upon which you intend to rely at trial.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 80**:

8      GSK incorporates by reference its General Objections.  GSK further specifically objects to

9  this request on the grounds that it is overbroad, unduly burdensome and oppressive because this

10 request, if read literally, encompasses every document relating to GSK's business in designing,

11 developing, manufacturing, selling and distributing protease inhibitors.  Further, GSK objects

12 because documents supporting GSK's claims, including those referenced in the Complaint at

13 Exhibits A and B, are in the possession, custody and control of Abbott.  GSK further objects to

14 this request as vague and ambiguous because this request fails to describe the requested documents

15 with any particularity, let alone "reasonable particularity" as required under Federal Rule of Civil

16 Procedure 34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for

17 production of documents and information that are protected by the attorney-client privilege, the

18 informer privilege, the attorney work-product doctrine or any other applicable privilege or

19 immunity.  GSK further objects to this request to the extent it seeks the disclosure of information

20 that is readily available from public sources, is equally available to Abbott, or is already in

21 Abbott's possession.  GSK further objects to this request to the extent it seeks documents that GSK

22 is not permitted to disclose pursuant to protective orders and/or confidentiality obligations or

23 agreements with third parties.  Subject to the foregoing Specific and General Objections, GSK

24 believes that the documents it will be producing in response to other document requests will

25 include all non-privileged documents from its files used, relied upon or referenced in filing its

26 Complaint.  GSK will identify documents it may introduce as evidence at trial at the time and in

27 the manner specified in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the

28 Local Rules, and any other applicable Orders or rules.

- 54 -

SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION
REQUESTS

1  **REQUEST FOR PRODUCTION NO. 81**:

2      All documents relating to your allegation that Abbott engaged in anticompetitive conduct

3  or activities.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 81**:

5      GSK incorporates by reference its General Objections.  GSK further specifically objects to

6  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

7  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

8  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

9  vague and ambiguous because this request fails to describe the requested documents with any

10 particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

11 34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

12 of documents and information that are protected by the attorney-client privilege, the informer

13 privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

14 further objects to this request to the extent it seeks the disclosure of information that is readily

15 available from public sources, is equally available to Abbott, or is already in Abbott's possession.

16 GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

17 disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

18 parties.  Subject to the foregoing Specific and General Objections, GSK believes that the

19 documents it will be producing in response to other document requests will include all non-

20 privileged documents from its files used, relied upon or referenced in filing its Complaint.

21 **REQUEST FOR PRODUCTION NO. 82**:

22      All documents relating to your allegation that "Abbott schemed to remove" Norvir from

23 the market for boosted PIs.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 82**:

25      GSK incorporates by reference its General Objections.  GSK further specifically objects to

26 this request on the grounds that it is overbroad, unduly burdensome and oppressive because

27 documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

28 and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

- 55 -

SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION
REQUESTS

1  vague and ambiguous because this request fails to describe the requested documents with any

2  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

3  34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

4  of documents and information that are protected by the attorney-client privilege, the informer

5  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

6  further objects to this request to the extent it seeks the disclosure of information that is readily

7  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

8  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

9  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

10  parties.  Subject to the foregoing Specific and General Objections, GSK believes that the

11  documents it will be producing in response to other document requests will include all non-

12  privileged documents from its files used, relied upon or referenced in filing its Complaint.

13  **REQUEST FOR PRODUCTION NO. 83**:

14      All documents relating to your allegation that "Abbott acted with a specific intent to

15  achieve an anticompetitive purpose," including "eliminate[ing] competitors from the market for

16  boosted PIs and to unlawfully acquire or maintain a monopoly in the boosted PI market." (Compl.

17  ¶ 57).

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83**:

19      GSK incorporates by reference its General Objections.  GSK further specifically objects to

20  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

21  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

22  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

23  vague and ambiguous because this request fails to describe the requested documents with any

24  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

25  34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

26  of documents and information that are protected by the attorney-client privilege, the informer

27  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

28  further objects to this request to the extent it seeks the disclosure of information that is readily

1  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

2  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

3  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

4  parties.  Subject to the foregoing Specific and General Objections, GSK believes that the

5  documents it will be producing in response to other document requests will include all non-

6  privileged documents from its files used, relied upon or referenced in filing its Complaint.

7  **REQUEST FOR PRODUCTION NO. 84**:

8      All documents relating to your allegation that Abbott's alleged misconduct "has harmed

9  the open and free market, restraining competition and threatening to continue to restrain

10  competition." (Compl. ¶ 61).

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84**:

12      GSK incorporates by reference its General Objections.  GSK further specifically objects to

13  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

14  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

15  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

16  vague and ambiguous because this request fails to describe the requested documents with any

17  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

18  34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

19  of documents and information that are protected by the attorney-client privilege, the informer

20  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

21  further objects to this request to the extent it seeks the disclosure of information that is readily

22  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

23  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

24  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

25  parties.  Subject to the foregoing Specific and General Objections, GSK believes that the

26  documents it will be producing in response to other document requests will include all non-

27  privileged documents from its files used, relied upon or referenced in filing its Complaint.

28

1836872

1  **REQUEST FOR PRODUCTION NO. 85**:

2       All documents relating to your allegation that "Abbott's anticompetitive scheme protected

3  Kaletra against new competitors that threatened its market dominance." (Compl. ¶ 1).

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 85**:

5       GSK incorporates by reference its General Objections.  GSK further specifically objects to

6  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

7  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

8  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

9  vague and ambiguous because this request fails to describe the requested documents with any

10  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

11  34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

12  of documents and information that are protected by the attorney-client privilege, the informer

13  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

14  further objects to this request to the extent it seeks the disclosure of information that is readily

15  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

16  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

17  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

18  parties.  Subject to the foregoing Specific and General Objections, GSK believes that the

19  documents it will be producing in response to other document requests will include all non-

20  privileged documents from its files used, relied upon or referenced in filing its Complaint.

21  **REQUEST FOR PRODUCTION NO. 86**:

22       All documents relating to your allegation that "Abbott's action forced" patients using

23  competitors' PIs "either to pay exorbitant new prices or to use Abbott's PI." (Compl.¶ 1).

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 86**:

25       GSK incorporates by reference its General Objections.  GSK further specifically objects to

26  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

27  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

28  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

1  vague and ambiguous because this request fails to describe the requested documents with any

2  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

3  34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

4  of documents and information that are protected by the attorney-client privilege, the informer

5  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

6  further objects to this request to the extent it seeks the disclosure of information that is readily

7  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

8  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

9  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

10  parties.  Subject to the foregoing Specific and General Objections, GSK believes that the

11  documents it will be producing in response to other document requests will include all non-

12  privileged documents from its files used, relied upon or referenced in filing its Complaint.

13  **REQUEST FOR PRODUCTION NO. 87**:

14      All documents relating to your allegation that Abbott's alleged anticompetitive activities

15  have caused medical hospitals to revise their formularies.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 87**:

17      GSK incorporates by reference its General Objections.  GSK further specifically objects to

18  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

19  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

20  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

21  vague and ambiguous because this request fails to describe the requested documents with any

22  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

23  34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

24  of documents and information that are protected by the attorney-client privilege, the informer

25  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

26  further objects to this request to the extent it seeks the disclosure of information that is readily

27  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

28  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

1836872

1  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

2  parties.  Subject to the foregoing Specific and General Objections, GSK believes that the

3  documents it will be producing in response to other document requests will include all non-

4  privileged documents from its files used, relied upon or referenced in filing its Complaint.

