1  IRELL & MANELLA LLP
   Alexander F. Wiles (CA 73596) awiles@irell.com
2  Brian Hennigan (CA 86955) bhennigan@irell.com
   Trevor V. Stockinger (CA 226359) tstockinger@irell.com
3  S. Albert Wang (CA 250163) awang@irell.com
   1800 Avenue of the Stars, Suite 900
4  Los Angeles, California 90067-4276
   Telephone:  (310) 277-1010
5  Facsimile:   (310) 203-7199

6  ARNOLD & PORTER LLP
   Kenneth A. Letzler (*Admitted Pro Hac Vice*) Kenneth_Letzler@aporter.com
7  Daniel S. Pariser (*Admitted Pro Hac Vice*) Daniel_Pariser@aporter.com
   555 Twelfth Street, NW
8  Washington, DC  20004-1206
   Telephone:  (202) 942-5000
9  Facsimile:   (202) 942-5999

10 *Attorneys for Plaintiff GlaxoSmithKline*

11 **[Additional Counsel Listed on Signature Page]**

12                **UNITED STATES DISTRICT COURT**

13                **NORTHERN DISTRICT OF CALIFORNIA**

14                         **OAKLAND DIVISION**

| | |
|---|---|
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | **Case No. C 07-5702 (CW)**<br><br>*Related per November 19, 2007 Order to* **Case No. C-04-1511 (CW)**<br><br>**GLAXOSMITHKLINE'S AND DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE PROWSE DECLARATION, DOCUMENTS ASSOCIATED WITH SHAEFER AND STOCKINGER DECLARATIONS, AND PLAINTIFFS' OPPOSITION BRIEFS UNDER SEAL (LOCAL RULES 79-5 AND 7-11)**<br><br>Date:           October 28, 2010<br>Time:          2:00 p.m.<br>Courtroom: 2 (4th Floor)<br>Judge:         Hon. Claudia Wilken |

*(Caption continued on next page.)*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2297511

PLAINTIFFS' MOTION TO SEAL
CASE NOS. C07-5470, C 07-5985, C 07-6120, C 07-5702

| | | |
|---|---|---|
| 1 | | |
| 2 | SAFEWAY INC., *et al.*, ) | Case No. C07-5470 (CW) |
| 3 | Plaintiff, ) ) | Related per November 19, 2007 Order to Case No. C04-1511 (CW) |
| 4 | v. ) ) | |
| 5 | ABBOTT LABORATORIES, ) ) | |
| 6 | Defendant. ) ) | |
| 7 | ) | |
| 8 | ) ) | |
| 9 | ) ) | |
| 10 | MEIJER, INC. & MEIJER DISTRIBUTION, ) INC., *et al.*, ) | Case No. C07-5985 (CW) (Consolidated Cases) |
| 11 | Plaintiff, ) ) | Related per November 30, 2007 Order to Case No. C04-1511 (CW) |
| 12 | v. ) ) | |
| 13 | ABBOTT LABORATORIES, ) ) | |
| 14 | Defendant. ) ) | |
| 15 | ) ) | |
| 16 | ) ) | |
| 17 | ) ) | |
| 18 | RITE AID CORPORATION, *et al.*, ) | Case No. C07-6120 (CW) |
| 19 | Plaintiff, ) ) | Related per December 5, 2007 Order to Case No. C04-1511 (CW) |
| 20 | v. ) ) | |
| 21 | ABBOTT LABORATORIES, ) ) | |
| 22 | Defendant. ) ) | |
| 23 | ) ) | |
| 24 | ) ) | |
| 25 | ) | |
| 26 | | |
| 27 | | |
| 28 | | |

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2297511

PLAINTIFFS' MOTION TO SEAL
CASE NOS. C07-5470, C 07-5985, C 07-6120, C 07-5702

# NOTICE OF MOTION

PLEASE TAKE NOTICE that plaintiff SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK"), along Direct Purchaser Plaintiffs, hereby move pursuant to Local Rules 79-5 and 7-11 for Administrative Relief to file the following materials, or portions thereof, under seal:

1. Exhibits 1-4, 6-10, 12, 14-21, 28, 30-41, 43-50, 56, 57, 59-62, 64, 69-78, 81-83, 85-101, 103, 106, 107, 110-113, 115-118, and 123 to the Declaration of Trevor V. Stockinger in Support of Plaintiffs' Oppositions to Abbott's Motions for Summary Judgment.

2. Exhibits C-G, I-L, and O to the Declaration of Mark S. Shaefer in Support of Plaintiffs' Oppositions to Abbott's Motions for Summary Judgment.

3. Paragraphs 3 and footnote 2 of the Declaration of Stephen D. Prowse, Ph.D. in Support of Plaintiffs' Oppositions to Abbott's Motions for Summary Judgment.

