IRELL & MANELLA LLP
Alexander F. Wiles (CA 73596) awiles@irell.com
Brian Hennigan (CA 86955) bhennigan@irell.com
Trevor V. Stockinger (CA 226359) tstockinger@irell.com
S. Albert Wang (CA 250163) awang@irell.com
Andrew M. Ow (CA 266756) aow@irell.com
Christopher D. Beatty (CA 266466) cbeatty@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:    (310) 203-7199

ARNOLD & PORTER LLP
Kenneth A. Letzler (Admitted *Pro Hac Vice*) Kenneth_Letzler@aporter.com
Daniel S. Pariser (Admitted *Pro Hac Vice*) Daniel_Pariser@aporter.com
Barbara H. Wootton (Admitted *Pro Hac Vice*) Barbara_Wootton@aporter.com
555 Twelfth Street, NW
Washington, DC  20004-1206
Telephone:   (202) 942-5000
Facsimile:    (202) 942-5999

Attorneys for Plaintiff
GlaxoSmithKline

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE,<br><br>  Plaintiff,<br><br>  v.<br><br>ABBOTT LABORATORIES,<br><br>  Defendant. | Case No. C07-5702 (CW)<br><br>*Related per November 19, 2007 Order to* **Case No. C-04-1511 (CW)**<br><br>**GSK'S ADMINISTRATIVE MOTION FOR ENTRY OF JUDGMENT UNDER RULE 58(B)(2)**<br><br>Date:        N/A<br>Time:       N/A<br>Courtroom: 2, 4th Fl.<br>Judge:      Hon. Claudia Wilken |

# NOTICE OF MOTION AND MOTION

Plaintiff SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") hereby moves pursuant to Fed. R. Civ. P. 58(b)(2) and N.D. Cal. L.R. 7-11 for entry of judgment in accordance with the jury verdict, Dkt. # 487, rendered on March 30, 2011.  GSK seeks an entry of judgment on each count of GSK's First Amended Complaint, Dkt. # 170, as follows:

- Count 1 (federal antitrust claims): for defendant Abbott Laboratories ("Abbott")
- Count 2 (breach of the covenant of good faith and fair dealing): for GSK, in the amount of $4,549,590.96
- Count 3 (violation of N.C. Gen. Stat. § 75.1-1): for GSK, in the amount of $11,522,070.96
- Count 4 (state antitrust claims): for defendant Abbott Laboratories ("Abbott")

For the avoidance of duplicative recovery, the total award to GSK should be $11,522,070.96.[1]

Entry of judgment on Count 2 for GSK in the amount of $4,549,590.96 is mandated by the jury's answers to questions B1 through B4, Jury Verdict, Dkt. # 487, at 4-5, along with prejudgment interest.[2]  Entry of judgment on Count 3 for GSK in the amount of $11,522,070.96[3] is appropriate because of the jury's findings that Abbott acted in bad faith, committed grossly negligent conduct, and, during the negotiation of the Norvir boosting license, deliberately withheld from GSK that Abbott was considering how to use its control over Norvir to limit competition with Kaletra.  Jury Verdict, Dkt. # 487, at 4-5 (questions B1, B2, C1).  As explained in GSK's

---

[1] GSK may seek costs and attorneys' fees after the entry of judgment, *see* N.D. Cal. L.R. 54-1, 54-5, as provided by Fed. R. Civ. P. 54(d) and N.C. Gen. Stat. § 75-16.

[2] Pre-judgment interest on the contract claim was calculated in accordance with New York law, using the statutory interest rate of nine percent per annum computed on a simple interest basis from the date the complaint was filed to the date of the verdict.  N.Y. C.P.L.R. §§ 5001(a) (prejudgment interest proper for contract claims); 5004(a) (nine percent) (McKinney's 2011); *see, e.g., Marfia v. T.C. Ziraat Bankaski*, 147 F.3d 83, 90 (2d Cir. 1998) (simple interest basis); *Filmline (Cross-Country) Productions, Inc. v. United Artists Corp.*, 662 F. Supp. 798, 815 (S.D.N.Y. 1987), *aff'd* 865 F.3d 513 (2d Cir. 1989) (proper to calculate from the date of the complaint for lost profits); *Morse v. Swank, Inc.*, 520 F. Supp. 829, 830 (S.D.N.Y. 1981), *aff'd sub nom. Morse v. S.A.R.L. DeGeshion Peirre Cardin*, 688 F.2d 816 (2d Cir. 1982) (same).

[3] This amount constitutes a trebling of the jury's award, N.C. Gen. Stat. § 75-16; *Marshall v. Miller*, 276 S.E.2d 397, 402 (N.C. 1981), along with prejudgment interest on only the jury's initial award of $3,486,240, *see Market America, Inc. v. Rossi*, 104 F. Supp. 2d 606 (M.D.N.C. 2000).

Opposition to Abbott's Motion for Judgment as a Matter of Law, Dkt. #488, at 7-11, these findings constitute substantial aggravating circumstances attendant to a breach of contract such that the Court must find, as a matter of law, that Abbott violated N.C. Gen. Stat. § 75.1-1.

Dated: March 31, 2011          Respectfully submitted,

IRELL & MANELLA LLP

By:    */s/ Alexander F. Wiles*
         Alexander F. Wiles

     Pursuant to General Order No. 45, Section X, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the above signatories.

Dated: March 31, 2011          */s/ S. Albert Wang*
         S. Albert Wang
         *Counsel for GSK*