```
                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
```

SMITHKLINE BEECHAM CORPORATION,
d/b/a GLAXOSMITHKLINE,                    No. C 07-5702 CW

       Plaintiff,                  ORDER ON
                                    OBJECTIONS TO JURY
                                    INSTRUCTIONS AND
  v.                                 VERDICT FORM

                                    (Docket Nos. 616
ABBOTT LABORATORIES,                      and 618)

       Defendant.
_____/

    On January 23, 2015, the Court issued an order with appended jury instructions and verdict form and permitted the parties to file objections thereto. Docket No. 614. Defendant Abbott filed three objections. Docket No. 616. Plaintiff GlaxoSmithKline (GSK) filed a response. Docket No. 618. Having considered the arguments of counsel, the Court now resolves each objection in turn.

    Abbott's first objection involves the deletion of references to proximate cause from the proposed verdict form and final jury instructions for the state law causes of action. In response, GSK states that it does not oppose reinserting those references to the extent that the language tracks that of the 2011 instructions and verdict form. Because GSK does not object to the reinsertion of the references to proximate cause, the Court will amend the verdict form and jury instructions accordingly.

1    Abbott's second objection relates to the Court's instructions
2 and verdict form question regarding part two of the unfair and
3 deceptive trade practices claim.  Question C.1.b of the verdict
4 form asks whether "Abbott inequitably asserted its power over
5 Norvir by increasing Norvir's price by 400 percent to undermine
6 competition faced by Kaletra from other drugs, including GSK's
7 Lexiva."  Abbott argues that this language permits the jury to
8 find that Abbott engaged in unfair and deceptive trade practices
9 if it finds that Abbott unfairly exercised monopoly power to
10 undermine competition in the marketplace, regardless of whether
11 Abbott specifically targeted Lexiva.  GSK responds that the
12 current language is accurate and permits the jury to find for GSK
13 if it finds that Abbott targeted both Lexiva and Reyataz.  This
14 was a topic of the discussion at the January 7, 2015 pretrial
15 conference and the Court held that the instructions and verdict
16 form need not mention other competitors' drugs.  Language
17 describing part three of the unfair and deceptive trade practices
18 claim has already been revised to reflect that ruling; the Court
19 will now sustain Abbott's second objection and revise part two of
20 this claim to conform the language to the Court's ruling and to
21 language on part three of the claim.

22    Abbott's third objection relates to the Court's omission of
23 Abbott's proposed instruction on detrimental reliance.  As GSK
24 shows in its response, Abbott has previously made this argument
25 and the Court has already considered and rejected it.  The Court
26 thus overrules Abbott's third objection, for the reasons
27 previously stated on the record, including the Court's November
28

2

24, 2014 order denying Abbott's renewed motion for judgment as a matter of law. Docket No. 591.

Final versions of the preliminary jury instructions, the final jury instructions and the verdict form are attached to this order.

Dated: February 20, 2015

_____
CLAUDIA WILKEN
United States District Judge