HUESTON HENNIGAN LLP
Brian Hennigan (SBN 86955)
Moez M. Kaba (SBN 257456)
C. Mitchell Hendy (SBN 282036)
523 W. Sixth St., Suite 400
Los Angeles, CA 90014
Telephone:    (213) 788-4340
Facsimile:    (888) 775-0898
bhennigan@hueston.com;
mkaba@hueston.com;
mhendy@hueston.com

THE LANIER LAW FIRM P.C.
W. Mark Lanier (*pro hac vice*)
6810 FM 1960 West
Houston, Texas 77069
Telephone: (713) 659-5200
Facsimile: (713) 659-2204
wml@lanierlawfirm.com

THE LANIER LAW FIRM P.C.
Lee A. Cirsch (SBN 227668)
10866 Wilshire Blvd., Suite 400
Los Angeles, California 90024
Telephone: (310) 277-5100
Facsimile: (310) 277-5103
lee.cirsch@lanierlawfirm.com

Attorneys for Plaintiff
GLAXOSMITHKLINE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SMITHKLINE BEECHAM CORPORATION, d/b/a GLAXOSMITHKLINE,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ABBOTT LABORATORIES,<br><br>　　　　　Defendant. | Case No. 4:07-cv-05702 (CW)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Judge: Honorable Claudia Wilken<br>Hearing Date: March 19, 2015<br>Time: 2:00 p.m.<br>Location: Courtroom 2 (4th Floor) |

NOTICE IS HEREBY GIVEN that on March 19, 2015, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 2 of the above-referenced Court located at 1301 Clay Street, Oakland, 94612, Plaintiff GlaxoSmithKline (GSK) will, and hereby does, move for leave to amend its Complaint. This motion is noticed for March 19, 2015, per party agreement and to comply with Local Rule 7-2(b); however, GSK requests that the Court in its discretion rule on the motion without a hearing, per Local Rule 7-1(b). Counsel for Abbott has informed counsel for GSK that it does not oppose GSK's request that the Court decide this motion without a hearing.

This motion is brought pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Specifically, GSK moves for leave to amend its complaint to eliminate the first and fourth causes of action identified in its First Amended Complaint. The first cause of action is for violations of the Sherman Act, and the fourth cause of action is for violations of the North Carolina prohibition on monopolization, N.C. Gen. Stat. § 75-2.1. GSK does not seek to add any additional facts, claims, or parties to its complaint or to amend the remaining two causes of action, which are for breach of contract and for violation of the North Carolina Unfair and Deceptive Trade Practices Act (UDTPA), N.C. Gen. Stat. § 75.1-1. GSK believes that eliminating the first and fourth causes of action will streamline the case, and the trial will proceed more efficiently and effectively as a result.

In support of its motion for leave to amend its complaint and pursuant to Civil Local Rule 10-1, GSK includes its Proposed Second Amended Complaint (Exhibit A), Proposed Order Granting Leave to File Amended Complaint (Exhibit B), and a document comparing GSK's First Amended Complaint and Proposed Second Amended Complaint (Exhibit C).

Counsel for GSK has consulted with counsel for Defendant Abbott Laboratories ("Abbott"). Counsel for Abbott has informed counsel for GSK that Abbott does not object to the dismissal of the antitrust claims, while reserving all of its rights and arguments about the consequences of doing so.

## I. GSK SEEKS TO ELIMINATE FEDERAL AND STATE ANTITRUST CLAIMS.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, GSK moves for leave to amend its complaint, as it wishes to dismiss some, but not all, of its claims against Abbott. *Hells*

*Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) ("[W]ithdrawals of individual claims against a given defendant are governed by Fed. R. Civ. P. 15, which addresses amendments to pleadings." (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988)); *see also Gen. Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995) ("[W]e have held that Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims.").

