James F. Hurst *(Admitted Pro Hac Vice)*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
james.hurst@kirkland.com

Charles B. Klein (*Admitted Pro Hac Vice*)
Matthew A. Campbell (*Admitted Pro Hac Vice*)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC  20007
Telephone:     (202) 282-5000
Facsimile:     (202) 282-5100
cklein@winston.com;
macampbell@winston.com

Jeffrey I. Weinberger (SBN 56214)
Stuart N. Senator (SBN 148009)
Keith R.D. Hamilton (SBN 252115)
Caroline McKay Cunningham (SBN 270927)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Los Angeles, CA  90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702
jeffrey.weinberger@mto.com;
stuart.senator@mto.com;
keith.hamilton@mto.com
caroline.cunningham@mto.com

Counsel for Defendant
ABBOTT LABORATORIES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE,<br><br>Plaintiff,<br><br>vs.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | Case No. C07-5702 (CW)<br><br>**ABBOTT'S OPPOSITION TO MOTION TO MODIFY TRIAL SCHEDULE** |

Abbott opposes GSK's motion to change the trial schedule, which the Court set over three months ago and which Abbott has relied on when arranging the schedules for multiple expert and fact witnesses, including third parties witnesses.   Under the Court's order, the three-week trial is set to begin May 4 and end May 22, 2015.  (11/13/14 Tr. 36-37.)  GSK proposes that trial now begin a week later on May 11 with no trial on May 15—leaving only 9 days of trial.  This request is impractical and should be rejected.  *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("[T]he pretrial scheduling order can only be modified 'upon a showing of good cause.'") (citing, among other authority, Fed. R. Civ. P. 16); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) ("[O]rders 'following a final pretrial conference shall be modified only to prevent manifest injustice.'") (quoting Fed. R. Civ. P. 16).

If the case proceeds to trial without the currently-pending antitrust claim, as GSK has requested, the trial will certainly be shorter.   But Abbott believes it will still require 10-11 trial days.  And GSK itself "expects that the trial will last . . . two weeks, or slightly less" (although it has not identified what witnesses, if any, it intends to drop).  If it does take two weeks, GSK's 9-day proposal could mean the trial will not conclude on May 22.  We see no reason to cut it so close.

If the Court maintains the May 4 trial date, the trial would conclude on or about May 18 or 19 (Abbott does not object to GSK's request to adjourn on May 15).  In addition to ensuring the parties have sufficient time to try this case, this schedule could allow jury deliberations to conclude before the Memorial Day weekend, which begins May 22.

While GSK notes that two of its witnesses have scheduling conflicts, the answer is simply that they testify out-of-order.  GSK has known about the trial date for three months and has provided no explantion for waiting until now to raise these scheduling conflicts.  *Zivkovic*, 302 F.3d at 1087-88 ("Zivkovic's counsel did not seek to modify that order until four months after the court issued the order.  Zivkovic [thus] did not demonstrate diligence in complying with the dates set by the district court, and has not demonstrated 'good cause' for modifying the scheduling order, as required by Fed. R. Civ. P. 16(b).").

1  For these reasons, Abbott respectfully requests that the Court deny GSK's motion to
2  modify the trial schedule.

4  Dated: March 3, 2015

                                      /s/ Charles B. Klein
                                      Charles B. Klein
                                      WINSTON & STRAWN LLP

                                      Attorneys for Abbott Laboratories