HUESTON HENNIGAN LLP
Brian Hennigan (SBN 86955)
Moez M. Kaba (SBN 257456)
C. Mitchell Hendy (SBN 282036)
523 W. Sixth St., Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898
bhennigan@hueston.com;
mkaba@hueston.com;
mhendy@hueston.com

THE LANIER LAW FIRM P.C.
W. Mark Lanier (*pro hac vice*)
6810 FM 1960 West
Houston, Texas 77069
Telephone: (713) 659-5200
Facsimile: (713) 659-2204
wml@lanierlawfirm.com

THE LANIER LAW FIRM P.C.
Lee A. Cirsch (SBN 227668)
10866 Wilshire Blvd., Suite 400
Los Angeles, California 90024
Telephone: (310) 277-5100
Facsimile: (310) 277-5103
lee.cirsch@lanierlawfirm.com

Attorneys for Plaintiff
GLAXOSMITHKLINE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SMITHKLINE BEECHAM CORPORATION, d/b/a GLAXOSMITHKLINE,<br><br>Plaintiff,<br><br>vs.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | Case No. 4:07-cv-05702 (CW)<br><br>**REPLY IN SUPPORT OF GSK'S MOTION TO MODIFY TRIAL SCHEDULE (DOCKET NO. 624)**<br><br>Judge: Honorable Claudia Wilken<br>Hearing Date: March 19, 2015<br>Time: 2:00 p.m.<br>Location: Courtroom 2 (4th Floor) |

Plaintiff GlaxoSmithKline ("GSK") has moved to continue the start of trial by one week, and to adjourn the trial on May 15, 2015 so that GSK's counsel can fulfill his commitment to Pepperdine University School of Law. Defendant Abbott Laboratories ("Abbott") opposes GSK's request to delay the start of trial but does not oppose GSK's request to adjourn the trial date on May 15. GSK respectfully responds to Abbott's opposition:

There is "good cause" for the Court to postpone the trial date by one week (commencing trial on May 11, 2015 rather than May 4, 2015). Fed. R. Civ. P. 16(b)(4) (noting "good cause" standard applies where Court has not entered the final pretrial order).[1] Abbott opposes GSK's request, but has not even claimed that it would suffer prejudice if the Court granted GSK's motion.

"District courts should generally allow amendments of pre-trial orders when 'no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight.'" *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27-28 (9th Cir. 1980) (quoting *Angle v. Sky Chef, Inc.*, 535 F.2d 492, 495 (9th Cir. 1976)); *see also Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996), *as amended* (Jan. 15, 1997) (stating that the Ninth Circuit has "made it clear that district courts should generally allow amendments of pre-trial orders" on showing of the *Campbell* factors); *Almazni v. United Fin. Cas. Co.*, No. 5:14-CV-00975-CAS, 2015 WL 134066, at *2 (C.D. Cal. Jan. 7, 2015) (applying Rule 16(b) and granting a "brief, thirty day continuance" of the trial). Motions to modify the scheduling order may be granted "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

No substantial injury to Abbott: Abbott claims primarily that it "has relied on" the May 4 trial date. But Abbott does not claim that any of its fact or expert witnesses are unavailable to

---

[1] Abbott asserts that the applicable standard for modifying pretrial orders is "manifest injustice" under Fed. R. Civ. P. 16(e). *See* Dkt. No. 625, at 1:8-10 (quoting the discussion of final pretrial orders in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)). However, the manifest injustice standard applies to orders entered "following a final pretrial conference." *Johnson*, 975 F.2d at 608 (citations omitted). As there has been no final pretrial conference in this case, Rule 16(b)(4)'s "good cause" standard applies to GSK's request. Regardless of the standard, GSK's request should be granted.

testify if the trial were to start on May 11, nor does Abbott claim that its counsel has any conflict with the one-week delay. Indeed, even with GSK's modification, the trial will take place almost entirely within the three-week window that the Court has already established and that, as Abbott says, the parties expected. Dkt. No. 625.

<u>Injustice to GSK</u>: By contrast, as discussed in detail in GSK's Motion, two of GSK's key witnesses will be unable to testify during the week of May 4, when trial is currently scheduled to begin. Dr. Prowse will be testifying at an arbitration in New York, and John Keller will be out of the country until May 11. Previously, these witnesses' scheduling conflicts were not significant because GSK did not expect to call them until the week of May 11. However, as GSK has filed an unopposed motion to drop its antitrust claims from the complaint, GSK expects that Dr. Prowse and Mr. Keller will be testifying much earlier in the trial.

Abbott's only response is that GSK could just change the order of its witnesses, but that may not be practical and may well confuse the jury and negatively impact GSK's effective presentation of its case. For example, Dr. Prowse will not be available to testify until some time in the middle of the week of May 11. That is, if the trial begins on May 4, Dr. Prowse would be able to testify no earlier than the 7th or 8th day of what GSK expects to be a ten-day trial, in the middle of Abbott's trial presentation.

<u>Slight inconvenience to the Court</u>: Finally, GSK submits that the inconvenience to the Court will be slight in comparison to the overall reduction in trial time. As Abbott notes, assuming a 10-day trial beginning on May 11 but with a continuance on May 15 will result in the trial ending on Tuesday, May 26. This date was not originally scheduled for trial. However, where the trial was originally scheduled for three weeks of the Court's time, GSK now expects the trial will be approximately 10 days. GSK respectfully submits that this significant reduction in the burden on the Court's time and resources will likely offset any inconvenience for the jury.

1  GSK has shown good cause for modifying the Court's schedule, and Abbott has failed to
2  rebut GSK's showing by identifying any prejudice it faces. GSK respectfully requests that the
3  Court grant the motion.

6  Dated: March 9, 2015

9  /s/ Brian Hennigan
   Brian Hennigan
10 HUESTON HENNIGAN LLP
   523 W. Sixth St., Suite 400
11 Los Angeles, CA 90014
   Attorneys for Plaintiff GlaxoSmithKline

- 3 -
REPLY IN SUPPORT OF GSK'S MOTION TO MODIFY TRIAL SCHEDULE
(DOCKET NO. 624)