IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SMITHKLINE BEECHAM CORPORATION,
d/b/a GLAXOSMITHKLINE,

    Plaintiff,

  v.

ABBOTT LABORATORIES,

    Defendant.
_____/

No. C 07-5702 CW

ORDER MOTIONS IN LIMINE

(Docket Nos. 650 and 656)

    As discussed at the final pre-trial conference, held on April 8, 2015, the Court rules on the parties' motions in limine as follows:

**GSK's Motions in Limine**

1. Preclude Abbott from Introducing Evidence of Kolassa's "Reasonable Market Behavior" or "Reasonable Pricing" Analysis

    DENIED. Kolassa may testify to this analysis, but counsel and Kolassa shall limit their use of the word "reasonable" and Kolassa shall explain what he means by the word "reasonable" during direct examination.

2. Preclude Abbott from Introducing Evidence re Kolassa's Explanation for GSK's Decision to Diminish Lexiva Marketing

    DENIED, except that Kolassa may not opine that Lexiva is clinically inferior.

**Abbott's Motions in Limine**

1. Exclude Dr. Prowse's Damages Opinions

    DENIED.  Dr. Prowse may testify to his damages opinions, but he may not refer to conversations he had with employees after submitting his report as support for the opinions in his reports.

2. Strike Paragraphs 13 and 14 of Dr. Dolan's Supplemental Rebuttal Report

    DENIED.

3. Bar Dr. Siddiqui From Testifying on the Effect of the Price Increase on Lexiva or Prescribing Habits

    DENIED.  Dr. Siddiqui may testify to these subjects as he was permitted to do in the 2011 trial.

4. Bar GSK from Offering Dr. Prowse's Opinion on Restitutionary Damages

    GRANTED.

5. Bar GSK from Referring to GSK and Abbott as "Partners"

    DENIED, but counsel shall limit the use of the word "partner" and clarify the lay meaning of the word "partner" during direct examination.

6. Bar Parties from Using Antitrust Terminology Such as "Monopolist," "Monopoly Power" or "Market Power"

    DENIED, though the parties shall limit their use of such terms.

Finally, during the Final Pretrial Conference, counsel for Abbott provided the Court with a recently-produced GSK report regarding the "Lexiva HC4 Pilot" program.  The report may be germane to GSK's damages and the report indicates that GSK may have undertaken subsequent analysis of the pilot program.  Abbott asked the Court to reopen discovery.  As the Court indicated at

2

the hearing, the Court will reopen discovery to permit Abbott to request expedited production of documents related to the pilot program.

Dated: 04/10/2015

_____
CLAUDIA WILKEN
United States District Judge