5  **REQUEST FOR PRODUCTION NO. 88**:

6      All documents relating to your allegations regarding the definition of the relevant markets,

7  including your allegation that: (i) the "market for PI boosters" consists of "all drugs that could be

8  used to boost the effects of PIs"; (ii) the "market for boosted PIs" consists of "those PIs that

9  benefit from a PI booster"; and (iv) the geographic scope of both markets is the United States.

10  (Compl. ¶¶ 39-40, 42).

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 88**:

12      GSK incorporates by reference its General Objections.  GSK further specifically objects to

13  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

14  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

15  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

16  vague and ambiguous because this request fails to describe the requested documents with any

17  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

18  34(b)(1)(A).  GSK also objects to this request to the extent it prematurely seeks expert discovery.

19  GSK further objects to this request to the extent that this request calls for production of documents

20  and information that are protected by the attorney-client privilege, the informer privilege, the

21  attorney work-product doctrine or any other applicable privilege or immunity.  GSK further

22  objects to this request to the extent it seeks the disclosure of information that is readily available

23  from public sources, is equally available to Abbott, or is already in Abbott's possession.  GSK

24  further objects to this request to the extent it seeks documents that GSK is not permitted to

25  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

26  parties.  Subject to the foregoing Specific and General Objections, GSK believes that the

27  documents it will be producing in response to other document requests will include all non-

28  privileged documents from its files used, relied upon or referenced in filing its Complaint.

1  **REQUEST FOR PRODUCTION NO. 89**:

2      All documents relating to the pricing of products in the market for PI boosters and the

3  market for boosted PIs.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89**:

5      GSK incorporates by reference its General Objections.  GSK further specifically objects to

6  this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

7  objects to this request as vague and ambiguous.  GSK further objects to this request to the extent

8  that this request calls for production of documents and information that are protected by the

9  attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other

10  applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the

11  disclosure of information that is readily available from public sources, is equally available to

12  Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

13  seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

14  confidentiality obligations or agreements with third parties.  GSK objects to the extent this request

15  prematurely seeks expert discovery.  Subject to the foregoing Specific and General Objections,

16  GSK will produce nonprivileged documents responsive to this request that are located after a

17  reasonable search.

18  **REQUEST FOR PRODUCTION NO. 90**:

19      All documents relating to the costs of products in the market for PI boosters and the market

20  for boosted PIs.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90**:

22      GSK incorporates by reference its General Objections.  GSK further specifically objects to

23  this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

24  objects to this request as vague and ambiguous, particularly as to the term "costs of products."

25  GSK further objects to this request to the extent that this request calls for production of documents

26  and information that are protected by the attorney-client privilege, the informer privilege, the

27  attorney work-product doctrine or any other applicable privilege or immunity.  GSK further

28  objects to this request to the extent it seeks the disclosure of information that is readily available

1   from public sources, is equally available to Abbott, or is already in Abbott's possession.  GSK

2   further objects to this request to the extent it seeks documents that GSK is not permitted to

3   disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

4   parties.  GSK objects to the extent this request prematurely seeks expert discovery.

5   **REQUEST FOR PRODUCTION NO. 91**:

6       All documents relating to the past, current, future and potential market shares of the

7   products in the market for boosted PIs.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 91**:

9       GSK incorporates by reference its General Objections.  GSK further specifically objects to

10  this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

11  objects to this request as vague and ambiguous.  GSK further objects to this request to the extent

12  that this request calls for production of documents and information that are protected by the

13  attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other

14  applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the

15  disclosure of information that is readily available from public sources, is equally available to

16  Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

17  seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

18  confidentiality obligations or agreements with third parties.  GSK objects to the extent this request

19  prematurely seeks expert discovery.  Subject to the foregoing Specific and General Objections,

20  GSK will produce nonprivileged documents located after a reasonable search that GSK believes

21  will be sufficient to show market share from January 1, 1999 to the present to the extent these

22  documents concern GSK's protease inhibitors when used to treat HIV/AIDS.

23  **REQUEST FOR PRODUCTION NO. 92**:

24      All scientific or journal articles related to the efficacy, benefits, or side effects of products

25  in the market for boosted PIs.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 92**:

27      GSK incorporates by reference its General Objections.  GSK further specifically objects to

28  this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

1   objects to this request as vague and ambiguous.  GSK further objects to this request to the extent

2   that this request calls for production of documents and information that are protected by the

3   attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other

4   applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the

5   disclosure of information that is readily available from public sources, is equally available to

6   Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

7   seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

8   confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and

9   General Objections, GSK will produce nonprivileged documents located after a reasonable search

10  relating to the therapeutic performance, safety or efficacy of Lexiva and Agenerase when used to

11  treat HIV/AIDS.  GSK also refers Abbott to its response to Request No. 18.

12  **REQUEST FOR PRODUCTION NO. 93**:

13      All documents relating to your allegation that Abbott "targeted" GSK. (Compl. ¶ 2).

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93**:

15      GSK incorporates by reference its General Objections.  GSK further specifically objects to

16  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

17  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

18  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

19  vague and ambiguous because this request fails to describe the requested documents with any

20  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

21  34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

22  of documents and information that are protected by the attorney-client privilege, the informer

23  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

24  further objects to this request to the extent it seeks the disclosure of information that is readily

25  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

26  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

27  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

28  parties.  Subject to the foregoing Specific and General Objections, GSK believes that the

1  documents it will be producing in response to other document requests will include all non-

2  privileged documents from its files used, relied upon or referenced in filing its Complaint.

3  **REQUEST FOR PRODUCTION NO. 94**:

4       All documents relating to your allegation that Abbott "demanded" a License Agreement

5  from GSK. (Compl. ¶ 2).

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94**:

7       GSK incorporates by reference its General Objections.  GSK further specifically objects to

8  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

9  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

10  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

11  vague and ambiguous because this request fails to describe the requested documents with any

12  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

13  34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

14  of documents and information that are protected by the attorney-client privilege, the informer

15  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

16  further objects to this request to the extent it seeks the disclosure of information that is readily

17  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

18  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

19  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

20  parties.  Subject to and without waiving its foregoing General and Specific objections, GSK refers

21  Abbott to its response to Request No. 124.

22  **REQUEST FOR PRODUCTION NO. 95**:

23       All documents relating to your allegation that "Abbott explicitly considered the negative

24  impacts of its price hike." (Compl. ¶ 2).

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 95**:

26       GSK incorporates by reference its General Objections.  GSK further specifically objects to

27  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

28  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

- 64 -

1   and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

2   vague and ambiguous because this request fails to describe the requested documents with any

3   particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

4   34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

5   of documents and information that are protected by the attorney-client privilege, the informer

6   privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

7   further objects to this request to the extent it seeks the disclosure of information that is readily

8   available from public sources, is equally available to Abbott, or is already in Abbott's possession.

9   GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

10  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

11  parties.  Subject to the foregoing Specific and General Objections, GSK believes that the

12  documents it will be producing in response to other document requests will include all non-

13  privileged documents from its files used, relied upon or referenced in filing its Complaint.

14  **REQUEST FOR PRODUCTION NO. 96**:

15      All documents relating to your allegation that Abbott harmed "competition in the markets

16  into which PIs are sold, harming GSK and Abbott's other competitors in those markets and

17  harming the HIV/AIDS community." (Compl. ¶ 3).