4. Portions of GSK's Opposition to Abbott's Motion for Summary Judgment.

5. Portions of Direct Purchaser Plaintiffs' Opposition to Abbott's Motion for Summary Judgment.

This motion is brought because some of the materials listed above disclose, in whole or in part, information that has been designated by GSK to be Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to protective orders entered in these related cases. The remaining documents, or portions thereof, lodged under seal have been designated as confidential by Abbott. In accordance with this Court's March 24, 2008 Order, Plaintiffs conferred with Abbott about the confidentiality designations of the documents anticipated to be cited in support of Plaintiffs' opposition briefs. As a result, Abbott de-designated several documents. Declaration of S. Albert Wang in Support of this Administrative Motion to Seal ("Wang Declaration") ¶ 2. The Plaintiffs also de-designated materials, and GSK now brings this motion to seal only that more limited set of materials. *Id.* This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Wang Declaration and accompanying exhibits, and any other material and/or argument related to Plaintiffs' Oppositions to Abbott Laboratories' Motions for Summary Judgment.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff GSK requests this Court to seal the following materials submitted in support of Plaintiffs' Oppositions to Abbott's Motions for Summary Judgment: Exhibits 2, 4, 6, 7, 12, 36, 38, 43-45, 50, 69, 111, 112, 115, 118 to the Declaration of Trevor V. Stockinger in Support of Plaintiffs' Opposition to Abbott's Motion for Summary Judgment ("Stockinger Declaration"); Exhibits C-G, I-L, and O to the Declaration of Mark S. Shaefer in Support of Plaintiffs' Opposition to Abbott's Motions for Summary Judgment ("Shaefer Declaration"); and paragraphs 3 of the Declaration of Stephen D. Prowse, Ph.D. in Support of Plaintiffs' Oppositions to Abbott's Motions for Summary Judgment ("Prowse Declaration"). In addition, GSK requests this Court to seal portions of GSK's and Direct Purchaser Plaintiffs' Oppositions to Abbott's Motions for Summary Judgment that refer to these materials. Each of these documents contains sensitive and/or proprietary information, the disclosure of which could directly harm GSK's business interests, including those of ViiV Healthcare ("ViiV"), a joint venture company that is 85 percent owned by GSK and through which GSK now develops, markets and sells HIV/AIDS drugs that GSK formerly developed, owned, and marketed directly. GSK's interests in protecting this information greatly outweigh the public's negligible interest in accessing information related to GSK's internal operations, strategies, marketing, and financial performance. Sealing is appropriate under applicable standards and the Court's Local Rule 79-5.

Plaintiffs have also submitted Exhibits 1-3, 8-10, 12, 14-21, 28, 30-35, 37-41, 43, 45-50, 56, 57, 59-62, 64, 69-78, 81-83, 85-101, 103, 106, 107, 110-113, 115, 117, and 123 to the Stockinger Declaration and footnote 2 of the Prowse Declaration under seal because these materials or portions thereof have been designated as confidential by Abbott pursuant to the protective orders in this case and related cases. Plaintiffs do not seek confidential treatment of these materials and have lodged these materials under seal to provide Abbott with the opportunity to establish that these materials should be sealed.[1]

---

[1] GSK seeks to seal a narrower portion of the material contained in Exhibits 2, 12, 38, 43, 45, 50, 69, 111, 112, and 115 than Abbott. GSK's request with regard to these exhibits is specified

## II. ARGUMENT

Public "access to judicial records is not absolute." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Courts have prevented public access to records to protect "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted). With respect to "dispositive pleadings, including motions for summary judgment and related attachments[,]" a court may seal a document if there is a "compelling reason" to do so. *Kamakana*, 447 F.3d at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)); *see also Van Asdale v. Int'l Game Tech.*, No. 3:04-CV-703-RAM, 2010 U.S. Dist. LEXIS 60766 (D. Nev. May 28, 2010) (granting defendant's motion to maintain seal on numerous documents, including plaintiff's opposition to defendant's motion for summary judgment). "Compelling reasons" include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (citations omitted).

Local Rule 79-5 permits this court to issue a sealing order "upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law . . . ." N.D. Cal. Local Rule 79-5(a).

Here, the documents and portions thereof that GSK seeks to have sealed contain information, including trade secrets and proprietary information, the public release of which could financially harm GSK. GSK's competitors could use the information against GSK to GSK's detriment. In addition, GSK's data vendors could be harmed by the public release of their product. *See Van Asdale*, 2010 U.S. Dist. LEXIS 60766. Protecting the release of trade secrets and proprietary information, and avoiding the resulting financial harm, are compelling reasons to seal, and GSK has narrowly tailored its requests with these interests in mind. Thus, this Motion for Administrative Relief seeking the sealing of documents, or marked portions thereof, should be granted.

---

with highlighting in the exhibits to the Wang Declaration, filed concurrently under seal with this Motion.

The following sections provide details for groups of documents, or portions thereof, which make up GSK's request, demonstrating why these selections satisfy the legal standard at issue and should be sealed.