Leave to amend pleadings under Rule 15(a)(2) ought to be granted "with extreme liberality." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *see also Union Pac. R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir.1991) (liberal standard should be applied to amending claims). Here, GSK seeks to amend its complaint to eliminate the antitrust causes of action (the first and fourth) and to proceed to trial on the breach of good faith and fair dealing and North Carolina Unfair and Deceptive Trade Practices Act causes of action (the second and third). GSK believes that amending its complaint in such a manner will streamline the case, conserve the Court's and parties' resources, and result in a more efficient and effective presentation at trial. Courts frequently permit amendment in similar situations. *See, e.g.*, *City of New York v. A-1 Jewelry & Pawn, Inc.*, 247 F.R.D. 296, 306-07 (E.D.N.Y. 2007) ("Because the amendments eliminate claims, they do not require defendants to undertake additional discovery, or respond to new claims, theories, or facts, nor will the proposed amendment delay resolution of the dispute."); *Paglin v. Saztec Int'l, Inc.*, 834 F. Supp. 1184, 1190 (W.D. Mo. 1993) (allowing plaintiff to amend complaint to drop claims in order to "simplify and focus the issues … and expedite the presentation of evidence" and noting that that any prejudice is negated by sparing defendant additional "effort and expense ... [and] the risk of unfavorable judgment"); *Allen v. Nat'l Video, Inc.*, 610 F. Supp. 612, 621 (S.D.N.Y. 1985) (allowing plaintiff to drop claims when "the elements of his cause of action are unchanged, and … all of his theories are based on the same series of transactions and occurrences with which all parties are fully familiar").

Courts consider five factors in considering motions to amend, namely: bad faith, undue delay in the final disposition of the case, prejudice to the opposing party, the futility of

amendment, and previous amendments to the pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *see also Hammes Co. Healthcare, LLC v. Tri-City Healthcare Dist.*, No. 09-CV-2324 JLS CAB, 2011 WL 6182423, at *10-11 (S.D. Cal. Dec. 13, 2011) (applying the liberal standard of Rule 15(a)(2) and granting leave to amend a complaint eliminating one of the claims).  Prejudice is the paramount consideration.  *Eminence Capital*, 316 F.3d at 1052.

As GSK's proposed second amended complaint would *narrow* the scope of the retrial, Abbott will suffer no prejudice through this amendment.  This amendment will require no additional discovery or witnesses, nor will it cause Abbott to incur any additional expense, as GSK does not seek to amend its other claims.  Indeed, GSK's proposed amended complaint will likely *reduce* Abbott's costs, as trial will likely be considerably shorter.  *See, e.g.*, *A-1 Jewelry & Pawn, Inc.*, 247 F.R.D. at 306-07 (allowing amendment to eliminate claims because it would not require additional discovery or undue delay).

Similarly, as GSK proposes only to *reduce* the number of issues in dispute at retrial, this amendment will not cause any delay in the final disposition of the case; the trial will still be completed within the time set by the court, and will require fewer overall trial days.  Granting GSK leave to amend its complaint will preserve judicial resources. *See Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1113 (N.D. Cal. 2002) (citing "impact on judicial economy, judicial resources and the Court's ability to manage cases and control its dockets" as reasons to grant leave to amend a complaint).

GSK proposes this amendment in good faith, as a carefully considered decision about its litigation strategy; there is no attempt to surprise or prejudice Abbott here.  There are several months remaining before trial, and GSK has provided Abbott with notice of its proposed amendment.  Given the "extreme liberality" that the Ninth Circuit uses in granting leave to amend pleadings, and given that GSK seeks only to *eliminate* causes of action without enlarging the

1 | remaining claims, GSK asks that the Court grant leave to amend its complaint as reflected in its
2 | proposed amended complaint (Exhibit A).

4 | Dated: February 27, 2015

/s/ Brian Hennigan
Brian Hennigan
HUESTON HENNIGAN LLP
523 W. Sixth St., Suite 400
Los Angeles, CA 90014
Attorneys for Plaintiff GlaxoSmithKline