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 96**:

19      GSK incorporates by reference its General Objections.  GSK further specifically objects to

20  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

21  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

22  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

23  vague and ambiguous because this request fails to describe the requested documents with any

24  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

25  34(b)(1)(A).  GSK also objects to the extent this request prematurely seeks expert discovery.  GSK

26  further objects to this request to the extent that this request calls for production of documents and

27  information that are protected by the attorney-client privilege, the informer privilege, the attorney

28  work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION
REQUESTS

1   request to the extent it seeks the disclosure of information that is readily available from public

2   sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

3   to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

4   protective orders and/or confidentiality obligations or agreements with third parties.  Subject to the

5   foregoing Specific and General Objections, GSK believes that the documents it will be producing

6   in response to other document requests will include all non-privileged documents from its files

7   used, relied upon or referenced in filing its Complaint.

8   **REQUEST FOR PRODUCTION NO. 97**:

9           All documents relating to your allegation that Abbott had a "contractual obligation" not to

10   raise the price of Norvir. (Compl. ¶ 2).

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 97**:

12          GSK incorporates by reference its General Objections.  GSK further specifically objects to

13   this request on the grounds that it is overbroad, unduly burdensome and oppressive because

14   documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

15   and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

16   vague and ambiguous because this request fails to describe the requested documents with any

17   particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

18   34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

19   of documents and information that are protected by the attorney-client privilege, the informer

20   privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

21   further objects to this request to the extent it seeks the disclosure of information that is readily

22   available from public sources, is equally available to Abbott, or is already in Abbott's possession.

23   GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

24   disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

25   parties.   Subject to and without waiving its foregoing General and Specific Objections, GSK

26   refers Abbott to its response to Request No. 124.

27

28

1836872

1  **REQUEST FOR PRODUCTION NO. 98**:

2      All documents relating to your allegation that Abbott's pricing decision "was designed to

3  render Norvir essentially inaccessible to a wide array of patients." (Compl. ¶ 2).

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 98**:

5      GSK incorporates by reference its General Objections.  GSK further specifically objects to

6  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

7  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

8  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

9  vague and ambiguous because this request fails to describe the requested documents with any

10  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

11  34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

12  of documents and information that are protected by the attorney-client privilege, the informer

13  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

14  further objects to this request to the extent it seeks the disclosure of information that is readily

15  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

16  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

17  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

18  parties.  Subject to the foregoing Specific and General Objections, GSK believes that the

19  documents it will be producing in response to other document requests will include all non-

20  privileged documents from its files used, relied upon or referenced in filing its Complaint.

21  **REQUEST FOR PRODUCTION NO. 99**:

22      All documents relating to your allegation that "Lexiva sales have fallen short of pre-release

23  forecasts prepared for and by GSK." (Compl. ¶ 3).

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 99**:

25      GSK incorporates by reference its General Objections.  GSK further specifically objects to

26  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

27  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

28  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

1836872

1  vague and ambiguous because this request fails to describe the requested documents with any

2  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

3  34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

4  of documents and information that are protected by the attorney-client privilege, the informer

5  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

6  further objects to this request to the extent it seeks the disclosure of information that is readily

7  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

8  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

9  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

10  parties.  Subject to the foregoing Specific and General Objections, GSK will produce

11  nonprivileged documents located after a reasonable search concerning marketing, pricing and

12  forecasting for GSK's protease inhibitors.  GSK believes that the documents it will be producing

13  in response to other document requests will include all non-privileged documents from its files

14  used, relied upon or referenced in filing its Complaint.

15  **REQUEST FOR PRODUCTION NO. 100**:

16      All documents relating to your allegation that "Abbott's anticompetitive conduct caused

17  GSK to lose sales, profits and market share for Lexiva and its other PI products." (Compl. ¶ 3).

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 100**:

19      See GSK's Response to Request No. 99.  GSK believes that the documents it will be

20  producing in response to other document requests will include all non-privileged documents from

21  its files used, relied upon or referenced in filing its Complaint.

22  **REQUEST FOR PRODUCTION NO. 101**:

23      All documents relating to your allegation that "Abbott's misconduct interfered with, and

24  continues to interfere with, GSK's ability to serve the HIV/AIDS community and to provide the

25  treatments that HIV-positive patients need." (Compl. ¶ 3).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 101**:

27      GSK incorporates by reference its General Objections.  GSK further specifically objects to

28  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

1   documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

2   and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

3   vague and ambiguous because this request fails to describe the requested documents with any

4   particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

5   34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

6   of documents and information that are protected by the attorney-client privilege, the informer

7   privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

8   further objects to this request to the extent it seeks the disclosure of information that is readily

9   available from public sources, is equally available to Abbott, or is already in Abbott's possession.

10  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

11  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

12  parties. Subject to the foregoing Specific and General Objections, GSK will produce

13  nonprivileged documents located after a reasonable search concerning marketing, pricing and

14  forecasting for GSK's protease inhibitors.  GSK believes that the documents it will be producing

15  in response to other document requests will include all non-privileged documents from its files

16  used, relied upon or referenced in filing its Complaint.

17  **REQUEST FOR PRODUCTION NO. 102**:

18      All documents relating to your allegation that "Abbott's price increase has the effect of

19  limiting the types of PIs available to patients - thus interfering with their ability to effectively treat

20  the disease." (Compl. ¶ 4).

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 102**:

22      GSK incorporates by reference its General Objections.  GSK further specifically objects to

23  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

24  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

25  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

26  vague and ambiguous because this request fails to describe the requested documents with any

27  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

28  34(b)(1)(A).  GSK also objects to this request to the extent it prematurely seeks expert discovery.

1  GSK further objects to this request to the extent that this request calls for production of documents

2  and information that are protected by the attorney-client privilege, the informer privilege, the

3  attorney work-product doctrine or any other applicable privilege or immunity.  GSK further

4  objects to this request to the extent it seeks the disclosure of information that is readily available

5  from public sources, is equally available to Abbott, or is already in Abbott's possession.  GSK

6  further objects to this request to the extent it seeks documents that GSK is not permitted to

7  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

8  parties.  Subject to the foregoing Specific and General Objections, GSK will produce

9  nonprivileged documents located after a reasonable search concerning marketing, pricing and

10  forecasting for GSK's protease inhibitors.  GSK believes that the documents it will be producing

11  in response to other document requests will include all non-privileged documents from its files

12  used, relied upon or referenced in filing its Complaint.

13  **REQUEST FOR PRODUCTION NO. 103**:

14    All documents relating to your allegation that "GSK has been harmed in North Carolina by

15  Abbott's misconduct." (Compl. ¶ 5).

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 103**:

17    GSK incorporates by reference its General Objections.  GSK further specifically objects to

18  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

19  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

20  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

21  vague and ambiguous because this request fails to describe the requested documents with any

22  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

23  34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

24  of documents and information that are protected by the attorney-client privilege, the informer

25  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

26  further objects to this request to the extent it seeks the disclosure of information that is readily

27  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

28  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

1    disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

2    parties.  Subject to the foregoing Specific and General Objections, GSK believes that the

3    documents it will be producing in response to other document requests will include all non-

4    privileged documents from its files used, relied upon or referenced in filing its Complaint.

5    **REQUEST FOR PRODUCTION NO. 104**:

6        All documents relating to your allegation that "Abbott spent significantly less in

7    developing Norvir than typical for other major pharmaceutical drugs." (Compl. ¶ 14).

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 104**:

9        GSK incorporates by reference its General Objections.  GSK further specifically objects to

10   this request on the grounds that it is overbroad, unduly burdensome and oppressive because

11   documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

12   and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

13   vague and ambiguous because this request fails to describe the requested documents with any

14   particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

15   34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

16   of documents and information that are protected by the attorney-client privilege, the informer

17   privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

18   further objects to this request to the extent it seeks the disclosure of information that is readily

19   available from public sources, is equally available to Abbott, or is already in Abbott's possession.