### A. Stockinger Declaration

#### 1. GSK's License Agreements and Related Documents

Exhibits 2, 4, 6, 7, and 12 to the Stockinger Declaration, and Exhibits C, D, and E of the Shaefer Declaration, are GSK license agreements or documents that discuss or reveal the terms and/or negotiations of those agreements. *See* Declaration of S. Albert Wang ("Wang Declaration") ¶¶ 6-10, 22-24. These agreements are kept confidential, and the documents that reference them contain sensitive information, including information that could be used against GSK in the future if publicly disclosed. This is particularly true because much of the licensing documentation and discussion reveals GSK's general strategic approach and negotiation tactics, and often the financial terms. *Id.* The licenses themselves contain confidentiality provisions. Preventing harm to GSK's business is a compelling reason to keep these exhibits, or the denoted portions thereof, confidential and nonpublic.

#### 2. Confidential GSK Forecasts and Market Research

Exhibits 36 and 115 to the Stockinger Declaration contain excerpts of depositions in which there is testimony about confidential, internal GSK forecasts for Lexiva. *Id.* ¶¶ 11, 20. Exhibit G to the Shaefer Declaration contains forecasting information as well as market research, all from a third party research firm hired by GSK. *Id.* ¶ 26. Paragraph 3 of the Prowse Declaration relies upon proprietary market data provided to GSK by third-party vendors. *Id.* ¶ 32. Public disclosure could impair GSK's ability to compete in certain markets in the future, as this material relating to GSK's forecasts reveal not just GSK's internal business planning but also its strategies and approaches. Not only are GSK's interests impacted, but so are those of GSK's third party research vendor. In order to release information from its third party research vendors in this litigation, GSK has agreed to make efforts to protect its interests. These concerns are compelling reasons to maintain the confidentiality of these exhibits to the Stockinger and Shaefer Declarations.

### 3.   Expert Reports and Excerpts

Exhibits 38, 43-45, 50, 69, 111, and 112 to the Stockinger Declaration are expert reports or excerpts of expert reports. *Id.* ¶¶ 12-19. These materials discuss and analyze confidential forecasts, projections, pricing issues, costs, licensing, and marketing strategies. *Id.* In order to properly analyze this case, the experts must often quote from or relate key strategy documents of GSK's, revealing information that is highly sensitive and could be used against GSK. Given the level with which the experts in this case must dive into the strategies and financial data of GSK, the protection of GSK's, and ViiV's, business interests serves as a compelling reason to keep these exhibits, and denoted parts thereof, under seal.

### 4.   Confidential Business and Strategy Documents

Exhibit 118 to the Stockinger Declaration, and exhibits F, I, J, K, L, and O to the Shaefer Declaration contain information about GSK's business and strategy, including marketing plans and pricing issues. *Id.* ¶¶ 21, 25, 27-31. These documents include major launch planning documents and presentations, as well as collections of research on perceptions of Lexiva and the protease inhibitor market. This category also includes internal analysis carried out by GSK on the implications of the Norvir price hike in relation to public payers. These types of internal business deliberation and planning documents reveal information that is vital to GSK's, and ViiV's, competitive standing. Avoiding the damage that would come from disclosing these strategic documents provides this Court compelling reasons to keep the documents confidential.

**B.   GSK's Opposition to Abbott's Motion for Summary Judgment and Direct Purchaser Plaintiffs' Opposition to Abbott's Motion for Summary Judgment**

GSK's Opposition to Abbott's Motion for Summary Judgment and Direct Purchaser Plaintiffs' Motion for Summary Judgment disclose information contained in the confidential documents discussed above. For the same reasons that those materials should be sealed, references to that information should be sealed as well.

**III. CONCLUSION**

For the foregoing reasons, this Court should grant Plaintiffs' motion for administrative relief and seal the requested documents or portions thereof.

Dated: September 9, 2010

Respectfully submitted,

IRELL & MANELLA LLP

By: s/ Alexander F. Wiles
Alexander F. Wiles

*Counsel for GSK*
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: s/ Brendan P. Glackin
Brendan P. Glackin
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
bglackin@lchb.com

*Counsel for Direct Purchaser Class*
HANGLEY ARONCHICK SEGAL & PUDLIN

By: /s Monica L. Rebuck
Monica L. Rebuck

30 North Third Street, Suite 700
Harrisburg, PA 17101-1701
Telephone: (717) 364-1007
Facsimile: (717) 362-1020
mrebuck@hangley.com

*Counsel for Rite Aid Corp., et al.*

KENNY NACHWALTER, PA

By: /s Scott Perwin
Scott Eliot Perwin

201 S. Biscayne Blvd.
1100 Miami Center
Miami, Florida 33131
Telephone: 305-373-1000
Facsimile: 305-372-1861
sperwin@kennynachwalter.com

*Counsel for Safeway Inc., et al.*

Pursuant to General Order No. 45, Section X, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the above signatories.

Dated: September 9, 2010          By:     s/ Trevor Stockinger
                                          Trevor V. Stockinger
                                          IRELL & MANELLA LLP
                                          Attorneys for GlaxoSmithKline