20   GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

21   disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

22   parties.  Subject to the foregoing Specific and General Objections, GSK believes that the

23   documents it will be producing in response to other document requests will include all non-

24   privileged documents from its files used, relied upon or referenced in filing its Complaint.

25   **REQUEST FOR PRODUCTION NO. 105**:

26       All documents relating to your allegation that Abbott executives "formulated an

27   anticompetitive scheme using Abbott's control of Norvir as leverage to maintain or increase

28   Kaletra's dominant market position." (Compl. ¶ 24).

- 71 -

1836872

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 105**:

2          GSK incorporates by reference its General Objections.  GSK further specifically objects to

3   this request on the grounds that it is overbroad, unduly burdensome and oppressive because

4   documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

5   and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

6   vague and ambiguous because this request fails to describe the requested documents with any

7   particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

8   34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

9   of documents and information that are protected by the attorney-client privilege, the informer

10  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

11  further objects to this request to the extent it seeks the disclosure of information that is readily

12  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

13  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

14  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

15  parties.  Subject to the foregoing Specific and General Objections, GSK believes that the

16  documents it will be producing in response to other document requests will include all non-

17  privileged documents from its files used, relied upon or referenced in filing its Complaint.

18  **REQUEST FOR PRODUCTION NO. 106**:

19         All documents relating to your allegation that Abbott's price increase raised "the wholesale

20  acquisition cost of GSK's boosted Lexiva treatment from $19.43 to $33.15." (Compl. ¶ 30).

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 106**:

22         GSK incorporates by reference its General Objections.  GSK further specifically objects to

23  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

24  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

25  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

26  vague and ambiguous because this request fails to describe the requested documents with any

27  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

28  34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

1  of documents and information that are protected by the attorney-client privilege, the informer

2  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

3  further objects to this request to the extent it seeks the disclosure of information that is readily

4  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

5  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

6  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

7  parties.  Subject to the foregoing Specific and General Objections, GSK believes that the

8  documents it will be producing in response to other document requests will include all non-

9  privileged documents from its files used, relied upon or referenced in filing its Complaint.

10  **REQUEST FOR PRODUCTION NO. 107**:

11      All documents relating to your allegation that Abbott's communications following its price

12  increase of Norvir "had the intention and effect of confusing prescribers and purchasers about the

13  real impact of the price increase." (Compl. ¶ 31).

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 107**:

15      GSK incorporates by reference its General Objections.  GSK further specifically objects to

16  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

17  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

18  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

19  vague and ambiguous because this request fails to describe the requested documents with any

20  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

21  34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

22  of documents and information that are protected by the attorney-client privilege, the informer

23  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

24  further objects to this request to the extent it seeks the disclosure of information that is readily

25  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

26  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

27  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

28  parties.  Subject to the foregoing Specific and General Objections, GSK believes that the

1  documents it will be producing in response to other document requests will include all non-

2  privileged documents from its files used, relied upon or referenced in filing its Complaint.

3  **REQUEST FOR PRODUCTION NO. 108**:

4      All documents relating to your allegation that the price increase "had the effect of

5  leveraging Abbott's monopoly power over PI boosters into the boosted market." (Compl. ¶ 35).

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 108**:

7      GSK incorporates by reference its General Objections.  GSK further specifically objects to

8  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

9  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

10  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

11  vague and ambiguous because this request fails to describe the requested documents with any

12  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

13  34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

14  of documents and information that are protected by the attorney-client privilege, the informer

15  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

16  further objects to this request to the extent it seeks the disclosure of information that is readily

17  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

18  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

19  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

20  parties.  Subject to the foregoing Specific and General Objections, GSK believes that the

21  documents it will be producing in response to other document requests will include all non-

22  privileged documents from its files used, relied upon or referenced in filing its Complaint.

23  **REQUEST FOR PRODUCTION NO. 109**:

24      All documents relating to your allegation that there are "substantial barriers to entry into

25  both the markets for PI boosters and boosted PIs." (Compl. ¶ 41).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 109**:

27      GSK incorporates by reference its General Objections.  GSK further specifically objects to

28  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

- 74 -

1  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

2  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

3  vague and ambiguous because this request fails to describe the requested documents with any

4  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

5  34(b)(1)(A).  GSK also objects to the extent this request prematurely seeks expert discovery.  GSK

6  further objects to this request to the extent that this request calls for production of documents and

7  information that are protected by the attorney-client privilege, the informer privilege, the attorney

8  work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

9  request to the extent it seeks the disclosure of information that is readily available from public

10  sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

11  to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

12  protective orders and/or confidentiality obligations or agreements with third parties.  Subject to the

13  foregoing Specific and General Objections, GSK believes that the documents it will be producing

14  in response to other document requests will include all non-privileged documents from its files

15  used, relied upon or referenced in filing its Complaint.

16  **REQUEST FOR PRODUCTION NO. 110**:

17      All documents relating to your statement that GSK had a "reasonable expectation" that "it

18  would be able to promote the co-prescription and co-administration of its PI products with Norvir

19  at prices competitive with those of Kaletra and other PIs." (Compl. ¶ 36).

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 110**:

21      GSK incorporates by reference its General Objections.  GSK further specifically objects to

22  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

23  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

24  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

25  vague and ambiguous because this request fails to describe the requested documents with any

26  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

27  34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

28  of documents and information that are protected by the attorney-client privilege, the informer

SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION
REQUESTS

1  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

2  further objects to this request to the extent it seeks the disclosure of information that is readily

3  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

4  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

5  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

6  parties.  Subject to and without waiving its foregoing General and Specific Objections, GSK refers

7  Abbott to its response to Request No. 124.

8  **REQUEST FOR PRODUCTION NO. 111**:

9      All documents relating to your allegation that Abbott raised the price of Norvir "knowingly

10 and intentionally to interfere with sales of Lexiva and other boosted PIs." (Compl. ¶ 36).

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 111**:

12     GSK incorporates by reference its General Objections.  GSK further specifically objects to

13 this request on the grounds that it is overbroad, unduly burdensome and oppressive because

14 documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

15 and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

16 vague and ambiguous because this request fails to describe the requested documents with any

17 particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

18 34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

19 of documents and information that are protected by the attorney-client privilege, the informer

20 privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

21 further objects to this request to the extent it seeks the disclosure of information that is readily

22 available from public sources, is equally available to Abbott, or is already in Abbott's possession.

23 GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

24 disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

25 parties.  Subject to the foregoing Specific and General Objections, GSK believes that the

26 documents it will be producing in response to other document requests will include all non-

27 privileged documents from its files used, relied upon or referenced in filing its Complaint.

28

1836872

1  **REQUEST FOR PRODUCTION NO. 112**:

2      All documents relating to your allegation that, in 2003, "Abbott's market share for boosted

3  PIs exceeded 70 percent." (Compl. ¶ 40).

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 112**:

5      GSK incorporates by reference its General Objections.  GSK further specifically objects to

6  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

7  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

8  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

9  vague and ambiguous because this request fails to describe the requested documents with any

10 particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

11 34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

12 of documents and information that are protected by the attorney-client privilege, the informer

13 privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

14 further objects to this request to the extent it seeks the disclosure of information that is readily

15 available from public sources, is equally available to Abbott, or is already in Abbott's possession.

16 GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

17 disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

18 parties.  Subject to the foregoing Specific and General Objections, GSK will produce

19 nonprivileged documents located after a reasonable search concerning marketing, pricing and

20 forecasting for GSK's protease inhibitors.  GSK believes that the documents it will be producing

21 in response to other document requests will include all non-privileged documents from its files

22 used, relied upon or referenced in filing its Complaint.

23 **REQUEST FOR PRODUCTION NO. 113**:

24      All documents relating to your allegation that "[t]hrough its course of dealing with its

25 competitors, Abbott has facilitated the market for boosted PIs ... and caused its competitors to

26 anticipate incremental" price increases for Norvir. (Compl. ¶ 44).

27

28

1836872

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 113**:

2      GSK incorporates by reference its General Objections.  GSK further specifically objects to

3  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

4  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

5  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

6  vague and ambiguous because this request fails to describe the requested documents with any

7  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

8  34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

9  of documents and information that are protected by the attorney-client privilege, the informer

10  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

11  further objects to this request to the extent it seeks the disclosure of information that is readily

12  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

13  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

14  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

15  parties.  Subject to its foregoing General and Specific Objections, GSK refers Abbott to its

16  response to Request No. 124.

17  **REQUEST FOR PRODUCTION NO. 114**:

18      All documents relating to your allegation that Abbott's conduct "artificially reduced the

19  demand for the boosted PIs of GSK and Abbott's other competitors, while artificially increasing

20  demand for its own boosted PIs." (Compl. ¶ 45).

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 114**:

22      GSK incorporates by reference its General Objections.  GSK further specifically objects to

23  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

24  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

25  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

26  vague and ambiguous because this request fails to describe the requested documents with any

27  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

28  34(b)(1)(A).  GSK also objects to the extent this request prematurely seeks expert discovery.  GSK

- 78 -

1  further objects to this request to the extent that this request calls for production of documents and

2  information that are protected by the attorney-client privilege, the informer privilege, the attorney

3  work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

4  request to the extent it seeks the disclosure of information that is readily available from public

5  sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

6  to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

7  protective orders and/or confidentiality obligations or agreements with third parties.  Subject to the

8  foregoing Specific and General Objections, GSK will produce nonprivileged documents located

9  after a reasonable search concerning marketing, pricing and forecasting for GSK's protease

10  inhibitors.  GSK believes that the documents it will be producing in response to other document

11  requests will include all non-privileged documents from its files used, relied upon or referenced in

12  filing its Complaint.

13  **REQUEST FOR PRODUCTION NO. 115**:

14       All documents relating to your allegation that Abbott's conduct "has directly and

15  proximately harmed competition in the market for boosted PIs," and that Abbott's conduct

16  "excluded and handicapped its competitors." (Compl. ¶ 46).

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 115**:

18       GSK incorporates by reference its General Objections.  GSK further specifically objects to

19  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

20  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

21  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

22  vague and ambiguous because this request fails to describe the requested documents with any

23  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

24  34(b)(1)(A).  GSK also objects to the extent this request prematurely seeks expert discovery.  GSK

25  further objects to this request to the extent that this request calls for production of documents and

26  information that are protected by the attorney-client privilege, the informer privilege, the attorney

27  work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

28  request to the extent it seeks the disclosure of information that is readily available from public

1  sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

2  to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

3  protective orders and/or confidentiality obligations or agreements with third parties.  Subject to the

4  foregoing Specific and General Objections, GSK will produce nonprivileged documents located

5  after a reasonable search concerning marketing, pricing and forecasting for GSK's protease

6  inhibitors.  GSK believes that the documents it will be producing in response to other document

7  requests will include all non-privileged documents from its files used, relied upon or referenced in

8  filing its Complaint.

9  **REQUEST FOR PRODUCTION NO. 116**:

10      All documents relating to your allegation that Abbott's "justification" of its choice to raise

11  the price of Norvir "is pretextual and does not legitimately promote competition." (Compl. ¶ 46).

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 116**:

13      GSK incorporates by reference its General Objections.  GSK further specifically objects to

14  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

15  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

16  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

17  vague and ambiguous because this request fails to describe the requested documents with any

18  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

19  34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

20  of documents and information that are protected by the attorney-client privilege, the informer

21  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

22  further objects to this request to the extent it seeks the disclosure of information that is readily

23  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

24  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

25  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

26  parties.  Subject to the foregoing Specific and General Objections, GSK believes that the

27  documents it will be producing in response to other document requests will include all non-

28  privileged documents from its files used, relied upon or referenced in filing its Complaint.

1    **REQUEST FOR PRODUCTION NO. 117**:

2        All documents relating to your allegation that "Abbott's competitors in the boosted PI

3    market, including GSK have suffered declines in revenue and reductions in the market share that

4    they otherwise would have obtained." (Compl. ¶ 47).

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 117**:

6        GSK incorporates by reference its General Objections.  GSK further specifically objects to

7    this request on the grounds that it is overbroad, unduly burdensome and oppressive because

8    documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

9    and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

10   vague and ambiguous because this request fails to describe the requested documents with any

11   particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

12   34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

13   of documents and information that are protected by the attorney-client privilege, the informer

14   privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

15   further objects to this request to the extent it seeks the disclosure of information that is readily

16   available from public sources, is equally available to Abbott, or is already in Abbott's possession.

17   GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

18   disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

19   parties.  Subject to and without waiving its foregoing General and Specific Objections, GSK refers

20   Abbott to its response to Request No. 42.  GSK believes that the documents it will be producing in

21   response to other document requests will include all non-privileged documents from its files used,

22   relied upon or referenced in filing its Complaint.

23   **REQUEST FOR PRODUCTION NO. 118**:

24       All documents relating to your allegation that, as a result of Abbott's conduct, HIV

25   patients and health care professionals have been harmed by "a) paying more for boosted PI

26   treatments than they would have in the absence of Abbott's unlawful conduct; b) being denied the

27   benefit of a broader variety of boosted PI treatments; and c) being denied the benefit of research

28

- 81 -

SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION
REQUESTS

1    and development that likely would have resulted in alternative and superior forms of PI

2    treatments." (Compl.¶ 48).

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 118**:

4         GSK incorporates by reference its General Objections.  GSK further specifically objects to

5    this request on the grounds that it is overbroad, unduly burdensome and oppressive because

6    documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

7    and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

8    vague and ambiguous because this request fails to describe the requested documents with any

9    particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

10   34(b)(1)(A).  GSK objects to this request to the extent it prematurely seeks expert discovery.  GSK

11   further objects to this request to the extent that this request calls for production of documents and

12   information that are protected by the attorney-client privilege, the informer privilege, the attorney

13   work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

14   request to the extent it seeks the disclosure of information that is readily available from public

15   sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

16   to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

17   protective orders and/or confidentiality obligations or agreements with third parties.  Subject to

18   and without waiving its foregoing General and Specific Objections, GSK refers Abbott to its

19   response to Request Nos. 23, 26 and 42.  GSK believes that the documents it will be producing in

20   response to other document requests will include all non-privileged documents from its files used,

21   relied upon or referenced in filing its Complaint.

22   **REQUEST FOR PRODUCTION NO. 119**:

23        All documents relating to your allegation that "GSK's injuries are unique and are in

24   addition to, not duplicative of or derivative of, any injuries suffered by its competitors or by

25   consumers." (Compl. ¶ 49).

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 119**:

27        GSK incorporates by reference its General Objections.  GSK further specifically objects to

28   this request on the grounds that it is overbroad, unduly burdensome and oppressive because

1   documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

2   and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

3   vague and ambiguous because this request fails to describe the requested documents with any

4   particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

5   34(b)(1)(A).  GSK objects to this request to the extent it prematurely seeks expert discovery.  GSK

6   further objects to this request to the extent that this request calls for production of documents and

7   information that are protected by the attorney-client privilege, the informer privilege, the attorney

8   work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

9   request to the extent it seeks the disclosure of information that is readily available from public

10  sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

11  to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

12  protective orders and/or confidentiality obligations or agreements with third parties.  Subject to the

13  foregoing Specific and General Objections, GSK believes that the documents it will be producing

14  in response to other document requests will include all non-privileged documents from its files

15  used, relied upon or referenced in filing its Complaint.

16  **REQUEST FOR PRODUCTION NO. 120**:

17      All documents relating to your allegation that "Abbott targets markets in which GSK

18  participates" and that Abbott "intended to harm GSK."

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 120**:

20      GSK incorporates by reference its General Objections.  GSK further specifically objects to

21  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

22  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

23  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

24  vague and ambiguous because this request fails to describe the requested documents with any

25  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

26  34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

27  of documents and information that are protected by the attorney-client privilege, the informer

28  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION REQUESTS

1    further objects to this request to the extent it seeks the disclosure of information that is readily

2    available from public sources, is equally available to Abbott, or is already in Abbott's possession.

3    GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

4    disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

5    parties.  Subject to the foregoing Specific and General Objections, GSK believes that the

6    documents it will be producing in response to other document requests will include all non-

7    privileged documents from its files used, relied upon or referenced in filing its Complaint.

8    **<u>REQUEST FOR PRODUCTION NO. 121</u>**:

9        All documents relating to your allegation that GSK lost "the benefit of the bargain it struck

10   with Abbott when GSK agreed to a license from Abbott." (Compl. ¶ 50).

11   **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 121</u>**:

12       GSK incorporates by reference its General Objections.  GSK further specifically objects to

13   this request on the grounds that it is overbroad, unduly burdensome and oppressive because

14   documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

15   and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

16   vague and ambiguous because this request fails to describe the requested documents with any

17   particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

18   34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

19   of documents and information that are protected by the attorney-client privilege, the informer

20   privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

21   further objects to this request to the extent it seeks the disclosure of information that is readily

22   available from public sources, is equally available to Abbott, or is already in Abbott's possession.

23   GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

24   disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

25   parties.  Subject to and without waiving its foregoing General and Specific Objections, GSK refers

26   Abbott to its response to Request No. 124.

27

28

1836872

1  **REQUEST FOR PRODUCTION NO. 122**:

2       All documents relating to your allegation that Abbott took "for itself part or all of the

3  expected and reasonably anticipated benefit of the agreement it entered with GSK." (Compl. ¶ 50).

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 122**:

5       GSK incorporates by reference its General Objections.  GSK further specifically objects to

6  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

7  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

8  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

9  vague and ambiguous because this request fails to describe the requested documents with any

10 particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

11 34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

12 of documents and information that are protected by the attorney-client privilege, the informer

13 privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

14 further objects to this request to the extent it seeks the disclosure of information that is readily

15 available from public sources, is equally available to Abbott, or is already in Abbott's possession.

16 GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

17 disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

18 parties.  Subject to and without waiving its foregoing General and Specific Objections, GSK refers

19 Abbott to its response to Request No. 124.

20 **REQUEST FOR PRODUCTION NO. 123**

21       All documents concerning your allegation or claim that Abbott violated the Covenant of

22 Good Faith and Fair Dealing in Count 2 of your Complaint, including but not limited to: (i) all

23 documents that support your allegations in Count 2; and (ii) all documents upon which you intend

24 to rely at trial.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 123**:

26       GSK incorporates by reference its General Objections.  GSK further specifically objects to

27 this request on the grounds that it is overbroad, unduly burdensome and oppressive because this

28 request, if read literally, encompasses every document relating to GSK's business in designing,

1836872

1   developing, manufacturing, selling and distributing protease inhibitors.  Further, GSK objects

2   because documents supporting GSK's claims, including those referenced in the Complaint at

3   Exhibits A and B, are in the possession, custody and control of Abbott.  GSK further objects to

4   this request as vague and ambiguous because this request fails to describe the requested documents

5   with any particularity, let alone "reasonable particularity" as required under Federal Rule of Civil

6   Procedure 34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for

7   production of documents and information that are protected by the attorney-client privilege, the

8   informer privilege, the attorney work-product doctrine or any other applicable privilege or

9   immunity.  GSK further objects to this request to the extent it seeks the disclosure of information

10   that is readily available from public sources, is equally available to Abbott, or is already in

11   Abbott's possession.  GSK further objects to this request to the extent it seeks documents that GSK

12   is not permitted to disclose pursuant to protective orders and/or confidentiality obligations or

13   agreements with third parties.  Subject to the foregoing Specific and General Objections, GSK

14   believes that the documents it will be producing in response to other document requests will

15   include all non-privileged documents from its files used, relied upon or referenced in filing its

16   Complaint.  GSK will identify documents it may introduce as evidence at trial at the time and in

17   the manner specified in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the

18   Local Rules, and any other applicable Orders or rules.

19 **REQUEST FOR PRODUCTION NO. 124**

20       All documents concerning or reflecting the negotiation of the License Agreement.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 124**:

22       GSK incorporates by reference its General Objections.  GSK further specifically objects to

23   this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

24   objects to this request as vague and ambiguous, particularly as to the term "License Agreement."

25   GSK further objects to this request to the extent that this request calls for production of documents

26   and information that are protected by the attorney-client privilege, the informer privilege, the

27   attorney work-product doctrine or any other applicable privilege or immunity.  GSK further

28   objects to this request to the extent it seeks the disclosure of information that is readily available

1  from public sources, is equally available to Abbott, or is already in Abbott's possession. Subject to

2  the foregoing Specific and General Objections, GSK will produce nonprivileged documents

3  located after a reasonable search relating to the negotiation of the agreement between Abbott and

4  GSK dated December 13, 2002 concerning coprescription and coadministration rights to ritonavir.

5  **REQUEST FOR PRODUCTION NO. 125**

6      All documents relating to your allegation that the terms of the License Agreement "were

7  based upon GSK's reasonable expectation ... that future increases in the price of Norvir would be

8  consistent with past increases." (Compl. ¶ 64).

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 125**:

10     GSK incorporates by reference its General Objections.  GSK further specifically objects to

11  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

12  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

13  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

14  vague and ambiguous because this request fails to describe the requested documents with any

15  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

16  34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

17  of documents and information that are protected by the attorney-client privilege, the informer

18  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

19  further objects to this request to the extent it seeks the disclosure of information that is readily

20  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

21  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

22  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

23  parties.  Subject to and without waiving its foregoing General and Specific Objections, GSK refers

24  Abbott to its response to Request No. 124.

25  **REQUEST FOR PRODUCTION NO. 126**

26     All documents relating to your allegation that Abbott's price increase of Norvir "dashed"

27  GSK's "expectations under the [License Agreement] and thwarted GSK's ability to benefit from

28  the contracted rights." (Compl. ¶ 64).

SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION
REQUESTS

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 126**:

2      GSK incorporates by reference its General Objections.  GSK further specifically objects to

3  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

4  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

5  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

6  vague and ambiguous because this request fails to describe the requested documents with any

7  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

8  34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

9  of documents and information that are protected by the attorney-client privilege, the informer

10  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

11  further objects to this request to the extent it seeks the disclosure of information that is readily

12  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

13  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

14  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

15  parties.  Subject to and without waiving its foregoing General and Specific Objections, GSK refers

16  Abbott to its response to Request No. 42.  GSK believes that the documents it will be producing in

17  response to other document requests will include all non-privileged documents from its files used,

18  relied upon or referenced in filing its Complaint.

19  **REQUEST FOR PRODUCTION NO. 127**

20      All documents relating to your allegation that Abbott's price increase of Norvir

21  "devastated the value of the License Agreement." (Compl. ¶ 64).

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 127**:

23      GSK incorporates by reference its General Objections.  GSK further specifically objects to

24  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

25  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

26  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

27  vague and ambiguous because this request fails to describe the requested documents with any

28  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

1    34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

2    of documents and information that are protected by the attorney-client privilege, the informer

3    privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

4    further objects to this request to the extent it seeks the disclosure of information that is readily

5    available from public sources, is equally available to Abbott, or is already in Abbott's possession.

6    GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

7    disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

8    parties.  Subject to and without waiving its foregoing General and Specific Objections, GSK refers

9    Abbott to its response to Request No. 42.  GSK believes that the documents it will be producing in

10   response to other document requests will include all non-privileged documents from its files used,

11   relied upon or referenced in filing its Complaint.

12   **REQUEST FOR PRODUCTION NO. 128**

13        All documents concerning your allegation or claim that Abbott violated the North Carolina

14   Unfair Trade Practices Act, as alleged in Count 3 of your Complaint, including but not limited to:

15   (i) all documents that support your allegations in Count 3; and (ii) all documents upon which you

16   intend to rely at trial.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 128**:

18        GSK incorporates by reference its General Objections.  GSK further specifically objects to

19   this request on the grounds that it is overbroad, unduly burdensome and oppressive because this

20   request, if read literally, encompasses every document relating to GSK's business in designing,

21   developing, manufacturing, selling and distributing protease inhibitors.  Further, GSK objects

22   because documents supporting GSK's claims, including those referenced in the Complaint at

23   Exhibits A and B, are in the possession, custody and control of Abbott.  GSK further objects to

24   this request as vague and ambiguous because this request fails to describe the requested documents

25   with any particularity, let alone "reasonable particularity" as required under Federal Rule of Civil

26   Procedure 34(b)(1)(A).  GSK further objects to this request to the extent that this request calls

27   production of documents and information that are protected by the attorney-client privilege, the

28   informer privilege, the attorney work-product doctrine or any other applicable privilege or

SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION
REQUESTS

1  immunity.  GSK further objects to this request to the extent it seeks the disclosure of information

2  that is readily available from public sources, is equally available to Abbott, or is already in

3  Abbott's possession.  GSK further objects to this request to the extent it seeks documents that GSK

4  is not permitted to disclose pursuant to protective orders and/or confidentiality obligations or

5  agreements with third parties.  Subject to the foregoing Specific and General Objections, GSK

6  believes that the documents it will be producing in response to other document requests will

7  include all non-privileged documents from its files used, relied upon or referenced in filing its

8  Complaint.  GSK will identify documents it may introduce as evidence at trial at the time and in

9  the manner specified in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the

10  Local Rules, and any other applicable Orders or rules.

11  **REQUEST FOR PRODUCTION NO. 129**

12      All documents relating to your allegation that Abbott "manipulated and exploited its

13  position of power over Norvir." (Compl. ¶ 70).

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 129**:

15      GSK incorporates by reference its General Objections.  GSK further specifically objects to

16  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

17  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

18  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

19  vague and ambiguous because this request fails to describe the requested documents with any

20  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

21  34(b)(1)(A).  GSK also objects to the extent this request prematurely seeks expert discovery.  GSK

22  further objects to this request to the extent that this request calls for production of documents and

23  information that are protected by the attorney-client privilege, the informer privilege, the attorney

24  work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

25  request to the extent it seeks the disclosure of information that is readily available from public

26  sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

27  to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

28  protective orders and/or confidentiality obligations or agreements with third parties.  Subject to the

1  foregoing Specific and General Objections, GSK believes that the documents it will be producing

2  in response to other document requests will include all non-privileged documents from its files

3  used, relied upon or referenced in filing its Complaint.

4  **REQUEST FOR PRODUCTION NO. 130**

5       All documents relating to your allegation that Abbott "deliberately deceived its

6  competitors and the public as to the true and illegitimate nature of the price increase."

7  (Compl. ¶ 71).

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 130**:

9       GSK incorporates by reference its General Objections.  GSK further specifically objects to

10  this request on the grounds that it is overbroad, unduly burdensome and oppressive because

11  documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

12  and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

13  vague and ambiguous because this request fails to describe the requested documents with any

14  particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

15  34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for production

16  of documents and information that are protected by the attorney-client privilege, the informer

17  privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

18  further objects to this request to the extent it seeks the disclosure of information that is readily

19  available from public sources, is equally available to Abbott, or is already in Abbott's possession.

20  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

21  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

22  parties.  Subject to the foregoing Specific and General Objections, GSK believes that the

23  documents it will be producing in response to other document requests will include all non-

24  privileged documents from its files used, relied upon or referenced in filing its Complaint.

25  **REQUEST FOR PRODUCTION NO. 131**

26       All documents concerning your allegation or claim that Abbott violated the North Carolina

27  Prohibition Against Monopolization in Count 4 of your Complaint, including but not limited to: (i)

28

1  all documents that support your allegations in Count 4; and (ii) all documents upon which you

2  intend to rely at trial.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 131**:

4          GSK incorporates by reference its General Objections.  GSK further specifically objects to

5  this request on the grounds that it is overbroad, unduly burdensome and oppressive because this

6  request, if read literally, encompasses every document relating to GSK's business in designing,

7  developing, manufacturing, selling and distributing protease inhibitors.  Further, GSK objects

8  because documents supporting GSK's claims, including those referenced in the Complaint at

9  Exhibits A and B, are in the possession, custody and control of Abbott.  GSK further objects to

10  this request as vague and ambiguous because this request fails to describe the requested documents

11  with any particularity, let alone "reasonable particularity" as required under Federal Rule of Civil

12  Procedure 34(b)(1)(A).  GSK further objects to this request to the extent that this request calls for

13  production of documents and information that are protected by the attorney-client privilege, the

14  informer privilege, the attorney work-product doctrine or any other applicable privilege or

15  immunity.  GSK further objects to this request to the extent it seeks the disclosure of information

16  that is readily available from public sources, is equally available to Abbott, or is already in

17  Abbott's possession.  GSK further objects to this request to the extent it seeks documents that GSK

18  is not permitted to disclose pursuant to protective orders and/or confidentiality obligations or

19  agreements with third parties.  Subject to the foregoing Specific and General Objections, GSK

20  believes that the documents it will be producing in response to other document requests will

21  include all non-privileged documents from its files used, relied upon or referenced in filing its

22  Complaint.  GSK will identify documents it may introduce as evidence at trial at the time and in

23  the manner specified in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the

24  Local Rules, and any other applicable Orders or rules.

25  **REQUEST FOR PRODUCTION NO. 132**

26          All documents that substantiate or relate in any way to any damages you allegedly suffered

27  because of Abbott's acts for which you are seeking recovery in this action.

28

1836872

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 132**:

2       GSK incorporates by reference its General Objections.  GSK further specifically objects to

3 this request on the grounds that it is overbroad, unduly burdensome and oppressive because

4 documents supporting GSK's claims, including those referenced in the Complaint at Exhibits A

5 and B, are in the possession, custody and control of Abbott.  GSK further objects to this request as

6 vague and ambiguous because this request fails to describe the requested documents with any

7 particularity, let alone "reasonable particularity" as required under Federal Rule of Civil Procedure

8 34(b)(1)(A).  GSK objects to the extent this request prematurely seeks expert discovery.  GSK

9 further objects to this request to the extent that this request calls for production of documents and

10 information that are protected by the attorney-client privilege, the informer privilege, the attorney

11 work-product doctrine or any other applicable privilege or immunity.  GSK further objects to this

12 request to the extent it seeks the disclosure of information that is readily available from public

13 sources, is equally available to Abbott, or is already in Abbott's possession.  GSK further objects

14 to this request to the extent it seeks documents that GSK is not permitted to disclose pursuant to

15 protective orders and/or confidentiality obligations or agreements with third parties.

16 **REQUEST FOR PRODUCTION NO. 133**

17       All personnel and employment history files for any individual you expect to call as a

18 witness in this lawsuit.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 133**:

20       GSK incorporates by reference its General Objections.  GSK further specifically objects

21 that any witness's personnel and employment history files will not lead to the discovery of

22 admissible evidence.  GSK objects to this request on the grounds that it is overbroad, unduly

23 burdensome and oppressive.  GSK objects to the extent this request prematurely seeks

24 identification of trial witnesses.  GSK further specifically objects to this request on the grounds

25 that it is overbroad, unduly burdensome and oppressive.  GSK further objects to this request as

26 vague and ambiguous.  GSK further objects to this request to the extent that this request calls for

27 production of documents and information that are protected by the attorney-client privilege, the

28 informer privilege, the attorney work-product doctrine or any other applicable privilege or

SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION
REQUESTS

1   immunity.  GSK further objects to this request to the extent it seeks the disclosure of information

2   that is readily available from public sources, is equally available to Abbott, or is already in

3   Abbott's possession.  GSK further objects to this request to the extent it seeks documents that GSK

4   is not permitted to disclose pursuant to protective orders and/or confidentiality obligations or

5   agreements with third parties.

6   **REQUEST FOR PRODUCTION NO. 134**

7        All documents concerning Lexiva, Agenerase, Kaletra or Norvir authored or received by

8   any individual you expect to call as a witness in this lawsuit.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 134**:

10       GSK incorporates by reference its General Objections.  GSK further objects to the extent

11  this request prematurely seeks identification of trial witnesses.  GSK further specifically objects to

12  this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

13  objects to this request as vague and ambiguous.  GSK further objects to this request to the extent

14  that this request calls for production of documents and information that are protected by the

15  attorney-client privilege, the informer privilege, the attorney work-product doctrine or any other

16  applicable privilege or immunity.  GSK further objects to this request to the extent it seeks the

17  disclosure of information that is readily available from public sources, is equally available to

18  Abbott, or is already in Abbott's possession.  GSK further objects to this request to the extent it

19  seeks documents that GSK is not permitted to disclose pursuant to protective orders and/or

20  confidentiality obligations or agreements with third parties.  Subject to the foregoing Specific and

21  General Objections, GSK will produce nonprivileged documents, to the extent they do not

22  impinge upon individual privacy rights, for its trial witnesses at the time and in the manner these

23  witnesses are identified in accordance with the Federal Rules of Civil Procedure, the Federal Rules

24  of Evidence, the Local Rules, and any other applicable Orders or rules.

25  **REQUEST FOR PRODUCTION NO. 135**

26       All documents created or considered, in connection with this case, by any person whom

27  you or your attorneys expect to use as an expert witness in this lawsuit.

28

1836872

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 135**:

2      GSK incorporates by reference its General Objections.  GSK further objects that this

3  request prematurely seeks expert discovery.  GSK further specifically objects to this request on the

4  grounds that it is overbroad, unduly burdensome and oppressive.  GSK further objects to this

5  request as vague and ambiguous.  GSK further objects to this request to the extent that this request

6  calls for production of documents and information that are protected by the attorney-client

7  privilege, the informer privilege, the attorney work-product doctrine or any other applicable

8  privilege or immunity.  GSK further objects to this request to the extent it seeks the disclosure of

9  information that is readily available from public sources, is equally available to Abbott, or is

10  already in Abbott's possession.  GSK further objects to this request to the extent it seeks

11  documents that GSK is not permitted to disclose pursuant to protective orders and/or

12  confidentiality obligations or agreements with third parties.

13  **REQUEST FOR PRODUCTION NO. 136**

14      All communications between you and the other counsel in the related actions to this

15  lawsuit.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 136**:

17      GSK incorporates by reference its General Objections.  GSK further specifically objects to

18  this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

19  objects to this request as vague and ambiguous.  GSK further objects to this request to the extent

20  that this request calls for production of documents and information that are protected by the

21  attorney-client privilege, the attorney work-product doctrine, the joint prosecution privilege or any

22  other applicable privilege or immunity.

23  **REQUEST FOR PRODUCTION NO. 137**

24      All documents reviewed or relied upon by your expert witnesses.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 137**:

26      See GSK's Response to Request No. 135.

27  **REQUEST FOR PRODUCTION NO. 138**

28      All documents reviewed or relied upon by your fact witnesses.

- 95 -

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 138**:

2       GSK incorporates by reference its General Objections.  GSK further specifically objects to

3   this request on the grounds that it is overbroad, unduly burdensome and oppressive.  GSK further

4   objects to this request as vague and ambiguous, particularly as to the term "reviewed and relied

5   upon."  GSK further objects to this request to the extent that this request calls for production of

6   documents and information that are protected by the attorney-client privilege, the informer

7   privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  GSK

8   further objects to this request to the extent it seeks the disclosure of information that is readily

9   available from public sources, is equally available to Abbott, or is already in Abbott's possession.

10  GSK further objects to this request to the extent it seeks documents that GSK is not permitted to

11  disclose pursuant to protective orders and/or confidentiality obligations or agreements with third

12  parties.

13  Dated:  April 15, 2008                    IRELL & MANELLA LLP
                                              ARNOLD & PORTER LLP
14

15

16                                            By: _____
                                                  Trevor V. Stockinger
17                                                Attorney for GlaxoSmithKline

18

19

20

21

22

23

24

25

26

27

28

1836872          SUPPLEMENTAL RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF PRODUCTION
                                              REQUESTS

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of 18
and not a party to the within action.  My business address is 1800 Avenue of the Stars, Suite 900,
3  Los Angeles, California 90067.

4      On April 15, 2008, I served the foregoing document described as **SUPPLEMENTAL
RESPONSE TO ABBOTT LABORATORIES' FIRST SET OF REQUESTS FOR**
5  **DOCUMENTS AND THINGS TO PLAINTIFF** on each interested party, as follows:

6                   Charles B. Klein
                    Winston & Strawn LLP
7                   1700 K Street, N.W.
                    Washington, D.C.  20006-3817
8                   cklein@winston.com

9

10  [X]      (BY OVERNIGHT DELIVERY SERVICE)  I served the foregoing document
             by FedEx, an express service carrier which provides overnight delivery, as
             follows.  I placed a true copy of the foregoing document in sealed envelopes or
11           packages designated by the express service carrier, addressed, as set forth above,
             with fees for overnight delivery paid or provided for.

12
             [X]      (BOX DEPOSIT)  I deposited such envelopes or packages in a
13                    box or other facility regularly maintained by the express service
                      carrier.

14
15  [X]      (BY ELECTRONIC MAIL)  I caused the foregoing document to be served
             electronically by electronically  mailing a true and correct copy through Irell &
             Manella LLP's electronic mail system to the e-mail address(es), as set forth
16           above, and the transmission was reported as complete and no error was reported.

17

18      Executed on April 15, 2008, at Los Angeles, California.

19      I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.
20
             Joshua Karp
21          (JKARP@IRELL.COM)                                    _____
_____                                        (Signature)
22           (Type or print name)

23

24

25

26

27

28

1854020